IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AAB JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1719C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's first amended complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first and second sentence of paragraph 4 to the extent supported by the solicitation and contract cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first and second sentence of paragraph 4. Denies the third sentence of paragraph 4. Admits the remainder of the allegations contained in paragraph 4 to the extent supported by the solicitation and contract cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first and second sentence of paragraph 4.

5. Admits.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the request for proposals and report cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the report cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the survey cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the cited amendment to the RFP, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the specifications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies allegations contained in the first and second sentence of paragraph 16. Admits the allegations contained in the third sentence of paragraph 16 to the extent supported by the letter cited, which is the best evidence of their contents; otherwise, denies the allegations contained in the third sentence of paragraph 16.

17. Admits that the contractor gave the Government notice as alleged, to the extent supported by the notice cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17.

18. Denies.

19. Defendant incorporates its responses to paragraphs 1 through 18 in response to paragraph 19.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies allegations contained in the first sentence of paragraph 21. Denies the remainder of the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies that it was reasonable for the contractor to contemplate and use the referenced amount for the sale of excess materials in developing its bid price; otherwise, denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies that the contractor encountered differing materials; otherwise, denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. The allegations contained in paragraph 27 are a characterization of plaintiff's claim and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. Denies.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies.

31. Denies.

32. Admits that the contractor submitted a cost proposal and request for equitable adjustment as alleged, to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 32.

33. Admits the allegations contained in the first sentence of paragraph 33 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 33. The allegations contained in the second sentence of paragraph 33 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Admits the allegations contained in paragraph 34 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 34.

35. Admits.

36. Admits the allegation contained in the first sentence of paragraph 36. The allegations contained in the second sentence of paragraph 36 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. Denies the allegations contained in the first sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second and third sentence of paragraph 37 to the extent supported by the change orders and Geotechnical Report cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second and third sentence of paragraph 37. Denies the allegations contained in the fourth sentence of paragraph 37. The allegations contained in the fifth sentences of paragraph 37 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Denies.

39. Denies the allegations contained in the first three sentences of paragraph 39. Admits the allegations contained in the fourth and fifth sentence of paragraph 39 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the fourth and fifth sentence of paragraph 39.

40. Admits.

41. Admits the allegation contained in the first sentence of paragraph 41. The allegations contained in the second sentence of paragraph 41 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

42. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 42, or to any relief whatsoever.

43. Defendant incorporates its responses to paragraphs 1 through 18 in response to paragraph 43.

44. Denies the allegations contained in the first sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 44 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. Denies the allegations contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Denies.

49. Denies.

50. Denies the allegations contained in the second sentence of subparagraph (g) of paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remainder of the allegations contained in paragraph 50.

51. The allegations contained in paragraph 51 are a characterization of plaintiff's claim and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

52. Denies.

53. Denies the allegations contained in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. Denies.

55. Admits that the contractor gave the Government written notice of the contractor's contentions as alleged, to the extent supported by the written notices cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 55.

56. Admits the allegations contained in paragraph 56 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 56. Denies that plaintiff encountered differing site conditions; denies that the

contractor had to bore more piles than anticipated to greater length in poorer quality material, for lack of knowledge or information sufficient to form a belief as to what the contractor anticipated.

57. Admits the allegations contained in the first sentence of paragraph 57 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 57. Admits the allegations contained in the second sentence of paragraph 57. The allegations contained in the third sentence of paragraph 57 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the fourth sentence of paragraph 57, except to admit that the JV revised its claim for the referenced item downward.

58. Admits the allegations contained in paragraph 58 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 58.

59. Admits.

60. Admits the allegation contained in the first sentence of paragraph 60. The allegations contained in the second sentence of paragraph 60 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

61. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 61, or to any relief whatsoever.

62. Defendant incorporates its responses to paragraphs 1 through 18 in response to paragraph 62.

63. Denies the allegations contained in paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.

64. Admits the allegations contained in paragraph 64 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. Denies the allegations contained in paragraph 66 for lack of knowledge or information sufficient to form a belief as to their truth.

67. Denies.

68. Denies.

69. Denies the allegations contained in the second sentence of subparagraph (g) of paragraph 69 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remainder of the allegations contained in paragraph 69.

70. The allegations contained in paragraph 70 are a characterization of plaintiff's claim and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

71. Denies.

72. Denies the allegations contained in paragraph 72 for lack of knowledge or information sufficient to form a belief as to their truth.

73. Denies.

74. Admits that the contractor gave the Government written notice of the contractor's contentions as alleged, to the extent supported by the written notices cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 74.

75. Admits the allegations contained in paragraph 75 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 75. Denies that plaintiff encountered differing site conditions; denies that the contractor had to bore more piles than anticipated to greater length in poorer quality material, for lack of knowledge or information sufficient to form a belief as to what the contractor anticipated.

76. Denies that the contractor submitted a certified claim by letter dated July 8, 2003. To the extent that the reference to July 8, 2003, contained in the first sentence of paragraph 76, was intended was intended as a reference to July 18, 2003, defendant admits the allegations contained in the first sentence of paragraph 76 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 76. Admits the allegations contained in the second sentence of paragraph 76. The allegations contained in the third sentence of paragraph 76 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied Denies the allegation contained in the fourth sentence of paragraph 76, except to admit that the JV revised its claim for the referenced item downward.

77. Admits the allegations contained in paragraph 77 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 77.

78. Admits.

79. Admits the allegation contained in the first sentence of paragraph 79. The allegations contained in the second sentence of paragraph 79 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

80. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 80, or to any relief whatsoever.

81. Defendant incorporates its responses to paragraphs 1 through 18 in response to paragraph 81.

82. Denies the allegations contained in the first sentence of paragraph 82 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 82 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 82.

83. Admits the allegations contained in paragraph 83 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in paragraph 83.

84. Denies the allegations contained in paragraph 84 for lack of knowledge or information sufficient to form a belief as to their truth.

85. Denies the allegations contained in paragraph 85 for lack of knowledge or information sufficient to form a belief as to their truth.

86. Denies.

87. Denies.

88. Denies the allegations contained in the second sentence of subparagraph (g) of paragraph 88 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remainder of the allegations contained in paragraph 88.

89. The allegations contained in paragraph 89 are a characterization of plaintiff's claim and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

90. Denies.

91. Denies the allegations contained in paragraph 91 for lack of knowledge or information sufficient to form a belief as to their truth.

92. Denies.

93. Admits that the contractor gave the Government written notice of the contractor's contentions as alleged, to the extent supported by the written notices cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 93.

94. Admits the allegations contained in paragraph 94 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 94. Denies that plaintiff encountered differing site conditions; denies that the contractor had to bore more piles than anticipated to greater length in poorer quality material, for lack of knowledge or information sufficient to form a belief as to what the contractor anticipated.

95. Denies that the contractor submitted a certified claim by letter dated July 8, 2003. To the extent that the reference to July 8, 2003, contained in the first sentence of paragraph 95, was intended as a reference to July 18, 2003, defendant admits the allegations contained in the first sentence of paragraph 95 to the extent supported by the letter cited, which is the best evidence of

its contents; otherwise, denies the allegations contained in the first sentence of paragraph 95. Admits the allegations contained in the second sentence of paragraph 95. The allegations contained in the third sentence of paragraph 95 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the fourth sentence of paragraph 95, except to admit that the JV revised its claim for the referenced item downward.

96. Admits the allegations contained in paragraph 96 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 96.

97. Admits.

98. Admits the allegation contained in the first sentence of paragraph 98. The allegations contained in the second sentence of paragraph 98 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

99. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 99, or to any relief whatsoever.

100. Defendant incorporates its responses to paragraphs 1 through 18 in response to paragraph 100.

101. Denies the allegations contained in the first sentence of paragraph 101 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 101 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 101.

102. Admits the allegations contained in paragraph 102 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in paragraph 102.

103. Denies the allegations contained in paragraph 103 for lack of knowledge or information sufficient to form a belief as to their truth.

104. Denies the allegations contained in paragraph 104 for lack of knowledge or information sufficient to form a belief as to their truth.

105. Denies.

106. Denies.

107. Denies the allegations contained in the second sentence of subparagraph (g) of paragraph 107 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remainder of the allegations contained in paragraph 107.

108. The allegations contained in paragraph 108 are a characterization of plaintiff's claim and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

109. Denies.

110. Denies the allegations contained in paragraph 109 for lack of knowledge or information sufficient to form a belief as to their truth.

111. Denies.

112. Admits that the contractor gave the Government written notice of the contractor's contentions as alleged, to the extent supported by the written notices cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 112.

113. Admits the allegations contained in paragraph 113 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 113. Denies that plaintiff encountered differing site conditions; denies that the contractor had to bore more piles than anticipated to greater length in poorer quality material, for lack of knowledge or information sufficient to form a belief as to what the contractor anticipated.

114. Denies that the contractor submitted a certified claim by letter dated July 8, 2003. To the extent that the reference to July 8, 2003, contained in the first sentence of paragraph 114, was intended as a reference to July 18, 2003, defendant admits the allegations contained in the first sentence of paragraph 114 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 114. Admits the allegations contained in the second sentence of paragraph 114. The allegations contained in the third sentence of paragraph 114 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the fourth sentence of paragraph 114, except to admit that the JV revised its claim for the referenced item downward.

115. Admits the allegations contained in paragraph 115 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 115.

116. Admits.

117. Admits the allegation contained in the first sentence of paragraph 117. The allegations contained in the second sentence of paragraph 117 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

118. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 118, or to any relief whatsoever.

119. Defendant incorporates its responses to paragraphs 1 through 18 in response to paragraph 119.

120. Denies the allegations contained in the first sentence of paragraph 120 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 120 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 120.

121. Admits the allegations contained in paragraph 121 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in paragraph 121.

122. Denies the allegations contained in paragraph 122 for lack of knowledge or information sufficient to form a belief as to their truth.

123. Denies the allegations contained in paragraph 123 for lack of knowledge or information sufficient to form a belief as to their truth.

124. Denies.

125. Denies.

126. Denies.

127. The allegations contained in paragraph 127 are a characterization of plaintiff's claim and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

128. Denies.

129. Denies the allegations contained in paragraph 129 for lack of knowledge or information sufficient to form a belief as to their truth.

130. Denies.

131. Admits that the contractor gave the Government written notice of the contractor's contentions as alleged, to the extent supported by the written notices cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 131.

132. Admits the allegations contained in paragraph 132 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 132. Denies that plaintiff encountered differing site conditions; denies that the contractor had to bore more piles than anticipated to greater length in poorer quality material, for lack of knowledge or information sufficient to form a belief as to what the contractor anticipated.

133. Admits the allegations contained in the first sentence of paragraph 133 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 133. Admits the allegations contained in the second sentence of paragraph 133. The allegations contained in the third sentence of paragraph 133 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the fourth sentence of paragraph 133, except to admit that the JV revised its claim for the referenced item downward.

134. Admits the allegations contained in paragraph 134 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 134.

135. Admits.

136. Admits the allegation contained in the first sentence of paragraph 136. The allegations contained in the second sentence of paragraph 136 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

137. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 137, or to any relief whatsoever.

138. Defendant incorporates its responses to paragraphs 1 through 18 in response to paragraph 138.

139. Denies the allegations contained in the first sentence of paragraph 139 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 139 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 139.

140. Admits the allegations contained in paragraph 140 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in paragraph 140.

141. Denies the allegations contained in paragraph 141 for lack of knowledge or information sufficient to form a belief as to their truth.

142. Denies the allegations contained in paragraph 142 for lack of knowledge or information sufficient to form a belief as to their truth.

143. Denies.

144. Denies.

145. Denies.

146. The allegations contained in paragraph 146 are a characterization of plaintiff's claim and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

147. Denies.

148. Denies the allegations contained in paragraph 148 for lack of knowledge or information sufficient to form a belief as to their truth.

149. Denies.

150. Admits that the contractor gave the Government written notice of the contractor's contentions as alleged, to the extent supported by the written notices cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 150.

151. Admits the allegations contained in paragraph 151 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 151. Denies that plaintiff encountered differing site conditions; denies that the contractor had to bore more piles than anticipated to greater length in poorer quality material, for lack of knowledge or information sufficient to form a belief as to what the contractor anticipated.

152. Admits the allegations contained in the first sentence of paragraph 152 to the extent supported by the submittal cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 152. Admits the allegations contained in the second sentence of paragraph 152. The allegations contained in the third sentence of paragraph 152 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the fourth sentence of paragraph 152, except to admit that the JV revised its claim for the referenced item downward.

153. Admits the allegations contained in paragraph 153 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 153.

154. Admits.

155. Admits the allegation contained in the first sentence of paragraph 155. The allegations contained in the second sentence of paragraph 155 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

156. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 156, or to any relief whatsoever.

157. Defendant incorporates its responses to paragraphs 1 through 18 in response to paragraph 157.

158. Denies the allegations contained in the first sentence of paragraph 158 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 158 to the extent supported by the Geotechnical

Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 158.

159. Admits the allegations contained in paragraph 159 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in paragraph 159.

160. Denies the allegations contained in paragraph 160 for lack of knowledge or information sufficient to form a belief as to their truth.

161. Denies the allegations contained in paragraph 161 for lack of knowledge or information sufficient to form a belief as to their truth.

162. Denies.

163. Denies.

164. Denies the allegations contained in the second sentence of subparagraph (g) of paragraph 164 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remainder of the allegations contained in paragraph 164.

165. The allegations contained in paragraph 165 are a characterization of plaintiff's claim and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

166. Denies.

167. Denies the allegations contained in paragraph 167 for lack of knowledge or information sufficient to form a belief as to their truth.

168. Denies.

169. Admits that the contractor gave the Government written notice of the contractor's contentions as alleged, to the extent supported by the written notices cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 169.

170. Admits the allegations contained in paragraph 170 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 170. Denies that plaintiff encountered differing site conditions; denies that the contractor had to bore more piles than anticipated to greater length in poorer quality material, for lack of knowledge or information sufficient to form a belief as to what the contractor anticipated.

171. Admits the allegations contained in the first sentence of paragraph 171 to the extent supported by the submittal cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 171. Admits the allegations contained in the second sentence of paragraph 171. The allegations contained in the third sentence of paragraph 171 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the fourth sentence of paragraph 171, except to admit that the JV revised its claim for the referenced item downward.

172. Admits the allegations contained in paragraph 172 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 172.

173. Admits.

174. Admits the allegation contained in the first sentence of paragraph 174. The allegations contained in the second sentence of paragraph 174 are conclusions of law to which no

response is required; to the extent that they may be deemed allegations of fact, they are denied.

175. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 175, or to any relief whatsoever.

176. Defendant incorporates its responses to paragraphs 1 through 18 in response to paragraph 176.

177. Denies the allegations contained in the first sentence of paragraph 177 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 177 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 177.

178. Admits the allegations contained in paragraph 64 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in paragraph 178.

179. Denies the allegations contained in paragraph 179 for lack of knowledge or information sufficient to form a belief as to their truth.

180. Denies the allegations contained in paragraph 180 for lack of knowledge or information sufficient to form a belief as to their truth.

181. Denies.

182. Denies.

183. Denies.

184. The allegations contained in paragraph 184 are a characterization of plaintiff's claim and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

185. Denies.

186. Denies the allegations contained in paragraph 186 for lack of knowledge or information sufficient to form a belief as to their truth.

187. Denies.

188. Admits that the contractor gave the Government written notice of the contractor's contentions as alleged, to the extent supported by the written notices cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 188.

189. Admits the allegations contained in paragraph 189 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 189. Denies that plaintiff encountered differing site conditions; denies that the contractor had to bore more piles than anticipated to greater length in poorer quality material, for lack of knowledge or information sufficient to form a belief as to what the contractor anticipated.

190. Admits the allegations contained in the first sentence of paragraph 190 to the extent supported by the submittal cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 190. Admits the allegations contained in the second sentence of paragraph 190. The allegations contained in the third sentence of paragraph 190 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the fourth

sentence of paragraph 190, except to admit that the JV revised its claim for the referenced item downward.

191. Admits the allegations contained in paragraph 191 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 191.

192. Admits.

193. Admits the allegation contained in the first sentence of paragraph 193. The allegations contained in the second sentence of paragraph 193 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

194. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 194, or to any relief whatsoever.

195. Defendant incorporates its responses to paragraphs 1 through 18 in response to paragraph 195.

196. Denies the allegations contained in the first sentence of paragraph 196 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 196 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 196.

197. Admits the allegations contained in paragraph 197 to the extent supported by the Geotechnical Report cited, which is the evidence of its contents; otherwise, denies the allegations contained in paragraph 197.

198. Denies the allegations contained in paragraph 198 for lack of knowledge or information sufficient to form a belief as to their truth.

199. Denies the allegations contained in paragraph 199 for lack of knowledge or information sufficient to form a belief as to their truth.

200. Denies.

201. Denies.

202. Denies the allegations contained in the second sentence of subparagraph (g) of paragraph 202 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remainder of the allegations contained in paragraph 202.

203. The allegations contained in paragraph 203 are a characterization of plaintiff's claim and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

204. Denies.

205. Denies the allegations contained in paragraph 205 for lack of knowledge or information sufficient to form a belief as to their truth.

206. Denies.

207. Admits that the contractor gave the Government written notice of the contractor's contentions as alleged, to the extent supported by the written notices cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 207.

208. Admits the allegations contained in paragraph 208 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 208. Denies that plaintiff encountered differing site conditions; denies that the

contractor had to bore more piles than anticipated to greater length in poorer quality material, for lack of knowledge or information sufficient to form a belief as to what the contractor anticipated.

209. Admits the allegations contained in the first sentence of paragraph 209 to the extent supported by the submittal cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 209. Admits the allegations contained in the second sentence of paragraph 209. The allegations contained in the third sentence of paragraph 209 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the fourth sentence of paragraph 209, except to admit that the JV revised its claim for the referenced item downward.

210. Admits the allegations contained in paragraph 210 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 210.

211. Admits.

212. Admits the allegation contained in the first sentence of paragraph 212. The allegations contained in the second sentence of paragraph 212 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

213. Denies; denies that plaintiffs are entitled to any of the relief requested in the prayer for relief following paragraph 213, or to any relief whatsoever.

214. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**
OF COUNSEL:

PAUL CHEVERIE
Command Counsel
LAURA SMITH
Deputy District Counsel
Europe District
U.S. Army Corps of Engineers

March 2, 2005