IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1719C<br>(Chief Judge Damich) |

**JOINT PRELIMINARY STATUS REPORT**

The parties, having met on April 12, 2005, respectfully submit the following Joint Preliminary Status Report pursuant to Section III, Appendix A, of the Rules of the United States Court of Federal Claims, and the Court's Standard Special Procedures Order dated January 10, 2005.

a. Jurisdiction: Plaintiff, A.A.B Joint Venture ("AAB"), invokes the Court's jurisdiction based upon 41 U.S.C. § 609(a)(1), which provides that the Joint Venture may bring an action directly on its claim in this Court notwithstanding any contract provision, regulation, or rule of law to the contrary.

The Joint Venture's unqualified certification of the Rolider claim (Paragraph 39 of the Amended Complaint) is sufficient to support exercise of jurisdiction over such claim by this Court. *Dillingham Construction NA, Inc. v. United States*, 33 Fed. Cl. 495, affirmed, 91 F.3d 167 (1996). The failure of the contracting officer to issue or give a date certain for decision on this claim, the claim for excess material disposal (Paragraph 33 of the Amended Complaint) and the claims in Counts II through X, within 60 days after receipt thereof constituted a deemed

denial of the claim, allowing commencement of this action under the Contract Disputes Act, *Sparks v. United States*, 36 Fed. Cl. 488 (1996).

This Court also has jurisdiction based upon 28 U.S.C. § 1491(a)(1) which provides that the United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded upon any express or implied contract with the United States. Jurisdiction is proper under this section since the monetary relief requested is specifically allowed for by the remedy granting clause of the underlying contract. *Cottrell v. United States*, 42 Fed. Cl. 144 (1998).

Plaintiff also believes that the Court has jurisdiction to entertain the claims brought in this case (1) for subgrade replacement in the amount of $412,239 (paragraph 37 of the Amended Complaint), and (2) on behalf of its subcontractor, Biri Barashi Land Works, Development Infrastructure and Roads, Ltd., in the amount of $629,070 (paragraph 38 of the Amended Complaint) since these claims are based on the same set of operative facts and identical contract provisions underlying the remainder of Count I and Counts II through X of the Amended Complaint, which claims were submitted to the contracting officer, who failed within 60 days to issue a timely decision or give a date certain when a decision would be issued. Under such circumstances the Court has jurisdiction to hear and decide the two claims noted herein.

Defendant believes that the Court lacks jurisdiction to entertain the claim brought in this case on behalf of Barashi, because this claim was not certified and presented to the contracting officer for a final decision, that the claims asserted in this case on behalf of Rolider and Barashi are distinct claims, and that any commonality that may exist between these two claims does not constitute a basis for jurisdiction to entertain the Barashi claim

b. Consolidation: Plaintiff requests that this case be consolidated with *A.A.B Joint Venture v. United States of America*, Case No. 04-1792 C, pursuant to RCFC 40.2(a)(1)(A) and (B) because the cases involve the same parties and the same contract and concern the adequacy of the excavation specifications and the geotechnical report prepared by the government. Discovery on the issues in the instant case would involve many of the same documents and individuals as in Case No. 04-1792C. Additionally, these claims are direct cost claims only, not involving any issues pertaining to time extensions to the contract at issue, and discovery would not be duplicative of future discovery in the other cases pertaining to this contract.

Defendant objects to consolidation. Defendant believes that the factual and legal issues presented by Case No. 04-1719C are very different from those in this case. Further, duplicative discovery would not be avoided by consolidation unless all of plaintiffs' claims under the same contract, including claims that may be filed in the future, were to be consolidated.

c. Bifurcation: The parties do not believe that bifurcation is necessary at this time.

d. Deferral: The parties do not believe that further proceedings in this action should be deferred pending consideration of another case before this Court, or any other tribunal. The parties do not believe that there is any basis for transferring or remanding the case to another tribunal. The parties are not aware of any related cases in any other tribunal. There are, however, three cases pending in this Court involving different claims by the same contractor under the same contract. Two cases, *A.A.B Joint Venture v. United States*, 04-1792C and *A.A.B Joint Venture v. United States*, Case No. 05-114C involve claims for monetary relief arising out of the same contract as the instant case. *A.A.B. Joint Venture v. United States*, Case No. 05-466C seeks relief under 41 U.S.C. § 605(c)(4).

e. Remand/Suspension: The parties do not intend to request a remand or a suspension in this case.

f. Additional Parties: The parties do not anticipate joining any additional parties to this lawsuit.

g. Dispositive Motions: Plaintiff does not intend to file a motion for summary judgment pursuant to RCFC 56 but reserves the right to do so after the close of discovery. Defendant intends to file a dispositive motion pursuant to RCFC 12(b)(1) with respect to the Barashi-related claims upon the grounds that they were not certified and presented to the contracting officer for a final decision. Defendant also intends to file a dispositive motion pursuant to RCFC 56 with respect to the remainder of the claims in this case. Defendant has not yet determined, however, to what extent discovery will be required prior to preparing such a motion.

h. Relevant Factual and Legal Issues: Plaintiff states that the relevant factual and legal issues are as follows:

With respect to Count I plaintiff states that the relevant factual and legal issues with respect to the excess material disposal claim set forth in Paragraph 33 of the Amended Complaint are as follows:

1. Whether plaintiff, based upon a reasonable reading of the contract, including the Geotechnical Report, reasonably adjusted its overall bid price for cutting, crushing, filling and loading for removal of the excess materials from the site on the reasonable assumption that the excess material had a good commercial value and could be sold for off-site use.

2. Whether the contractor was allowed access to the site during the bid period.

3. Whether the contractor reasonably relied upon the Geotechnical Report in developing its bid price.

4. Whether the actual subsurface materials encountered differed materially from those indicated in the contract or were unknown physical conditions at the site of an unusual nature, which differed materially from those ordinarily encountered and generally recognized as inhering in work of the character provided for in the contract.

5. Whether the actual subsurface materials encountered had an unexpected high clay content which differed materially from the conditions indicated in the contract, rendering a large portion of the excess material uneconomical for crushing and of no commercial value.

6. Whether the actual materials excavated at the site differed materially from the conditions indicated in the contract such that the excavated materials had to be selected, screened and separated to identify suitable material to crush for on site requirements and resulted in significantly less material that could be sold off site.

7. Whether the excess material that could be sold was substantially less than reasonably anticipated by plaintiff in developing its bid price based upon plaintiff's reasonable interpretation of the contract, including the Geotechnical Report.

8. Whether plaintiff incurred additional costs as a result of the fact that it encountered materials which differed materially from those indicated in the contract.

9. Whether the Geotechnical Report issued by the government was deficient and inaccurate, and, if so, whether the government breached its implied specification warranty or issued a defective specification by issuing this report.

10. Assuming that the government issued specifications which breached its implied warranty and/or were defective, whether this caused plaintiff to incur additional costs which are compensable under FAR 52.243.4, Changes.

11. Assuming the government is liable under either the Differing Site Conditions clause FAR 52.236-2 or the Changes clause FAR 52.243-4 what is the monetary value of the equitable adjustment to which plaintiff is entitled.

Plaintiff states that the relevant factual and legal issues with respect to the subgrade replacement claim set forth in Paragraph 37 of the Amended Complaint are as follows:

1. Whether the contractor was allowed access to the site during the bid period.

2. Whether the contractor reasonably relied upon the Geotechnical Report in developing its bid price.

3. Whether the actual subsurface materials encountered differed materially from those indicated in the contract or were unknown physical conditions at the site of an unusual nature, which differed materially from those ordinarily encountered and generally recognized as inhering in work of the character provided for in the contract.

4. Whether the actual subsurface materials encountered differed materially from the conditions indicated in the contract in that the subgrade material under many of the structures could not be utilized for foundation support.

5. Assuming that plaintiff encountered materials which differed materially from those indicated in the contract , whether plaintiff incurred additional costs as a result.

6. Whether the Geotechnical Report issued by the government was deficient and inaccurate, and, if so, whether the government breached its implied specification warranty or issued a defective specification by issuing this report.

7. Assuming that the government issued specifications which breached its implied warranty and/or were defective, whether this caused plaintiff to incur additional costs which are compensable under FAR 52.243.4, Changes.

8. Assuming the government is liable under either the Differing Site Conditions clause FAR 52.236-2 or the Changes clause FAR 52.243-4 what is the monetary value of the equitable adjustment to which plaintiff is entitled.

Plaintiff states that the relevant factual and legal issues with respect to the Barashi claim set forth in Paragraph 38 of the Amended Complaint are as follows:

1. Whether the contractor was allowed access to the site during the bid period.

2. Whether the contractor reasonably relied upon the Geotechnical Report in developing its bid price.

3. Whether the actual subsurface materials encountered differed materially from those indicated in the contract or were unknown physical conditions at the site of an unusual nature, which differed materially from those ordinarily encountered and generally recognized as inhering in work of the character provided for in the contract.

4. Whether the actual subsurface materials encountered had an unexpected high clay content, differing materially from the conditions indicated in the contract.

5. Assuming that plaintiff encountered materials which differed materially from those indicated in the contract , whether plaintiff incurred additional costs as a result.

6. Whether the Geotechnical Report issued by the government was deficient and inaccurate, and, if so, whether the government breached its implied specification warranty or issued a defective specification by issuing this report.

7. Assuming that the government issued specifications which breached its implied warranty and/or were defective, whether this caused plaintiff to incur additional costs which are compensable under FAR 52.243.4, Changes.

8. Assuming the government is liable under either the Differing Site Conditions clause FAR 52.236-2 or the Changes clause FAR 52.243-4 what is the monetary value of the equitable adjustment to which plaintiff is entitled.

Plaintiff states that the relevant factual and legal issues with respect to the Rolider claim set forth in Paragraph 39 of the Amended Complaint are as follows:

1. Whether the contractor was allowed access to the site during the bid period.

2. Whether the contractor reasonably relied upon the Geotechnical Report in developing its bid price.

3. Whether the actual subsurface materials encountered differed materially from those indicated in the contract or were unknown physical conditions at the site of an unusual nature, which differed materially from those ordinarily encountered and generally recognized as inhering in work of the character provided for in the contract.

4. Whether the actual subsurface materials encountered had an unexpected high clay content differing materially from the conditions indicated in the contract.

5. Assuming that plaintiff encountered materials which differed materially from those indicated in the contract , whether plaintiff incurred additional costs as a result.

6. Whether the Geotechnical Report issued by the government was deficient and inaccurate, and, if so, whether the government breached its implied specification warranty or issued a defective specification by issuing this report.

7. Assuming that the government issued specifications which breached its implied warranty and/or were defective, whether this caused plaintiff to incur additional costs which are compensable under FAR 52.243.4, Changes.

8. Assuming the government is liable under either the Differing Site Conditions clause FAR 52.236-2 or the Changes clause FAR 52.243-4 what is the monetary value of the equitable adjustment to which plaintiff is entitled.

Plaintiff states that the relevant factual and legal issues with respect to Counts II through X are as follows:

1. Whether the contractor reasonably relied upon the contract, including the Geotechnical Report in developing its bid price.

2. Whether the contractor was allowed access to the site during the bid period.

3. Whether plaintiff reasonably concluded from the Geotechnical Report that the subsurface conditions which it would encounter would consist predominantly of good rock, that spread footing foundations could be utilized where indicated in the Geotechnical Report, that it could meet the contract requirements that minimum penetration through rock would be 3 meters, that minimum pile depth would be 4 meters and that the total length of piles for the overall project would be 32,000 meters.

4. Whether the subsurface materials were extremely diverse and contained an unexpected large amount of clay throughout the project site, and, if so, whether the subsurface conditions encountered by plaintiff differed materially from those indicated in the contract

5. Assuming the conditions encountered differed materially from those indicated in the contract, whether an unanticipated poor quality of subsurface materials made it necessary for plaintiff to increase the total length of piles for the overall project from 32,000 meters to 66,000 meters as well as incur other additional costs.

6. Whether plaintiff is entitled to an equitable adjustment under the Differing Site Conditions Clause, FAR 52.236-2, and if so, the amount of the equitable adjustment to which plaintiff is entitled.

7. Whether the Geotechnical Report issued by the government was deficient and inaccurate, and, if so, whether the government breached its implied specification warranty or issued a defective specification by issuing this report.

8. Whether the Geotechnical Report provided by the government was deficient in several material respects, in that it indicated that the contractor could utilize spread footings in certain locations and that the depth of pile would be significantly shorter than was actually required.

9. Assuming the government is liable under either the Differing Site Conditions clause FAR 52.236-2 or the Changes clause FAR 52.243-4 what is the monetary value of the equitable adjustment to which plaintiff is entitled.

Defendant agrees that this case involves the factual and legal issues identified above, but believes that, an additional issue is whether the Court possesses jurisdiction to entertain the Barashi claim.

i. Likelihood of Settlement and Alternative Dispute Resolution: Plaintiff believes that settlement of this dispute is possible and is receptive to using Alternative Dispute Resolution to accomplish the same. Plaintiff believes that either mediation or Court appointed expert/neutral fact finder, conducted by a person with appropriate technical background, may be viable. Utilization of a settlement judge may also be a viable approach. The possibility of settlement would be enhanced by establishing an agreed upon ADR framework which globally addresses all pending matters pertaining to the contract.

Defendant is amenable to ADR, but believes that some fact discovery will be required before ADR can be helpful. Defendant further believes that a ruling as to whether the Court possesses jurisdiction to entertain the Barashi claim must precede any ADR with respect to that claim.

j. See Joint Proposed Scheduling Plan below.

Pursuant to paragraph 5 of Appendix A and paragraph 7(e) of the Court's Standard Special Procedures Order the parties propose the following scheduling plan:

i. The parties do not anticipate joining any additional parties to this lawsuit.

ii. Discovery Plan:

1. The parties have exchanged their initial productions of documents and information.

2. The parties do not believe that a dispositive motion may be filed after conducting limited discovery on a particular issue.

3. The parties do not believe that discovery should be conducted in phases or limited to certain issues.

4. Plaintiff proposes a fact discovery completion date of November 30, 2005 whether or not this case is consolidated with Case No. 04-1792C. The discovery in this case will not be as daunting as Government counsel believes. Plaintiff's counsel is prepared to issue immediate document requests and could begin document inspection by June 2005. Fact depositions could begin in August and be completed by November 2005 as plaintiff proposes. The fact that government counsel has other unrelated litigation obligations is not grounds for delaying discovery and the trial in this case. The schedule proposed by government counsel is not reasonable.

Defendant proposes a completion date of May 28, 2006 in this case, whether or not it is consolidated with Case No. 04-1792C, for the following reasons: First, given the fact that most of the witnesses and documents involved in this case are in Israel, fact discovery will involve substantial travel, scheduling, and logistical challenges, that will make completion of fact discovery in 2005 unrealistic. Second, Government counsel will not be able to devote substantial time to discovery in this case prior to August 2005, and will have only a limited amount of time for this purpose prior to October 2005. Government counsel is the attorney of record in *Grass Valley Terrace v. United States*, Fed. Cl. No. 98-726C, which is scheduled for a two-week trial in Madison, Wisconsin in late July 2005. The pretrial requirements contained in the trial preparation order entered by the Court in that case will occupy the majority of Government counsel's time between now and the trial in that case. Post-trial briefing after July 2005 may also be necessary in that case. Additionally, Government counsel is attorney of record in more than 50 other cases similar to *Grass Valley*. Most of these cases (particularly those filed since 2003) have been stayed pending ADR currently in progress in three of these cases, but ADR efforts in these three cases requires a substantial amount of

Government counsel's time. And, some of the earlier-filed *Grass Valley*-related cases are being actively litigated and have various due-dates over the next few months. At present, these deadlines include service of an expert report and completion of expert discovery on April 29, 2005, and July 29, 2005, respectively, in *Atwood-Leisman v. United States*, Fed. Cl. No. 98-815C; responses to proposed damages calculations of several dozen plaintiffs by June 30, 2005, in *Allegre-Villa v. United States*, Fed. Cl. No. 98-823C; and an appellate brief by May 16, 2005, in 24 cases consolidated with *Franconia Associates v. United States*, No. 97-381C. Government counsel is also scheduled for a two-week trial in New York in September 2005, in *Sea Crest Construction Corp. v. United States,* Fed. Cl. No. 02-261C. Finally, Government counsel is attorney of record for the Government in numerous overtime pay cases filed in this Court at various times from 1990 through early 2005. Pursuant to the rules of this Court and orders entered by the Court in these cases, there are various filings due in the coming months. Also, discovery is in progress in these cases, various claims in these cases are the subject of active settlement negotiations, and substantial time is required to oversee implementation of existing settlements, including one in *Adams v. United States,* Fed. Cl. No. 90-162C, involving back pay for more than 6,000 employees of five agencies.

5. Plaintiff proposes 2:00 p.m. on December 13, December 14 or December 15, 2005 for a status conference after the close of fact discovery. Defendant proposes 2:00 p.m. on June 13, June 14 or June 15, 2006 for a status conference after the close of fact discovery.

6. Motion for Summary Judgment:

a. Plaintiff has not yet determined whether or when a motion for summary judgment would be filed. Defendant intends to file a motion for summary

judgment. Defendant has not yet determined whether or to what extent discovery would be necessary or useful to support such a motion. If defendant determines that such a motion can be filed without prior discovery or after a very limited amount of discovery, the motion will likely be filed by November 15, 2005. Otherwise, the motion will likely be filed no later than 30 days after the close of expert discovery.

b. The legal theory on which a motion for summary judgment would be filed by defendant is that the contract did not contain any express or implied representations that there would be excess material for sale. The loss of expected income from separate transactions, such as sales of excess materials, constitutes remote consequential damages. The loss of such income is not recoverable as a matter of law, under either the Changes or Differing Site Condition clause, unless salvage or similar provisions entitling the contractor to such income are clearly indicated in the contract. That is not the case here.

c. Expert discovery may be required if summary judgment motions are filed. In particular, expert testimony may be necessary concerning interpretation of the Geotechnical Report.

7. Plaintiff proposes that the identity of expert witnesses and their reports will be made as follows: (1) February 1, 2006—plaintiff's expert(s); (2) March 1, 2006—defendant's expert(s); and (3) March 15, 2006—plaintiff's expert rebuttal. Defendant proposes that the identity of expert witnesses and their reports will be made as follows: (1) July 26, 2006—plaintiff's expert(s); (2) August 23, 2006—defendant's expert(s) and (3) September 6, 2006—plaintiff's expert rebuttal.

8. Plaintiff proposes that all expert discovery, including depositions, will be concluded by May 1, 2006. Defendant proposes that all expert discovery, including depositions, will be concluded by November 1, 2006.

9. The parties believe that the presumptive limits of five depositions per side and 25 interrogatories per individual party should not apply to this case.

10. No physical or mental examinations of the parties will be required.

11. Plaintiff believes all discovery should be complete by May 1, 2006. Defendant believes all discovery should be complete by November 1, 2006

iii. Plaintiff believes that the case should reasonably be expected to be ready for trial by July 1, 2006. Defendant believes that the case should reasonably be expected to be ready for trial by January 2, 2007.

iv. The parties estimate that the trial of Case No. 04-1719C will require seven to nine days.

v. Defendant believes that, in the absence of consolidation, the dates it has proposed above should apply, except that, if the Government files a motion for summary judgment by November 15, 2005, the need for discovery may be obviated.

vi. Depending upon the availability and location of witnesses, the trial could be held in either Washington, D.C. or Tel Aviv, Israel. The parties note that it appears that any trial pertaining to this contract will occur substantially after the completion of the contract work. Some of the witnesses, who are presently located in Israel because of responsibilities relating to the contract, may no longer be located there at the time of trial.

k. At this time, the parties are aware of no special issues regarding electronic case management needs. The parties note, however, that early consideration should be given to the

manner of translation of documents from Hebrew to English. The parties have discussed the possibility of utilizing a single translator for all documents that will be used as exhibits in this case.

l. The parties are aware of no other information of which the Court should be aware at this time.

The parties have held the early meeting of counsel on April 12, 2005 and exchanged the lists and other disclosures set out in RCFC 26(a)(1) and Appendix A ¶ 3. The parties have also hereby provided an estimate of the anticipated litigation costs, (1) through the end of discovery; (2) by the end of trial; and (3) through appeal, and certify that each respective estimate of time and cost was provided to each respective party.

Plaintiff estimates its costs through discovery in this case will be $200,000, $300,000 through the end of trial, and $350,000 through appeal. Defendant estimates that its costs through discovery, the end of trial, and through appeal will be approximately the same as those estimated by plaintiff. .

m. The parties propose May 11 (2:00 p.m.); May 12 (10:00 a.m.) or May 13 (10:00 a.m.), for a status conference with the Court.

Respectfully submitted,

Bell, Boyd & Lloyd PLLC

**s/** Brian Cohen

_____________________________

Brian Cohen, Esq.
Bell, Boyd & Lloyd PLLC
1615 L Street, N.W.
Suite 1200
Washington, DC
(202) 955-6823 (phone)
(202) 835-4130 (fax)

*Attorneys for Plaintiffs*

Dated: April 22, 2005

**Filed Electronically**
**With the consent of the**
**Attorney for Defendant**

PETER D. KEISLER
Assistant Attorney General

**s/** David M. Cohen [By Brian Cohen]

_____________________________

DAVID M. COHEN
Director

**s/** Shalom Brilliant [By Brian Cohen]

_____________________________

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

*Attorneys for Defendant*

Dated: April 22, 2005