# In the United States Court of Federal Claims

Nos. 04-1719C and 04-1792C
(NOT CONSOLIDATED)

(Filed: May 13, 2005)

************************************
**A.A.B JOINT VENTURE,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
************************************

## ORDER

As discussed in the status conference held May 12, 2005, the Court hereby ORDERS the following:

1. Cases 04-1719C and 04-1792C will not be consolidated, but discovery in the two cases will proceed in tandem;

2. The deadline for the answer in case 05-466C shall be postponed until **July 8, 2005**, to allow Defendant to file a motion to dismiss in lieu of an answer.

3. Cases 05-114C and 05-466C shall be consolidated, at the request of the parties, after the motion to dismiss discussed in ¶ 5, *infra*, is decided by the Court.

4. On or before **May 19, 2005**, the parties shall submit an appendix to the JPSR, which shall comply with ¶ 7 of the Court's Special Procedures Order. Specifically, the parties shall provide the Court with "documents not previously filed that are relevant to jurisdiction or to disputed facts . . . [including] relevant contractual documents, correspondence between the parties . . . [and] the claim and contracting officer's final decision." Such documents include, but are not limited to, the Request for Proposal (RFP) and any amendments thereto, relevant portions of the contract at issue (including the clause regarding which party has the burden of translation of documents), and the Geotechnical Report.

5. On or before **July 8, 2005**, Defendant shall file its proposed motion to dismiss for lack of jurisdiction regarding (1) the Barashi claims in cases 04-1719C and 04-1792C, and (2) all claims in case 05-466C. Plaintiff's response and Defendant's reply shall follow according to the Rules of the Court.

6. The parties shall complete fact discovery in case 04-1792C on or before **December 15, 2005**, and shall complete fact discovery in case 04-1719C on or before **February 28, 2006**. If more time is needed for fact discovery, either party may so request a month in advance of each deadline and the Court will hold a status conference to decide the issue. However, the Court notes that neither the demands of counsel's schedule nor any difficulty in the translation of documents will be given much weight by the Court, as these issues were discussed at the May 12, 2005 status conference.

7. The parties shall file a joint status report (JSR) on or before **May 26, 2005**, which shall provide the following information: (1) the designation of an agreed-upon translator for documents that are currently in Hebrew and (2) the proposed deadlines for all portions of discovery (except the close of fact discovery) in cases 04-1719C and 04-1792C. If the parties are unable to agree on a translator or a discovery schedule, the parties shall so inform the Court so that a status conference can be held.

8. Each time that the parties and the Court meet for a status conference, the parties shall be prepared to discuss the viability of alternative dispute resolution (ADR). Furthermore, if at any time Plaintiff discusses ADR with Defendant and the parties agree that ADR is appropriate, Plaintiff shall so notify the Court within 14 days.

The Court further notes that, in the status conference, Defendant admitted the following: (1) that the contracting officer's failure to reply in a timely manner to Plaintiff's certified claims regarding Plaintiff and its subcontractor Rolider was a "deemed denial" as defined in the Contract Disputes Act; and (2) that, according to the recollection of Defendant's counsel, the RFP stated that contractors were permitted to rely on the Geotechnical Report.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge