No. 04-1719C
((Chief Judge Damich)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

A.A.B JOINT VENTURE,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

DEFENDANT'S MOTION TO DISMISS

---

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

July 8, 2005

# TABLE OF CONTENTS


DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . 1

Issue Presented . . . . . . . . . . 1

Nature Of The Case . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 3

I. This Court Lacks Jurisdiction to Entertain Claims under the Contract Disputes Act That Were Not Certified and Presented to the Contracting Officer for a Final Decision . . . . . . . . . . 3

II. The Barashi Claim Is a New Claim That Was Not Included in Any Certified and Submitted to the Contracting Officer . . . . . . . . . . 6

A. The Barashi Claim Did Not Arise from the Same Set of Operative Facts as the Claims That Were Submitted to the Contracting Officer . . . . . . . . . . 6

B. For the Court to Entertain the Barashi Claim Despite the Failure to Submit That Claim to the Contracting Officer Would Undermine the Scheme of Adjudication Prescribed by the CDA . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## CASES

AAI Corp. v. United States, 22 Cl. Ct. 541 (1991) . . . . . . . . . . 5, 6

Am. Renovation & Constr. Co. v. United States, 45 Fed. Cl. 44 (1999) . . . . . . . . . . 9

Ball, Ball, & Brosamer, Inc. v. United States, 878 F.2d 1426 (Fed. Cir. 1989) . . . . . . . . . . 11

Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399 (1994) . . . . . . . . . . 3

Cerberonics, Inc. v. United States, 13 Cl. Ct. 415 (1987) . . . . . . . . . . 6

City of Burbank v. United States, 47 Fed. Cl. 261 (2000) . . . . . . . . . . 11

Conley v. Gibson, 355 U.S. 21 (1957) . . . . . . . . . . 2

Cosmic Construction Co. v. United States, 697 F.2d 1389 (Fed. Cir. 1982) . . . . . . . . . . 3

Croman Corp. v. United States, 44 Fed. Cl. 796 (1999) . . . . . . . . . . 9

Dodson Livestock Co. v. United States, 42 Fed. Cl. 455 (1998) . . . . . . . . . . 7

Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd mem., . 758 F.2d 655 (Fed. Cir 1984) . . . . . . . . . . 3

Fidelity Constr. Co. v. United States, 700 F.2d 1379 (Fed. Cir. 1983) . . . . . . . . . . 3

Fischbach & Moore Intern. Corp. v. Christopher, 987 F.2d 759 (Fed. Cir. 1993) . . . . . . . . . . 11

Foley Co. v. United States, 26 Cl. Ct. 936 (1992), aff'd, 11 F.3d 1032 (Fed. Cir. 1993) . . . . . . . . . . 6

Folk Constr. v. United States, 226 Ct. Cl. 602 (1981) . . . . . . . . . . 10

Globex Corp. v. United States,
54 Fed. Cl. 343 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

J. Cooper & Assocs., Inc. v. United States,
47 Fed. Cl. 280 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

J & E Salvage Co. v. United States,
37 Fed. Cl. 256 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

J.F. Shea Co. v. United States, 4 Cl. Ct. 46 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 11

Kiewit Constr. Co. v. United States,
56 Fed. Cl. 414 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

McCauley v. United States,
38 Fed. Cl. 250 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Metric Constructors, Inc. v. United States,
44 Fed. Cl. 513 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 10

Overall Roofing & Constr., Inc. v. United States,
929 F.2d 687 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Paul E. Lehman, Inc. v. United States,
673 F.2d 352 (Ct. Cl. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

Santa Fe Eng'rs Inc. v. United States,
818 F.2d 856 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Scan-Tech Sec. v. United States,
46 Fed. Cl. 326 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Skelly & Loy v. United States,
685 F.2d 414 (Ct. Cl. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

Soriano v. United States,
352 U.S. 270 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SMS Data Prods. Group, Inc. v. United States, 19 Cl. Ct. 612 (1990) . . . . . . . . . . . . . . . . . . . . . 6

Spirit Leveling Contractors v. United States, 19 Cl. Ct. 84, 91 (1989) . . . . . . . . . . . . . . . . . . 6, 10

Tecom, Inc. v. United States,
732 F.2d 935 (Fed. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 11

ThermoCor, Inc. v. United States,
35 Fed. Cl. 480 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 10

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

W.M. Schlosser Co. v. United States,
705 F.2d 1336 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES**

41 U.S.C. § 605(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 10

41 U.S.C. § 605(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Contract Disputes Act, 41 U.S.C. § 605 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**REGULATIONS**

48 C.F.R. § 33.207 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**MISCELLANEOUS**

H.R. Rep No. 102-1006 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1719C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, and the order entered in this case on May 16, 2005, defendant respectfully requests the Court to dismiss plaintiff's claims on behalf of its subcontractor, Biri Barashi Land Works, Development Infrastructure and Roads, Ltd. ("Barashi"), for lack of jurisdiction. In support of this motion, we rely upon the amended complaint[1] and the following brief.

DEFENDANT'S BRIEF

Issue Presented

Whether this Court possesses jurisdiction to entertain plaintiff's claim asserted on behalf of Barashi, which was not certified and presented to the contracting officer for a final decision.

Nature Of The Case

This case concerns a contract between the plaintiff, A.A.B. Joint Venture ("AAB") and the United States Army Corps of Engineers ("USACE"), for the design and construction of a storage and logistics base complex for the Israel Defense Forces. AAB's complaint contains numerous counts alleging differing site conditions. AAB utilized two subcontractors, Rolider,

[1] For the purposes of this motion only, the factual allegations contained in plaintiff's complaint will be treated as true.

Ltd. ("Rolider") and Barashi, to perform the earthwork, including "drilling, blasting, excavation, processing material for fill and fill placement," but retained responsibility for offsite disposal of excess material. Compl. ¶ 15. Rolider and Barashi were assigned to work on different sections of the approximately 4 acre site. Compl. ¶ 4, 15.

In Count I, AAB seeks to recover $11,588,813, Compl. ¶ 42, based upon alleged differing site conditions between those detailed in the Government's Geotechnical Report and those actually encountered, particularly with respect to subsurface conditions. Compl. ¶¶ 16-17. Included in this amount are $629,070 in costs allegedly incurred by Barashi, and $4,037,203 in costs allegedly incurred by Rolider. However, although AAB alleges that it submitted a certified claim to the contracting officer for the costs incurred by Rolider, Compl. ¶ 38, AAB makes no such allegation with respect to Barashi; and, in fact, the claim asserted on Barashi's behalf in the complaint was not submitted to the contracting officer for a decision.[2]

## ARGUMENT

### I. This Court Lacks Jurisdiction to Entertain Claims under the Contract Disputes Act That Were Not Certified and Presented to the Contracting Officer for a Final Decision

This Court may grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997), quoting Conley v. Gibson, 355 U.S. 21, 45-46 (1957)). Although the factual allegations, as pled, must be presumed

[2] Although the amended complaint tacitly concedes that this is so, to avoid any uncertainty we have attached a declaration from the contracting officer expressly stating that he did not receive a claim on behalf of Barashi.

true and viewed in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236-37 (1974), the burden of establishing the Court's jurisdiction falls squarely upon the plaintiff. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); McCauley, 38 Fed. Cl. at 262-63; Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 404 (1994).

It is evident from the allegations contained in the amended complaint that the jurisdictional prerequisites for this Court to entertain the Barashi claims have not been satisfied.

The Court of Federal Claims is a court of limited jurisdiction. Overall Roofing & Constr., Inc. v. United States, 929 F.2d 687 (Fed. Cir. 1991); Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (2002); Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd mem., 758 F.2d 655 (Fed. Cir. 1984). Its jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States, through an act of Congress, has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); Soriano v. United States, 352 U.S. 270, 276 (1957); United States v. Sherwood, 312 U.S. 584, 586 (1941). Any waiver of sovereign immunity, or consent to be sued, must be unequivocally expressed and cannot be implied. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969). Likewise, jurisdiction in this Court must be strictly construed and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980); Cosmic Construction Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982).[3]

---

[3] As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983). "Ambiguities regarding the existence of

(continued...)

AAB invokes the Contract Disputes Act ("CDA"), 41 U.S.C. § 605, as the waiver of sovereign immunity applicable to this case. Compl. ¶ 3. Congress, however, has placed particular conditions upon this waiver. For this Court to possess jurisdiction pursuant to the CDA, a contractor must submit a written claim to the contracting officer, 41 U.S.C. § 605(a), and the contracting officer must issue a final decision on that claim or fail to issue such a decision within the statutorily prescribed period, 41 U.S.C. §§605(c)(5), 609(a)(3). Additionally, for claims exceeding $100,000, the CDA requires that

> [t]he contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 605(c)(1). See also 48 C.F.R. § 33.207.

The Federal Circuit and this Court have repeatedly held that compliance with these requirements is a jurisdictional prerequisite to suit in this Court. Skelly & Loy v. United States, 685 F.2d 414, 417 (Ct. Cl. 1982); J.F. Shea Co. v. United States, 4 Cl. Ct. 46, 54 (1983). See also Santa Fe Eng'rs Inc. v. United States, 818 F.2d 856, 858 (Fed. Cir. 1987) ("It is now elementary that, for claims . . . brought under the Contract Disputes Act of 1978, the claim must be in writing and submitted to the contracting officer for a decision"); Tecom, Inc. v. United States, 732 F.2d 935, 937 (Fed. Cir. 1984) ("Lack of proper certification, where required,

---

[3](...continued)
subject matter jurisdiction must be 'resolved against the assumption of jurisdiction'" Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (2002), quoting Mars Inc. v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368, 1373 (Fed. Cir. 1994).

deprives the contracting officer . . . and this court . . . of jurisdiction to proceed on the claim"); Scan-Tech Sec. v. United States, 46 Fed. Cl. 326 (2000) (dismissing plaintiff's contract-based counts for failure to certify claim in accordance with CDA and noting that "[p]laintiff must adhere to the procedural requirements of the CDA for this court to assume jurisdiction of its claim"); J & E Salvage Co. v. United States, 37 Fed. Cl. 256, 263 (1997) ("Proper certification in compliance with the CDA has long been a jurisdictional requirement in the Court of Federal Claims"); ThermoCor, Inc. v. United States, 35 Fed. Cl. 480, 489 (1996) ("A prerequisite to access to this court is that the claim at issue first be certified and submitted in writing to the contracting officer pursuant to 41 U.S.C. §§ 605(a), 605(c)"); AAI Corp. v. United States, 22 Cl. Ct. 541, 544 (1991) ("Under the [CDA], the Claims Court does not have jurisdiction over claims which a contractor has failed to present to the agency's contracting officer"); Paul E. Lehman, Inc. v. United States, 673 F.2d 352, 355 (Ct. Cl. 1982) ("Unless that [certification] requirement is met, there is simply no claim that the court may review under the [Contract Disputes] Act").

A contractor who files suit after having met this requirement may, under certain circumstances, increase the amount of the relief sought without recertifying or resubmitting the claim, but a new claim my not be brought unless the requirements of certification and submission to the contracting officer have been a satisfied. "When submitting a complaint to this court, a contractor 'may increase the amount of his claim . . . , but may not raise any new claims not presented and certified to the contracting officer.'" J. Cooper & Assocs., Inc. v. United States, 47 Fed. Cl. 280, 284-85 (2000), quoting Santa Fe Eng'rs, 818 F.2d at 858 (citation omitted); accord J.F.Shea Co., 4 Cl. Ct. At 54; Metric Constructors, Inc. v. United

States, 44 Fed. Cl. 513, 518 (1999); ThermoCor, 35 Fed. Cl. at 489; AAI Corp., 22 Cl. Ct. at 544; SMS Data Prods. Group, Inc. v. United States, 19 Cl. Ct. 612, 615 (1990).

Here, AAB seeks damages based upon a new claim that was not first presented to the contracting officer for consideration. Only the claim on behalf of subcontractor Rolider met the certification and submission requirements necessary for jurisdiction. Compl. ¶¶ 38-39. AAB cannot now, with the commencement of this action, include with the Rolider claim an additional claim regarding subcontractor Barashi. AAB's failure to comply with the requirements of the CDA precludes this Court from entertaining this claim.

## II. The Barashi Claim Is a New Claim That Was Not Included in Any Certified and Submitted to the Contracting Officer

### A. The Barashi Claim Did Not Arise from the Same Set of Operative Facts as the Claims That Were Submitted to the Contracting Officer

The test for determining whether a claim is a new claim requiring certification and submission or simply an enlarged claim focuses upon whether the same set of operative facts are at issue. "A new claim is one that does not arise out of the same set of operative facts as the claim submitted to the contracting officer." Cooper J & Assocs., 47 Fed. Cl. at 285, citing Tecom, 732 F.2d at 936-37; Metric Constructors, Inc. v. United States, 44 Fed. Cl. at 518; Foley Co. v. United States, 26 Cl. Ct. 936, 940 (1992), aff'd 11 F.3d 1032 (Fed. Cir. 1993); Spirit Leveling Contractors v. United States, 19 Cl. Ct. 84, 91 (1989); Cerberonics, Inc. v. United States, 13 Cl. Ct. 415, 417-18 (1987).

AAB contends that the Barashi claim arises out of the same operative facts as the Rolider claim because both were related to the "incorrect description of the subsurface materials contained in the Geotechnical Report," Compl. ¶ 38. However, this assertion is based upon a

very loose interpretation of the phrase "the same operative facts." Indeed, this assertion signifies little more than that both claims are differing site condition claims.[4] As such, they present similar issues, but the facts relevant to the resolution of these issues are quite different in the two claims. As this Court observed in Kiewit Constr. Co. v. United States, 56 Fed. Cl. 414, 420 (2003),

> [t]he operative facts supporting a Type I differing site conditions claim filed pursuant to a standard Differing Site Conditions clause include (1) whether conditions indicated in the contract at issue differed materially from conditions encountered by the contractor during performance of the contract; (2) whether conditions actually encountered by the contractor were reasonably unforeseeable based upon all information available to the contractor during the contract bidding; and (3) whether the contractor reasonably relied upon its interpretation of the contract, and was thus damaged from the material variation between expected and encountered conditions.

With respect to each of these three issues, the facts of the Barashi claim and the Rolider claim are different.

First, Rolider and Barashi were working on entirely different areas of a base that occupied approximately 400 acres. Compl. ¶ 4. Barashi “was to perform the earthworks in the southwest section of the site (part of segment 10, segments 11, 67, 78, 89, 91 and Road 17) and Rolider . . . was to perform the work in the northeast section of the site (part of segment 10, segments 12, 23,

---

[4] The fact that in both claims AAB contends that it was misled by the same document -- the Geotechnical Report -- does not obviate the need for submission of the Barashi claim to the contracting officer. See Dodson Livestock Co. v. United States, 42 Fed. Cl. 455, 461 (1998). In Dodson, the plaintiff purchased 18 sheep from the Department of Agriculture and subsequently submitted a certified claim to the contracting officer for breach of an alleged warranty, contending that one of sheep was later determined to have been infected with disease at the time of the sale. After the claim was denied, the plaintiff filed a complaint for breach of warranty in this Court. The Court granted the Government's motion for partial dismissal, holding that, even though the document containing the alleged warranty applied equally to all 18 sheep, jurisdiction to entertain the plaintiff's claims with respect to 17 of the sheep was lacking because no claim as to these sheep had been submitted to the contracting officer.

34, 45, 56 and Ammunition Bunkers)." Compl. ¶ 15. Thus, to adjudicate these claims, the Court would have to look separately at whether the conditions encountered by each of these subcontractors at different sections of the site differed materially from those in the Contract. The question whether the conditions Rolider encountered in the northeast section differed from those indicated by the Contract has little if any bearing upon whether the conditions Barashi encountered in the southwest section differed from those indicated by the Contract. These questions involve entirely different sets of facts.[5]

Second, based upon all information available to the contractor during the contract bidding, what was reasonably foreseeable concerning the site where Barashi worked, is different from what was reasonably foreseeable concerning the site where Rolider worked. Indeed, because the sites were different, the information about the sites was necessarily different. And, even if the information were essentially the same, what may have been unforeseeable to one subcontractor may not have been unforeseeable to the other; Rolider and Barashi's knowledge of subsurface conditions prior to the agreement would have to be examined individually.

Third, in the case of two separate subcontractors, facts establishing reasonable reliance upon the Government's specifications by one subcontractor does not establish reasonable reliance by the other. One subcontractor may have been privy to relevant information about the actual site conditions to which the other was not. One subcontractor's interpretation of the contract and of Government-issued information about site conditions may have differed from that of the other

[5] That claims concerning different segments of the site arise from different sets of facts is tacitly acknowledged by AAB in its amended complaint. There, AAB pleads a series of separate counts concerning additional pile lengths (Counts II through X), which differ from each other principally in that they pertain to different segments.

subcontractor. And, one subcontractor's cost calculations and financial loss would differ from the those of the other subcontractor.

In sum, The facts that pertain to Rolider are entirely distinct from the facts that pertain to Barashi, a completely different subcontractor working on a different area of the site. To adjudicate the Barashi claim, the Court would have to review evidence that is particular to Barashi, and that was not before the contracting officer, such as the specifics of Barashi's actual performance of excavation and removal operations, whether the actual subsurface materials encountered in the areas where Barashi worked differed materially from those in the Contract, whether the site conditions caused Barashi to incur additional costs, what Barashi's additional costs comprised, Barashi's bid and the calculations and assumptions underlying that bid, and the accuracy and reasonableness of its damages. Thus, AAB's claim on behalf of subcontractor Barashi is a new and separate claim from that on behalf of subcontractor Rolider. The failure to certify and submit the Barashi claim to the contracting officer therefore constitutes a jurisdictional bar.

### B. For the Court to Entertain the Barashi Claim Despite the Failure to Submit That Claim to the Contracting Officer Would Undermine the Scheme of Adjudication Prescribed by the CDA

This Court has observed that, in determining what constitutes a new claim requiring submission to the contracting officer for jurisdictional purposes, "the critical test is whether the contracting officer's right to adjudicate the claims is undermined by circumventing his statutory role." Am. Renovation & Constr. Co. v. United States, 45 Fed. Cl. 44, 51 (1999); accord Croman Corp. v. United States, 44 Fed. Cl. 796, 801 (1999) ("A claim cannot be said to arise from the same set of operative facts if adjudication of the claim by the court would 'circumvent[] the statutory role of the contracting officer to receive and pass judgment on the contractor's entire

claim'") (quoting Cerberonics, 13 Cl. Ct. at 418); Metric Constructors, 44 Fed. Cl. at 518; ThermoCor, 35 Fed. Cl. at 489-90.

Here, the contracting officer had no opportunity to consider, much less decide, the Barashi claim. He was only provided notice of Rolider's claim for $4,037,203. If AAB were now claiming merely that the costs incurred by Rolider as a result of the differing site conditions it allegedly encountered were somewhat great than estimated in the claim to the contracting officer, entertaining such an increased claim might not undermine the contracting officer's role in deciding the claim. What AAB seeks to do here, however, is to recover $629,070 in costs allegedly incurred by Barashi as a result of the differing site conditions allegedly encountered in locations where Barashi performed its subcontract. Entertaining this claim without its having first been submitted to the contracting officer would deprive the contracting officer of the opportunity to play any role in the adjudication of this claim.

For this Court to entertain the Barashi claim – a $629,070 claim that has never been certified – would also undermine the purpose of the CDA's certification requirement. That purpose is "to insure that complete, clear, and honest claims are presented to Federal contracting officers, and this requirement remains: Contracting officers are not required to address claims that do not comply with the provisions of 41 U.S.C. § 605." H.R. REP NO. 102-1006, at 28 (1992). The Court has long held that "'[t]he purposes of the certification requirement are to discourage the submission of unwarranted contractor claims and to encourage settlements' as well as confirm that the claim is accurate and complete." Spirit Leveling, 19 Cl. Ct. at 89-90 (1989), quoting Folk Constr. v. United States, 226 Ct. Cl. 602, 604 (1981). In discussing the policy considerations underlying the certification requirement, the Court has stated that "certification plays a serious

role in the statutory scheme because it triggers a contractor's potential liability for fraudulent claims under section 604 of the [Contract Disputes] Act." Skelly & Loy, 685 F.2d at 418 (Ct. Ct. 1982).[6] Certification is required to deter contractors from submitting "inflated claims which cost the government substantial amounts to defeat," Paul E. Lehman, Inc., 673 F.2d at 355; and to assure that contractors honestly, carefully, and thoroughly assess the amount of their claim before submitting it to the contracting officer. J.F. Shea Co., 4 Cl. Ct. at 54. See also Tecom, Inc. v. United States, 732 F.2d at 937 ("the purpose of the certification requirement of the Contract Disputes Act [is] to push contractors into being careful and reasonably precise in the submission of claims to the contracting officer").

If AAB were permitted to pursue the Barashi claim in this Court despite its not having been certified and submitted to the contracting officer, none of the purposes of the certification requirement would be achieved with respect to that claim. In particular, the effect of the certification requirement in discouraging inflated, unwarranted, or fraudulent claims, and in insuring an accurate appraisal of costs by the contractor asserting the claim, would be completely missing from the Barashi claim.

---

[6] See also Fischbach & Moore Intern. Corp. v. Christopher, 987 F.2d 759, 733 (Fed. Cir. 1993); W.M. Schlosser Co. v. United States, 705 F.2d 1336, 1338 (Fed. Cir. 1983); City of Burbank v. United States, 47 Fed. Cl. 261, 271 (2000); Scan-Tech Sec. v. United States, 46 Fed. Cl. 326, 334 (2000); J & E Salvage Co. v. United States, 37 Fed. Cl. 256, 263 (1997) ("Certification also serves to discourage the filing of fraudulent claims") citing Ball, Ball, & Brosamer, Inc. v. United States, 878 F.2d 1426, 1429 (Fed. Cir. 1989).

In sum, the Barashi claim is a $629,070 claim that has neither been certified nor submitted to the contracting officer for a decision, and is based upon a set of operative facts distinct from those underlying the claims that AAB did certify and submit to the contracting officer. Therefore, the Court lacks jurisdiction to entertain the Barashi claim.

CONCLUSION

For the foregoing reasons, the claim asserted by AAB on behalf of Barashi should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

July 8, 2005