IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| A.A.B JOINT VENTURE<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendants. | Case No. 04-1719-C<br>Judge Damich |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims and the Court's order entered on May 16, 2005, Plaintiff A.A.B Joint Venture ("A.A.B") opposes Defendant's Motion to Dismiss for lack of jurisdiction and relies upon the Amended Complaint and the following brief.

## I. NATURE OF THE CASE

Count I of the Amended Complaint seeks additional compensation for the costs associated with the handling and disposal of excavated subgrade material encountered during excavation operations at the project. In summary, Count I alleges that the actual subsurface materials encountered were materially different from those represented in the contract and that A.A.B incurred additional costs in the handling of these excavated materials and the removal of approximately 2,700,000 metric tons of unusable materials from the site (Amended Complaint, ¶ 21); that the actual subsurface materials had an unexpectedly high clay content which rendered a large portion of the excavated materials uneconomical for crushing and use on or off site, thereby requiring offsite removal of over 1,000,000 metric tons of unsuitable materials, as well as unexpected screening to eliminate clay materials (Amended Complaint, ¶ 22); and that the

large amount of unknown and unexpected expansive clay increased the costs for placement of subgrade below foundations that were to be cast on grade, necessitating removal, disposal and replacement of unacceptable subsurface materials (Amended Complaint, ¶ 23). On June 6, 2003 A.A.B submitted its cost proposal for the added cost of excavation earthwork operations because of the aforementioned differing site conditions (Amended Complaint, ¶ 32) and on July 23, 2003 submitted a properly certified claim for the unanticipated costs related to the handling and disposal of excavated material (Amended Complaint, ¶ 33). The Contracting Officer failed within 60 days of receipt of the certified claim to issue a final decision or to notify A.A.B of the time within which a decision would be issued (Amended Complaint, ¶ 35). Since the Contracting Officer failed timely to respond to A.A.B's certified claim, A.A.B was entitled to file the present action (Amended Complaint, ¶ 36). One of A.A.B's subcontractors, Barashi, incurred additional costs of $629,070 due to delay to its operations caused by the need to handle this unanticipated material (Amended Complaint, ¶ 37).

Another subcontractor, Rolider, incurred increased costs in its excavation and fill operations because the aforementioned changed subsurface conditions required Rolider to utilize different methods to excavate and process the subsurface materials. A certified claim on behalf of Rolider was submitted to the Contracting Officer on November 23, 2003 (Amended Complaint, ¶ 39). The Contracting Officer again failed within 60 days of receipt of this certified claim to issue a final decision or to notify A.A.B of the time within which a decision would be issued (Amended Complaint, ¶ 40).

## II. <u>ARGUMENT</u>

A.A.B agrees that the test for determining whether a contractor's claim is a new claim requiring independent certification and submission to the contracting officer or simply an enlarged, subsumed claim depends upon whether the alleged new claim arises from the same set

of operative facts. *J. Cooper and Assocs., Inc. v. United States*, 47 Fed. Cl. 280, 284-85 (2000). In this instance, A.A.B contends that the Barashi claim arises out of the same operative facts that gave rise to the claim that was submitted to the Contracting Officer on June 6, 2003 and subsequently certified to the Contracting Officer on July 23, 2003. Comparison of the facts alleged in the Amended Complaint underlying the certified claim of July 23, 2003 (Amended Complaint, ¶¶ 19-36) with the allegations regarding the Barashi claim (Amended Complaint, ¶ 38) establish that both claims arose out of the same operative facts. That is, the materially different subsurface materials required A.A.B to incur additional costs of sorting, screening and double handling of the excavated materials, including removal of approximately 2,700,000 metric tons of unusable excavated materials from the site; that the high clay content of the material rendered a large portion of the material uneconomical for crushing; and that the large amount of shallow layers and pockets of expansive clay necessitated removal, disposal and replacement of this unsuitable subgrade material. The excavated materials had to be selected, screened and separated to identify suitable materials for onsite requirements, as well as for sale offsite. Barashi, a subcontractor to A.A.B, incurred additional costs of $629,070 because the very same unsuitable material encountered in its work delayed, and thereby increased the costs of, its excavation operations.

In sum, the facts stated in Paragraphs 19 through 36 of the Amended Complaint gave rise to both the certified claim submitted to the Contracting Officer on July 23, 2003 and the claim by Barashi that its operations were delayed. Inasmuch as the Barashi claim arises out of the same operative facts as the certified claim identified in Paragraphs 19 through 36 (i.e., an erroneous description of subsurface materials which required different and more costly handling and disposal of the excavated materials), the Barashi claim finds its genesis from the same set of operative facts as the certified claim submitted on July 23, 2003. Therefore, this Court has

jurisdiction over the Barashi claim identified in paragraph 38. The Barashi costs merely represent an increase in the amount of A.A.B's properly certified claim described in paragraphs 19 through 36 of the Amended Complaint. Such an increase in damages based on the same operative facts does not deprive this court of jurisdiction over the claim based on Barashi's increased costs. *Thermocor, Inc. v. United States*, 35 Fed. Cl. 480, 489 (1996); *Cerebonics, Inc. v. United States*, 13 Cl. Ct. 415, 417 (1987).

Defendant's argument erroneously assumes that the Barashi claim arises out of the same operative facts as the Rolider claim. Defendant is wrong and its argument must, therefore, fail. The mere fact that A.A.B submitted a certified claim on behalf of Rolider neither changes the factual basis for the Barashi claim nor mandates a separate certified submission of the Brashi costs. So long as the same operative facts give rise to the July 23, 2003 certified claim and to the Barashi claim, this Court has jurisdiction to hear both claims. *Thermocor, Inc. v. United States, supra* at 489; *Cerebonics, Inc. v. United States, supra* at 417. As described above, the facts supporting the Barashi claim are the same facts on which A.A.B's July 23, 2003 certified claim rests. Defendant's comparison of the Rolider claim with the Barashi claim ignores this salient and crucial factor. In contrast, as A.A.B contends, the facts in Paragraphs 19 through 36 of the Amended Complaint give rise to Barashi's claim and this Court has jurisdiction over the Barashi claim.

Defendant's argument that entertainment of the Barashi claim would undermine the scheme of adjudication described by the Contract Disputes Act is spurious. Defendant claims that the critical test is whether a contracting officer's right to adjudicate the claims is undermined by circumventing his statutory role, citing *American Renovation and Construction Co. v. United States*, 45 Fed. Cl. 44, 51 (1999). While this statement of law has merit, it truly has no place in the present dispute because the Contracting Officer failed to respond to the certified claims

submitted by A.A.B. As noted in *Thermocor, Inc. v. The United States*, 35 Fed. Cl. 480, a contracting officer who does not address a plaintiff's claim cannot complain that his role would be jeopardized.

A.A.B's inclusion of paragraph 38 in its Amended Complaint did not raise a new claim. The factual basis for the equitable adjustment was submitted in a properly certified claim to the Contracting Officer. While it did not include the Barashi costs in the certified claim of July 23, 2003, A.A.B can still seek the costs incurred by Barashi as part of its previously certified claim. The certified claim sought recovery for the costs of excavation and earthwork operations incurred because of the differing site condition claim. Barashi's costs of $629,070 for the delay costs to its operations in the removal of the unsuitable material arise from the same set of operative facts as A.A.B's claim. This Court has jurisdiction to hear the claim submitted on behalf of Barashi as part of Count I of this action.

WHEREFORE, the foregoing considered, Plaintiff A.A.B Joint Venture requests that Defendant's Motion to Dismiss be denied in its entirety.

Respectfully submitted,

*/s/ Brian Cohen*

Brian Cohen
BELL BOYD & LLOYD, PLLC
1615 L Street, N.W.
Suite 1200
Washington, D.C. 20036
(202) 955-6836
Attorneys for Plaintiff

Of Counsel:

Robert J. Sciaroni, Esq.
Lawrence M. Prosen, Esq.
BELL, BOYD & LLOYD, PLLC
1615 L Street, NW, Suite 1200
Washington, D.C. 20036
(202) 466-6300

Devorah Patt, Esq.
ZELL, GOLDBERG & COMPANY
31 Mishol Hadekalim
Jerusalem 97278 Israel
0-1-1-972-2-571-5030

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Opposition to Defendant's Motion to Dismiss was served by electronic transmission and first class mail this 8th day of August, 2005 on:

Shalom Brilliant, Esq.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 8012
Classification Unit
Washington, D.C. 20530

/s/ Brian Cohen
Brian Cohen