IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1719C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In our moving brief, we established that this Court lacked jurisdiction to entertain the claim asserted by plaintiff, A.A.B. Joint Venture ("AAB"), on behalf of its subcontractor, Biri Barashi Land Works, Development Infrastructure and Roads, Ltd. ("Barashi"), because the claim was not presented to the contracting officer for a final decision. Although AAB seeks $629,070 in costs allegedly incurred by Barashi, Compl. ¶¶ 38-39, in addition to the costs allegedly incurred by AAB and another subcontractor, Rolider, Ltd. ("Rolider"), AAB submitted certified claims to the contracting officer only for its own alleged costs and those of Rolider, but submitted no claim with respect to the Barashi.

In its response, AAB does not dispute that, for this Court to possess jurisdiction to entertain a contract claim pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 605, the claim must first have been submitted by the contractor to the contracting officer and the contracting officer must have either issued a final decision on the claim or failed to have issue such a decision within the statutorily prescribed period, 41 U.S.C. §§ 605(a), 605(c)(5), 609(a)(3). Nor does AAB assert that any of these prerequisites have been met with respect to Barashi.

The gist of AAB's response is that "[t]he Barashi costs merely represent an increase in the amount of A.A.B's properly certified claim described in paragraphs 19 through 36 of the Amended Complaint," and that "[s]uch an increase in damages based on the same operative facts does not deprive this court of jurisdiction over the claim based on Barashi's increased costs." AAB Response 4. This characterization of the Barashi costs, however, is at odds with the allegations in AAB's amended complaint. The amended complaint does not allege that AAB incurred the costs sought in connection with Barashi; it alleges that Barashi incurred these costs, Compl ¶ 38, just as it alleges that Rolider incurred the costs sought in connection with Rolider. Compl ¶ 39. Thus, although the amended complaint does not expressly so state, the claims for the Barashi costs and for the Rolider costs are both "pass-through" claims, and that AAB's standing to assert these claims rests upon it's potential liability to the subcontractors under the terms of their separate subcontract. See W.G. Yates & Sons Constr. Co. v. Caldera, 192 F.3d 987, 991 (Fed. Cir. 1999); E.R. Mitchell Const. Co. v. Danzig, 175 F.3d 1369, 1370 (Fed. Cir. 1999); Severin v. United States, 99 Ct. Cl. 435, 442-44 (1943), cert. denied, 322 U.S. 733 (1944) (denying a sponsored claim because a clause in the subcontract exculpated the contractor from liability to the subcontractor).

Pass-through claims brought by a prime contractor on behalf of its subcontractors are legally and practically distinct from each other and from claims brought by a prime contractor on its own behalf. See Engineered Demolition, Inc. v. United States, 60 Fed. Cl. 822, 831 (2004), where the Court held that a contractor's claim and a subcontractor's claim were separate and independent in nature because proof of one claim would not be sufficient to prove the other and because the claims involved "'separate contracts, embodying separate obligations, between'

different parties." Id., quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4408 at 188 (2d ed. 2002).[1]

Further, the Barashi claim cannot be considered a mere increase in the amount of AAB's own claim even apart from the fact that the former is a pass-through claim for a subcontractor's costs rather than a direct claim for the prime contractor's own costs. As we demonstrated in our moving brief, a claim that was not submitted to the contracting officer cannot be asserted in this Court as part of a claim that was submitted to the contracting officer, unless it arises out of the same set of operative facts as the claim submitted to the contracting officer.[2] In its response, AAB argues that the Barashi claim meets this requirement, based upon a limited common feature: that AAB attributes the additional costs allegedly incurred by Barashi to the same alleged differing site condition relating to subsurface materials. Apart from this feature, however, the claims are quite different.

In particular, the claim AAB submitted to the contracting officer on its own behalf, and to which it now seeks to append the Barashi claim, was "for the unanticipated costs related to the excess material disposal on the site." Compl. ¶ 33. Likewise, all of the allegations in the amended complaint relating to the costs incurred by AAB in connection with this claim concern AAB's activities in connection with excess material disposal. The costs alleged to have been

[1] In Engineered Demolition, the Court relied upon the separateness of the claims as a basis of for holding that the certification requirement of 41 U.S.C. § 605(c)(1) did not apply, because neither claim, by itself, exceeded $100,000. The reason for treating the claims as separate, however, apply equally here.

[2] We further demonstrated that the Barashi claim did not arise from the same operative facts as the Rolider claim. In its response, however, AAB argues that the Barashi claim arises out of the same operative facts as AAB's own claim.

incurred by Barashi, however, are solely costs of delay to Barashi's operations. Compl. ¶ 38. The complaint contains no allegation that Barashi was involved in excess material disposal, nor does it assert delay to AAB's own operations; in fact, delay is not mentioned anywhere in the amended complaint except in connection with the Barashi claim and the Rolider claim. Compl. ¶¶ 38, 39.

We also demonstrated in our moving brief that a claim cannot be said to arise from the same set of operative facts if adjudication of the claim by the Court would circumvent the contracting officer's statutory role under the CDA, and that to entertain the Barashi claim would circumvent that role. AAB, relying upon dicta contained in ThermoCor, Inc. v. United States, 35 Fed. Cl. 480, 489 (1996), argues that this principle does not apply here because the contracting officer did not issue a decision on the Rolider claim. Under AAB's reasoning, a contracting officer's failure to decide one claim would be a basis for bypassing the contracting officer on all arguably related claims, upon the theory that the contracting officer would not have decided those claims anyway. The contracting officer's statutory role in deciding claims, and the requirement that the contractor give the contracting officer the opportunity to decide claims, cannot be dismissed so glibly.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in our moving brief, the claims asserted by AAB on behalf of Barashi should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

August 19, 2005