**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **A.A.B JOINT VENTURE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **No. 04-1719-C**<br>**(Chief Judge Damich)** |

**MOTION FOR ISSUANCE OF REQUESTS**
**<u>FOR INTERNATIONAL JUDICIAL ASSISTANCE</u>**

Plaintiff, A.A.B Joint Venture ("AABJV"), through counsel, hereby requests that this Court issue and file directly with the Israeli Central Authority, the Honorable Brian Zeitman, Director of Courts, State of Israel, for Plaintiff,[1] the attached two Hague Convention Requests for International Judicial Assistance, seeking the production of documents from third parties in Israel, that are relevant to the issues presented in this case.[2] In support of this Motion plaintiff states as follows:

1. This matter involves a claim pursuant to the Contract Disputes Act, 41 U.S.C. §§ 601-613, which arises out of a contract between AABJV and the United States Corps of

[1] If this Motion is granted the Court is respectfully requested to advise counsel that the Court's Order is ready to be released, at which time counsel will transmit to the Court by messenger the required filing fee and a translation of the Order in Hebrew. Based upon Plaintiff's research and discussions with the U.S. Department of State, the enclosed Requests must be issued directly by the Court, with the raised seal of the Court, to the Israeli Central Authority and cannot be served by Plaintiff's counsel.

[2] There are three cases before this Court arising out of the same Project. The other two cases are 04-1719-C and 04-114-C. A similar motion is being filed in Case No. 04-1719-C concurrently herewith.

Engineers ("USACE") for the construction of the Nachshonim Military Storage Base, near Elad, Israel (the "Project").

2. The primary issue in this case involves the adequacy of the Project specifications concerning the subsurface site conditions. Plaintiff's bid was based on a detailed description of subsurface site conditions set forth in the Geotechnical Report on the site. The actual conditions turned out to be materially different than those shown in the Report, and materially different than expected based on conditions elsewhere in the general vicinity of the site.

3. The document requests are directed at (1) Amos Israeli, Tel Aviv, Israel, the author of the Geotechnical Report; (2) Engineering Services, Ltd., consulting engineers involved in the earthworks portion of the Project, which acted as a consultant to the United States Army Corps of Engineers; (3) Geo-Prospect, Ltd., geologists involved in the earthworks portion of the Project, which acted as a consultant to the United States Army Corps of Engineers; (4) Ta-Hal Consultant Engineers, Ltd., the designer for the Infrastructure (Earthworks, Water and Sewage) portion of the Project; and Mr. Rami Kerekesh, a consultant to the MOD and IDF for various aspects of the Project design. Copies of each of the Requests are appended hereto as Exhibits 1 through 5, respectively.

4. Despite having requested the Defendant's assistance in voluntarily securing the production of documents from the aforementioned third parties, Defendant's counsel has informed Plaintiff's counsel that Defendant is unable to do so. As a result, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, the proper procedure is for the Court of the requesting party's country to make a request of the Central Authority of the country of the party to whom the Request is being submitted. The

Central Authority of that country is then charged with responsibility for arranging service of the Request, and to transmit the evidence produced in response to the requesting party.

5. On October 6, 2005, Plaintiff's counsel provided e-mail copies of each of the appended requests in an effort to obtain Defendant's consent to this Motion. As of this date, and despite repeated inquiries by Plaintiff's counsel, Defendant's consent was never provided. As such, this Motion is filed without Defendant's consent.

6. Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, the proper procedure is for the court of the requesting party's country to make a request of the Central Authority of the country of the party to whom the Request is being submitted. The Central Authority of that country is then charged with responsibility for arranging service of the Request, and to transmit the evidence produced in response to the requesting party.

WHEREFORE, Plaintiff A.A.B Joint Venture hereby requests that the Court issue and file directly with the Israeli Central Authority the attached two Hague Convention Requests for International Judicial Assistance (with Hebrew translation and filing fee); that the Court provide its signature and raised seal on each such document pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters; and that this Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

Dated: November 9, 2005

/s/ Brian Cohen

Brian Cohen
BELL, BOYD & LLOYD, PLLC
1615 L Street, NW
Suite 1200
Washington, D.C. 20036

(202) 466-6300
Attorney for Appellant

Of Counsel:

Lawrence M. Prosen, Esq.
Philip C. Jones, Esq.
BELL, BOYD & LLOYD, PLLC
1615 L Street, NW
Suite 1200
Washington, D.C. 20036
(202) 466-6300

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on November 9th, 2005, the foregoing document was E-filed with the Court's ECF system, and that the undersigned understands that Defendant's counsel will be served with electronic copies of the same.

/s/ Brian Cohen______________
Brian Cohen