A-E

**Request for International Judicial Assistance**
**pursuant to the Hague Convention of 18 March 1970**
**on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | |
|---|---|
| 1. Sender: | Honorable Judge Edward J. Damich, Chief Judge<br>United States Court of Federal Claims<br>717 Madison Place<br>Washington, D.C. 20001 |
| 2. Central Authority of the Requested State: | Honorable Brian Zeitman, Director of Courts<br>22 Kanfei Nesharim St.<br>Jerusalem, 95464 Israel<br>Telephone (972) (2) 655-6843<br>Facsimile (972) (2) 655-6846 |
| 3. Person/entity to whom the executed request is to be served upon: | Ta Hal Consultant Engineers, Ltd.<br>54 Even Gviral Street<br>Tel Aviv 64364, Israel |
| **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:** | |
| 4. a. Requesting judicial authority (article 3,a): | Honorable Judge Edward J. Damich, Chief Judge<br>United States Court of Federal Claims<br>717 Madison Place<br>Washington, D.C. 20001 |
| b. To the competent authority of (article 3,a): | The State of Israel |
| c. Name of the case and any identifying number: | A.A.B Joint Venture v. United States, United States Court of Federal Claims, Case No. 1719-C |

| | |
|---|---|
| 5. Name and addresses of the parties and their representatives (including representatives in the requested State) (article 3,b) | |
| a. Plaintiff: | A.A.B Joint Venture<br>P.O. Box 37, Rosh HaAyin, 68100 Israel<br>Attn: Mr. S. Denison Keeney |
| Representatives/Attorneys: | Brian Cohen, Esquire<br>Lawrence M. Prosen, Esquire<br>Philip Clark Jones, Esquire<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>202-955-6834 (telephone)<br>202-955-4117 (facsimile)<br>bcohen@bellboyd.com<br><br>Devorah M. Patt. Adv.<br>P.O. Box 2221<br>Sayvon, Israel<br>972 3 7369844 |
| b. Defendant: | United States of America |
| Representatives/Attorneys: | Shalom Brilliant, Esquire<br>Senior Trial Counsel<br>Commercial Litigation Branch, Civil Division<br>United States Department of Justice<br>Attention: Classification Unit<br>8th Floor, 1100 L Street, N.W.<br>Washington, D.C. 20530 USA<br>202-305-7561 (telephone)<br>202-305-7643 (facsimile)<br>Shalom.Brilliant@usdoj.gov |
| c. Other parties: | None |
| Representatives: | None |

| | |
|---|---|
| 6. a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (article 3,c): | Claim by contractor for equitable adjustment of contract price pursuant to Federal Contract Disputes Act, arising out of construction of Nachshonim Military Storage Base, Elad, Israel. |
| b. Summary of complaint: | Contractor asserts a claim under Contract's Differing Site Conditions clause arising out of material differences between sub-surface conditions described in The Geotechnical Report and actual conditions. |
| c. Summary of defense and counterclaim: | The United States denies liability. |
| d. Other necessary information or documents: | None |
| 7. a. Evidence to be obtained or other judicial act to be performed (article 3,d): | Service of a Subpoena for the Review and Copying of Documents and other Material as set forth in Exhibit A, hereto. |
| b. Purpose of the evidence or judicial act sought: | Discovery in aid of prosecuting the litigation identified above in Block 6. |
| 8. Identity and address of any person to be examined (article 3,e): | None |
| 9. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3,f): * Omit if not applicable | None |
| 10. Documents or other property to be inspected (article 3,g): | See list appended hereto as Exhibit A |
| 11. Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3,h): | None |

| | |
|---|---|
| 12. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (articles 3,i and 9): | All materials to be produced in response to the attached Exhibit A, can be produced at a mutually agreed upon time and location. The recipient of this Documents is requested to contact the Plaintiff's Attorney, identified above in Block 6.a, to arrange for the production of materials sought hereunder. |
| 13. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7): | Please notify Plaintiff's Counsel, Brian Cohen, Esquire, Bell, Boyd & Lloyd PLLC, 1615 L Street, N.W., Suite 1200, Washington, D.C. 20036-5610 USA; 202-955-6834 (telephone), 202-955-4117 (facsimile); bcohen@bellboyd.com, both verbally and in writing immediately upon service of this document upon the party identified in block 3 above. |
| 14. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8): | Not applicable |
| 15. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11,b): | Not applicable |
| 16. The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by:<br><br>DATE OF REQUEST<br><br>SIGNATURE AND RAISED SEAL OF THE REQUESTING AUTHORITY | Plaintiff, A.A.B Joint Venture, care of<br>Brian Cohen, Esquire<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>202-955-6834 (telephone)<br>202-955-4117 (facsimile)<br>bcohen@bellboyd.com<br><br>So requested this 18 day of ~~November, 2005.~~ Jan. 2006<br><br>Edward J. Damich<br>The Honorable Edward J. Damich<br>Chief Judge, United States Court of Federal Claims |

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to the requests set forth under herein.

1. "Defendant," "Government," and/or "USACE" shall mean The United States of America, its departments and agencies, including, but not limited to the U.S. Army Corps of Engineers ("USACE"), its employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf.

2. "You" shall mean the recipient of these requests.

3. "IDF" shall mean Israeli Defense Forces, its officers, directors, employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf.

4. "MOD" shall mean the Israeli Ministry of Defense, its officers, directors, employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf.

5. "A.A.B" shall mean plaintiff A.A.B Joint Venture, its officers, directors, employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf, including such officers, directors, employees, agents, representatives, attorneys, consultants and anyone acting for or on behalf of its constituent members consisting of ABB Susa, Inc., A. Arenson Ltd. and the Baran Group.

6. The "Project" shall mean the Nachshonim Military Storage Base, being constructed by A.A.B for the USACE near Elad, Israel.

7. The "Contract" shall mean Contract No. DACA90-01-C-0043.

8. "Communication" shall mean any form or transmission of information between or among natural persons, corporations, limited liability companies, partnerships, associations or other like entities.

9. As used herein, "documents" means writings, graphs, charts, photographs, phone records, data compilations (from which information can be obtained or translated, if necessary, by A.A.B through detection devices into reasonably usable form), letters, correspondence, memoranda, minutes, notes, contracts, agreements, notes or memoranda of conversations, films, studies, transcripts, microfilm, desk calendars, appointment books, diaries, timesheets, logs, bulletins, circulars, notices, rules, regulations, prospectuses, directions, teletype messages, interoffice communications, reports, company sheets, credit files, evidences of indebtedness, negotiable instruments, telegrams, mailgrams, cables, teletypes, electronic mail images, facsimiles, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, resolutions, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of accounts, bills, vouchers, bank checks, proposals, offers, orders, receipts, invoices, checks, working papers, telephone messages, notebooks, postcards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graph indices, projections, forms, data sheets, electronic media, data processing disks or readable computer-produced interpretations, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disk recordings (audio, video, or computer), computer programs, computer codes or logs or indices, photographs, blueprints, slides, audit reports,

personal interviews, summaries or paraphrases of any of the foregoing or material similar to any of the foregoing, however denominated, whether handwritten, typewritten, printed, copied, microfilmed, or printed by computer on cards or tapes or contained in computers or in any machine readable format.

Any document which contains any additional comment, notation, addition, insertion or marking of any kind of which is not a part of another document within the scope of these requests is to be considered as a separate document.

"Documents" also includes documents in existence, available, or otherwise retrievable, and/or in the custody, possession or control of Defendant, its agents, employees, or attorneys, and includes all documents to which Defendant has access.

10. The singular shall be deemed to include the plural; the plural to include the singular; words in the masculine, feminine, or neutral shall include each of the other genders; and the words "and" and "or" shall be construed conjunctively or disjunctively, all as necessary to make the Document Request inclusive rather than exclusive.

11. As used herein, "concern" and "concerning" include all of the following meanings: relate to, refer to, discuss, state, disclose, reveal, mention, pertain to, suggest, imply, support, summarize, comment on, memorialize, comprise or constitute.

12. If any document requested is no longer available or no longer exists, state the precise reasons for the unavailability or non-existence of the document. If the document was destroyed or lost, describe in detail how the document was lost or destroyed.

13. "Blank-Lehrer" shall mean A. Blank-A. Lehrer Consulting Engineers Ltd., its officers, directors, agents, employees, representatives, independent contractors, attorneys, consultants and anyone acting for or on its behalf.

14. "Geotechnical Report" shall mean the geotechnical report and annexes included in Division 5 of the Contract.

15. "RFP" shall mean the Request for Proposals for the Project.

16. Unless otherwise indicated in the Requests below the documents requested concern the Project.

## SUBJECT MATTER OF REQUESTS

1. All documents concerning communications, written or oral, between you and ILA, MOD, IDF and/or Blank-Lehrer concerning in any way the facts and circumstances involving the design, specifications, or otherwise relating to the Project.

2. All documents concerning any meetings attended by you relating to the Project.

3. All documents concerning any meetings attended by you concerning the Geotechnical Report, subsurface or subgrade design and specifications, and/or actual subsurface or subgrade material and conditions encountered.

4. All documents concerning any analyses of the type and quantity of foundation work, including pilings and footings, performed on the Project.

5. All documents concerning any analyses or review of the excavation work performed on the Project.

6. All documents concerning any analyses, calculations, estimates, take-offs and other like documents regarding A.A.B's excavation operations, including cut and fill operations, piling excavations and foundations excavations, on the Project.

7. All documents, treatises and other documents or materials upon which the Geotechnical Report was based.

8. All documents concerning site surveys, subsurface investigations, subsurface explorations and other like operations performed at any time in the area of the Project.

9. All documents concerning descriptions, measurements, quantity take-offs, logs of the depth of foundation excavations, including footings and/or pilings on the Project, and/or the quantity and composition of the materials excavated on the Project.

10. All documents concerning quality control, inspection, survey and other like activity by or for you concerning the geotechnical conditions, geological conditions, subsurface

conditions, civil engineering, excavation, cut/fill operations and/or foundation work on the Project.

11. All documents concerning differing site conditions and/or claims of differing site conditions on the Project.

12. All documents concerning the use(s) of the Project site prior to the current construction operations under the Contract.

13. All documents concerning bidders' access to the Project site prior to award of the Contract.

14. All documents concerning the quantity, location and depth of exploratory borings on the Project site performed at any time by you, IDF, MOD, ILA, Blank-Lehrer or any other entity.

15. All documents concerning any analyses of the Geotechnical Report performed at any time by you, IDF, MOD, ILA, Blank-Lehrer or any other entity.

16. All documents concerning the design, drawings, specifications, and other documentation concerning the geotechnical, geological and civil engineering work on the Project.

17. All documents concerning any analyses of the design, drawings and specifications for the subgrade work at the Project, including excavation and foundations requirements.

18. All documents concerning any estimates, take-offs, and/or analyses performed by or for you, Blank-Lehrer, IDF, MOD or any other entity concerning the cut and fill operations on the Project.

19. All documents concerning any analyses of available on-site material for grading and excavation operations on the Project.

20. All documents concerning any analyses of anticipated or planned removal of excess soils and excavated material for the Project.

21. All documents concerning any analyses of anticipated import of replacement fill materials for the Project.

22. All documents concerning any industry trade custom or practice regarding the cut and fill operations for the Project.

23. All documents concerning any industry trade custom or practice concerning the disposal of excess excavated material from the Project site.

24. All documents concerning any requirements for a franchise, permit, license or other like document or approval from ILA to export, reuse or sell excavated material from the Project site.

25. All documents concerning ILA requirements concerning disposal, re-use or sale of excavated materials from the Project.

26. All documents concerning requirements of the Contract with regard to the disposal, re-use and/or sale of excavated materials from the Project.

27. All documents concerning any communications, written or oral, between or among you, A.A.B, IDF, MOD and ILA concerning disposal, re-use or sale of excavated materials from the Project

28. All documents concerning any instance when A.A.B excavated excess materials for subgrade foundations on the Project.

29. All documents concerning any excessive excavation by A.A.B on the Project.

30. All documents concerning any communications, written or oral, between or among you, A.A.B, IDF, MOD, ILA or any other entity regarding any excess excavation for subgrade foundation on the Project.

31. All documents concerning loading, pile test loading, foundation design and civil engineering design calculations concerning the Project that were prepared by or for you, IDF, MOD, ILA or any other entity.

32. All documents concerning any failure of A.A.B to comply with the contract requirements for excavation work at the Project.

33. All documents concerning any instance when A.A.B. failed to comply with the Contract with regard to:

a. Excavation;
b. Foundation design;
c. Foundation work;
d. Placement of fill; and/or
e. Disposal of excess material.

34. All documents concerning A.A.B's pile load test operations on the Project.

35. All documents concerning any review and/or analyses of A.A.B's pile load tests for the Project.

36. All documents concerning review and/or analyses of A.A.B's foundation designs or submissions for the Project.

37. All documents concerning A.A.B's foundation designs or submissions for the Project.

38. All documents concerning review and/or analyses of A.A.B's submissions concerning excavation work on the Project.

39. All documents concerning the preparation of the RFP for the Project.

40. All documents used, prepared or analyzed by you in development of the RFP for the Project with regard to subgrade excavation, disposal of excess materials, foundation design and foundation work for the Project.

41. All documents concerning any communications, written or oral, received by you from bidders for the Project.

42. All documents concerning any communications, written or oral, between or among you, IDF, ILA, MOD or any other entity concerning the RFP for the Project with regard

to:

a. Excavation;
b. Foundations;
c. Cut and fill operations;
d. Pilings;
e. Footings;
f. Disposal of excess excavated materials; and/or
g. Sale of excess excavated materials.

43. All documents concerning any analyses by or for you, Blank-Lehrer, IDF, MOD, ILA or any other entity with regard to the subsurface conditions at the Project.

44. All documents concerning any communications, written or oral, between or among you, IDF, MOD, ILA, Blank-Lehrer or any other entity concerning Plaintiff's claims which are the subject matter of this action.

45. All personal diaries, appointment books, desk calendars, field diaries, minutes of meetings, field books or logs, notebooks, daily or other reports, or similar documents concerning the Project.

46. All documents used or developed in preparation of the Geotechnical Report for the Project.

47. All documents concerning any analyses of the geological or subsurface conditions at the Project site.

48. All documents concerning any pre-proposal/bid geological or subsurface explorations of the Project site.

49. All documents concerning the pre-proposal/bid subsurface borings taken at the

Project site.

50. All documents concerning any analysis of pre-proposal/bid subsurface borings taken at the Project site.

51. All documents concerning any communications, written or oral, between or among you, IDF, MOD, ILA or any other entity concerning the pre-proposal/bid subsurface borings taken at the Project site.

52. All documents concerning any analysis or evaluation of the boring logs included n the Geotechnical Report.

53. All documents concerning any pre-proposal/bid communications, written or oral, between you, IDF, MOD, ILA and any other entity regarding the Geotechnical Report.

54. All documents concerning any communications, written or oral, between you, IDF, MOD, ILA, Blank-Lehrer, A.A.B and any other entity concerning any analyses or evaluation of the Geotechnical Report.

55. All documents concerning any pre-proposal/bid communications, written or oral, between USACE, MOD, IDF, ILA, Blank-Lehrer, or any other person or entity regarding:

a. The subsurface or geological conditions at the Project site;
b. The Geotechnical Report;
c. The pre-proposal/bid borings taken at the Project;
d. The adequacy of the Geotechnical Report.

56. All documents concerning any communications, written or oral, among or

between USACE, IDF, ILA, MOD, Blank-Lehrer and any other entity concerning the expected subsurface conditions and/or properties of the subsurface materials and/or rock to be excavated at the Project.

57. All documents concerning any review or analysis of the design of the building foundations on the Project.

58. All documents concerning any communications, written or oral, between or among you, IDF, MOD, ILA, A.A.B, Blank-Lehrer or any other entity regarding the subsurface conditions actually encountered during construction of the Project.

59. All documents concerning any communications, written or oral, between or among you, IDF, ILA, MOD, A.A.B, Blank-Lehrer or any entity concerning the quantity, properties, type and/or classification of materials actually encountered and/or excavated at the Project.

60. All documents concerning any descriptions of materials which were actually excavated at the Project.

61. All documents concerning the excavation operations actually performed at the Project.

62. All documents concerning any review or analysis of the subsurface materials which were actually excavated at the Project.

63. All documents concerning any analysis or comparison of the representations in the Geotechnical Report with the subsurface materials actually encountered at the Project.

64. All communications between you, IDF, Blank-Lehrer and/or any other entity concerning Plaintiff's claims in this action.

65. All documents concerning any analyses of Plaintiff's requests for equitable adjustment for differing site conditions which are the subject of this action.

66. All documents concerning any communications, written or oral, between or among USACE, MOD, IDF, ILA, Blank-Lehrer and any other entity regarding the criteria for preparation at any time of any geotechnical report or geological survey of all or any portion of the Project site, including any such report(s) or survey(s) made after the award of the Contract to A.A.B.

67. All documents concerning any communications, written or oral, between or among USACE, IDF, MOD, ILA, Blank-Lehrer and any other entity regarding criteria for subsurface exploration of all or a portion of the Project site, including any such exploration(s) made after the award of the Contract to A.A.B.

68. All documents concerning any subsurface exploration(s) of all or a portion of the Project site at any time, including any such exploration(s) made after award of the Contract to A.A.B.

69. All documents concerning any actual or alleged deficiency, misstatement or error

in the Geotechnical Report.

70. All documents identified in, or used in preparation of, your answers to Plaintiff's interrogatories in this action.

71. All documents concerning any inspection, survey or visit to the "quarry area north of the site" as identified in Paragraph 3 of the Geotechnical Report.

72. All documents concerning the "[c]onsiderable information about the properties of the rock" that was "collected from the quarry area north of the site," as alleged in Paragraph 3 of the Geotechnical Report.

73. All documents concerning any communications, written of oral, between or among USACE, MOD, IDF, ILA, Blank-Lehrer, and any other entity regarding the "[c]onsiderable information about the properties of the rock" that was "collected from the quarry area north of the site" as alleged in paragraph 3 of the Geotechnical Report.

74. All documents concerning:

a. The requirements for cut and fill operations to attain the design profile/base elevation of the project site;
b. The design profile/base elevation of the Project site;
c. Any change or proposed change to the design profile/base elevation of the Project site;
d. The disposal of excess excavated material from or off the project site;
e. The disposal of excess excavated material to areas on the Project site.

75. All documents concerning any communications, written or oral, among or between USACE, IDF, MOD, ILA, Israeli Ministry of Environment/Authority of Wildlife and Reservations concerning:

a. The requirements for cut and fill operations to attain the design profile/base elevation of the Project site;
b. The design profile/base elevation of the Project site;
c. Any change or proposed change to the design profile/base elevation of the Project site;
d. The disposal of excess excavated material from or off the Project site:
e. The disposal of excess excavated material to areas on the Project site.

76. All documents prepared at any time by or on behalf of USACE, IDF, MOD,

lank-Lehrer and/or any other entity concerning the estimated or actual costs on the Project of:

a. Excavation;
b. Excavation for pilings;
c. Excavation for building foundation footings;
d. Excavation for roads;
e. Installation/placement of pilings;
f. Installation/placement of building foundation footings,
g. Construction of roads; and/or
h. Disposal, use, re-use and/or sale of excess excavated materials.

77. All documents concerning any communications, written or oral, among or between USACE, IDF, MOD, Blank-Lehrer and/or any other entity discussing, evaluating or providing instructions how to prepare a geotechnical report for a 400 acre construction site based on seven bore holes, with most of them located close to the circumference of the site.

78. All documents concerning any communications, written or oral, between or

among USACE, IDF, MOD, Blank-Lehrer and/or any other entity discussing, evaluating and/or providing instruction why there is a need to generate another geotechnical report based on additional bore holes for the Project site for additional building(s) to be added to the Project some time in the future.

79. All documents concerning the use, sale or disposal of excess excavated material

from the Project site.

80. All documents concerning any estimates prepared by or on behalf of USACE, MOD, IDF, ILA, Blank-Lehrer and/or any other entity of:

a. The value of the excess excavated materials that would be available from the Project site; and/or

b. The amount of excess excavated material that would be available from the Project site.

81. All documents concerning any communications between or among USACE, IDF, MOD, ILA, Blank-Lehrer and/or any other entity concerning:

a. The value of excess of excess excavated materials that would be available from the Project site; and/or

b. The amount of excess excavated material that would be available from the Project site.

82. All documents concerning any communications, written or oral, among or between USACE, IDF, ILA, MOD and/or Blank-Lehrer concerning any ILA regulations, restrictions, conditions and/or requirements concerning the use, sale, and/or disposal of excess excavated material from the Project site.

83. All documents concerning any ILA regulations, restrictions, conditions and/or requirements concerning the use, sale and/or disposal of excess excavated material from the Project site.

84. All documents concerning any fees, payments, licenses, royalties or taxes which

you allege are owed to ILA, MOD or IDF for excess excavated materials removed by A.A.B from the Project site.

85. All documents concerning any communications, written or oral, between or among USACE, MOD, IDF, ILA, Blank-Lehrer and/or any other entity concerning any fees, payments, licenses, royalties or taxes which you allege are owed to ILA, MOD or IDF for excess excavated materials removed by A.A.B from the Project site.

86. All documents concerning any estimate(s) prepared at any time of the fees, payments, licenses, royalties or taxes which you allege are owed or could be owed to ILA, MOD or IDF for excess excavated materials removed by A.A.B from the Project site.

87. All documents concerning any communications, written or oral, at any time between USACE and the other bidders who submitted a proposal in response to the RFP for the Project, including any communications which occurred at any time after award of the Contract to A.A.B.

88. All documents which was prepared by any of the bidders who submitted a proposal in response to the RFP for the project and which was received by USACE after award of the Contract to A.A.B.

89. All photographs, whether black and white or color, of the core borings that are included in the Geotechnical Report.

90. All documents concerning any pre-bid meeting at the Project site.

91. All documents prepared at any time by or on behalf of USACE, IDF, MOD, Blank-Lehrer and/or any other entity concerning the costs of (1) excavation, (2) excavation for pilings, (3) excavation for footings, (4) excavation for roads, (5) installation/placement of

pilings, (6) installation/placement of footings, (7) installation of roads, and/or (8) disposal of excess excavated materials for the Project.

# CERTIFICATE OF TRANSLATION

I, Yuval Rosen, bearer of Israeli Identity Document No. 054757828, of 27 Soutine Street, Tel Aviv, Israel, HEREBY DECLARE AND CERTIFY as follows:

1. I was admitted as an Advocate of the Israel Bar on 31st May 1994 and I am proficient in both the English and Hebrew languages.

2. I am self-employed as legal counsel and translator and specialise in the translation of legal documentation.

3. I have extensive experience in both the drafting and translation of legal documentation.

4. In the course of my employment as aforesaid, I translated the English documentation annexed hereto and marked "A-E" into Hebrew to the best of my ability, and my interpretation and translation of the said documentation, which is annexed hereto and marked "A-H", is, to the best of my knowledge and belief, reasonable and accurate.

AS WITNESS my hand this 19th day of December 2005

Yuval Rosen

Yuval Rosen, Adv.

יובל רוזן, עו"ד
מ.ר. 16485
רחי סוטין 27 ת"א 64684
טל: 03-5464596 פקס: 03-5291456

A-H

**בקשה לעזרה משפטית בין מדינות**
**בהתאם לאמנה בדבר גביית ראיות בחוץ לארץ בעניינים אזרחיים או מסחריים**
**שנחתמה בהאג ביום 18 במארס 1970**

| | |
|---|---|
| 1. השולח: | כב' השופט אדוארד ג'יי דאמיך, שופט ראשי<br>בית המשפט של ארצות הברית לתביעות פדראליות<br>717 Madison Place<br>Washington, D.C. 20001 |
| 2. הרשות המרכזית של המדינה המתבקשת: | מר בריאן זייטמן הנכבד, הנהלת בתי המשפט<br>רח' כנפי נשרים 22<br>ירושלים 95464, ישראל<br>טלפון 655-6843 (2) (972)<br>פקסימיליה 655-6846 (2) (972) |
| 3. האדם / הגוף שיש להמציא לו את הבקשה החתומה: | תה"ל מהנדסים יועצים בע"מ<br>רח' אבן גבירול 54<br>תל אביב 64364, ישראל |
| **בהתאם לסעיף 3 של האמנה, מתכבד המבקש החתום מטה להגיש את הבקשה המפורטת להלן:** | |
| 4. א. הרשות המשפטית המבקשת (סעיף 3, א): | כב' השופט אדוארד ג'יי דאמיך, שופט ראשי<br>בית המשפט של ארצות הברית לתביעות פדראליות<br>717 Madison Place<br>Washington, D.C. 20001 |
| ב. אל הרשות המוסמכת של (סעיף 3, א): | מדינת ישראל |
| ג. שם התיק וכל מספר מזהה: | א. א. ב. מיזם משותף נ' ארצות הברית, בית המשפט של ארצות הברית לתביעות פדראליות, תיק מס' 1719-C |

| | |
|---|---|
| 5. שמות הצדדים ונציגיהם ומעניהם (לרבות נציגים במדינה המתבקשת) (סעיף 3. ב) | |
| א. התובע: | א. א. ב. מיזם משותף<br>ת"ד 37, ראש העין, 68100, ישראל<br>לידיעת: מר ס. דניסון קיני |
| נציגים / באי כח: | בריאן כהן, עורך דין<br>לורנס מ. פרוסן, עורך דין<br>פיליפ קלארק ג'ונס, עורך דין<br>בל, בויד ולויד, משרד עורכי דין<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>טלפון: 202-955-6834<br>פקסימיליה: 202-955-4117<br>bcohen@bellboyd.com<br><br>דבורה מ. פת, עורכת דין<br>ת"ד 2221<br>סביון, ישראל<br>972 3 7369844 |
| ב. הנתבע: | ארצות הברית של אמריקה |
| נציגים / באי כח: | שלום בריליאנט, עורך דין<br>עורך דין בכיר המנהל את התיק בבית המשפט<br>המחלקה לליטיגציה בעניינים מסחריים, תטיבה אזרחית<br>משרד המשפטים של ארצות הברית<br>לידיעת: יחידת הסיווג<br>8th Floor, 1100 L Street, N.W.<br>Washington, D.C. 20530 USA<br>טלפון: 202-305-7561<br>פקסימיליה: 202-305-7643<br>Shalom.Brilliant@usdoj.gov |
| ג. צדדים אחרים: | אין |
| נציגים: | אין |

| | |
|---|---|
| 6. א. אופי ההליכים (גירושים, הורות, הפרת חוזה, אחריות בגין מוצרים פגומים וכו') (סעיף 3, ג): | תביעה של קבלן לביצוע התאמה מן הצדק במחיר חוזי בהתאם לחוק בעניין סכסוכים בהסכמים פדראליים, הנובעת מבניית בסיס מחסני חירום צבאיים נחשונים, באלעד, ישראל. |
| ב. תקציר התביעה | הקבלן הגיש תביעה לפי סעיף בהסכם העוסק בתנאים משתנים באתר, וטוען להבדלים מהותיים הנובעים בין תנאי תת הקרקע המתוארים בסקר הגיאוטכני לבין התנאים בפועל. |
| ג. תקציר ההגנה והתביעה שכנגד | ארצות הברית טוענת שלא חלה עליה אחריות. |
| ד. מידע או מסמכים נחוצים אחרים: | אין |
| 7. א. הראיות שיש לגבות או הפעולה המשפטית האחרת שיש לבצע (סעיף 3, ד): | המצאת צו לעיון במסמכים והעתקה של מסמכים וחומר אחר, כפי שמפורט בנספח א לבקשה זו. |
| ב. מטרת הראיות או הפעולה המשפטית המבוקשת: | צו גילוי מסמכים על מנת לסייע בניהול ההתדיינות המפורטת בתיבה 6 לעיל. |
| 8. זהותו וכתובתו של כל אדם שיש לחקור (סעיף 3, ה): | אין |
| 9. שאלות שיש לשאול את האנשים שיש לחקור או פירוט הנושא שבו יש לחקור אותם (סעיף 3, ו):<br><br>* יש למחוק אם אינו חל. | אין |
| 10. מסמכים או חפצים אחרים שיש לבדוק (סעיף 3, ז): | ר' רשימה המצורפת לבקשה זו כנספח א. |
| 11. כל דרישה לגביית הראיות בשבועה, בהן צדק או בכל צורה מיוחדת אחרת (סעיף 3, ח): | אין |
| 12. דרך או נוהל מיוחדים לביצוע הבקשה (לדוגמא, בעל פה או בכתב, רישום מילולי, תעתיק או תקציר, חקירה נגדית וכו') (סעיף 3, ט ו – 9): | כל החומרים שיש להמציא בתשובה לנספח א המצורף, אפשר להמציא במקום וזמן שיוסכם עליהם בין הצדדים. מקבל מסמכים אלה מתבקש ליצור קשר עם בא כח התובע, שפרטיו מופיעים לעיל בתיבה 6. א. על מנת להסדיר ולתאם את המצאת החומרים שהתבקשו במסגרת בקשה זו. |

85837/F/1

| | |
|---|---|
| 13.בקשה להודעה על המקום והזמן לביצוע הבקשה וזהות וכתובת של כל אדם שיש להודיע לו (סעיף 7): | נא להודיע לבא כח התובע, בריאן כהן, עורך דין, Bell, Boyd & Lloyd PLLC, 1615 L Street, N.W., Suite 1200, Washington, D.C. 20036-5610 USA; טלפון 202-955-6834; פקסימיליה 202-955-4117; bcohen@bellboyd.com; הן בכתב והן בעל פה מייד עם המצאת מסמך זה לצד הנקוב בתיבה 3 לעיל. |
| 14.בקשה להתייצבות או השתתפות של נציגים של הרשות המבקשת בביצוע מכתב הבקשה (סעיף 8): | אינו חל |
| 15.פירוט חיסיון או חובה לסרב להעיד לפי חוקי מדינת המקור (סעיף 11, ב): | אינו חל |
| 16.המיסים וההוצאות המזכים בקבלת החזר בהתאם לפסקה השניה של סעיף 14 או בהתאם לסעיף 26 של האמנה, יכוסו על ידי: | התובע א. א. ב. מיזם משותף, באחריותו של<br>בריאן כהן, עורך דין<br>בל, בויד ולויד, משרד עורכי דין<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>טלפון: 202-955-6834<br>פקסימיליה: 202-955-4117<br>bcohen@bellboyd.com |
| **תאריך הבקשה** | זו הבקשה, היום ה - _____ לנובמבר, 2005. |
| **חתימה וחותם בלט של הרשות המבקשת** | ______________________________<br>כב' השופט אדוארד ג'יי. דאמיך<br>שופט ראשי, בית המשפט של ארצות הברית לתביעות פדראליות |

## נספח א

## הגדרות והוראות

ההגדרות וההוראות אשר מפורטות להלן חלות על הבקשות המפורטות בגוף הבקשה.

1. "נתבע", "ממשלה", ו/ או "חיל ההנדסה של צבא ארצות הברית" (USACE) - פירושם, ארצות הברית של אמריקה, משרדי הממשלה שלה וסוכנויותיה, לרבות אך לא רק, חיל ההנדסה של צבא ארצות הברית (USACE), עובדיו, שליחיו, נציגיו, באי כוחו, הקבלנים העצמאיים שלו, יועציו וכל מי שפועל עבורו או בשמו.

2. "אתה" – פירושו, מקבל בקשות אלה.

3. "צה"ל" – פירושו, צבא ההגנה לישראל, קציניו, מנהליו, עובדיו, שליחיו, נציגיו, באי כוחו, הקבלנים העצמאיים שלו, יועציו וכל מי שפועל עבורו או בשמו.

4. "משרד הביטחון" – פירושו, משרד הביטחון של מדינת ישראל, פקידיו, מנהליו, עובדיו, שליחיו, נציגיו, באי כוחו, הקבלנים העצמאיים שלו, יועציו וכל מי שפועל עבורו או בשמו.

5. "א. א. ב." – פירושו, התובע א. א. ב. מיזם משותף, נושאי המשרה שלו, מנהליו, עובדיו, שליחיו, נציגיו, באי כוחו, הקבלנים העצמאיים שלו, יועציו וכל מי שפועל בשמו או עבורו, לרבות נושאי משרה, דירקטורים, עובדים, שליחים, נציגים, באי כח, יועצים וכל מי שפועל בשמו או עבורו, או החברים המשתתפים בו, הכוללים את א.ב.ב. סוסה, א. ארנסון בע"מ, וקבוצת ברן.

6. ה"פרויקט" – פירושו, בסיס מחסני חירום צבאיים בנחשונים, שנבנה על ידי א. א. ב. מטעם חיל ההנדסה של צבא ארצות הברית, ליד אלעד, ישראל.

7. ה"הסכם" – פירושו, הסכם מס' DACA90-01-C-0043 .

8. "תקשורת" – פירושה, כל צורה של העברת מידע בין אנשים טבעיים, תאגידים, חברות בערבון מוגבל, שותפויות, אגודות או גופים דומים אחרים.

9. כמשמעותם במסמך זה "מסמכים" – פירושם, כתבים, תרשימים, גראפים, תמונות, רישומי טלפון, חיבורים של נתונים (שא. א. ב. יכולה לחלץ או לתרגם מתוכם מידע, במידת הצורך, הניתן לשימוש בצורה סבירה, באמצעות מכשירי גילוי), מכתבים, התכתבויות, מזכרים, פרוטוקולים, פתקים,

הסכמים, חוזים, הערות או תזכירים שנרשמו בעקבות שיחות, סרטים, סקרים, תעתיקים, מיקרופילמים, לוחות שנה שולחניים, ספרי פגישות, יומנים יומיים, לוחות זמנים, יומנים, עלונים, חוזרים, הודעות, כללים, תקנות, תשקיפים, הנחיות, הודעות טלפרינטר, תקשורת פנים משרדית, דוחות, גיליונות של החברה, תיקי אשראי, ראיות לחוב, מסמכים סחירים, מברקים, מברקי דואר, מברקים המועברים בכבלים או בטלפרינטרים, תדפיסים של דואר אלקטרוני, פקסימיליה, ספרים, מהדורות חדשות, עיתונים, ביטאונים, פרסומות, כתבי עת, חוברות, תרשימים, שרטוטים, דוחות, תקנוני התאגדות, חוקי עזר, החלטות, הנחיות, פרוטוקולים של פגישות, מאזנים, דוחות רווח והפסד, דוחות הכנסות והוצאות, רשימות מלאי, תקציבי תפעול, גיליונות חישוב חשבונאיים, דוחות כספיים, ספרי העברת מניות, יומנים, יומנים יומיים, ספרי חשבונות, שטרות, שוברים, המחאות בנקאיות, הצעות, הזמנות, פקודות, קבלות, חשבונות, שיקים, ניירות עבודה, הודעות טלפוניות, פנקסים, גלויות, הערכות, המלצות, דיווחים שנתיים, אישורים, הסכמי שכירות, ניתוחים, סקרי שוק או התכנות, בקשות או פקודות להחזרי הוצאות ותשלומים, טבלאות, מפתחות של תרשימים, תחזיות, טפסים, גיליונות נתונים, מדיה אלקטרונית, דיסקים של נתונים מעובדים או פרשנויות שהופקו במחשב וניתנות לקריאה, חוברות, מאמרים, ספרי הדרכה, נאומים, הערות שנרשמו בקצרנות, מפות, סקרים, ניסויים, מדידות, מברקים, סלילי הקלטה והקלטות על גבי דיסקים (באודיו, וידאו או מחשב), תוכניות מחשב, קודים, יומנים ומפתחות של מחשבים, תצלומים, העתקות שמש, שקופיות, דוחות ביקורת, ראיונות אישיים, תקצירים או סיכומים לא מדויקים מילולית של כל אחד מן החומרים אשר נזכרו לעיל או אשר דומים לכל אחד מן הפריטים אשר נזכרו לעיל, ללא קשר לשמם, בין אם נכתבו ביד, הודפסו במכונת כתיבה או מדפסת, בדפוס, בהעתקה, במיקרופילם, או שהודפסו על ידי מחשב על כרטיסים או סרטים, או נמצאים בתוך מחשבים או בכל מתכונת הניתנת לקריאה על ידי מכונה.

מסמך המכיל הערות, ציונים, תוספות, חומר נוסף ששולב לתוכו או סימונים מכל סוג, אשר אינם מהווים חלק ממסמך אחר הנכלל במסגרת בקשה זו ייחשב כמסמך נפרד.

"מסמכים" – במשמע גם מסמכים קיימים, אפשריים או מסמכים הניתנים לאחזור באופן אחר, ו/או מסמכים הנמצאים במשמורתם, בחזקתם או בשליטתם של הנתבע, שליחיו, עובדיו או באי כוחו, ולרבות כל מסמך שלנתבע יש גישה אליו.

10. צורת היחיד כוללת את צורת הרבים וצורת הרבים כוללת את צורת היחיד; מילים במגדר זכר, נקבה או מגדר ניטרלי, יכללו כל אחד מהמגדרים האחרים; והמילים "ו" ו– "או" יתפרשו באופן קוניונטיבי או דיסיונקטיבי, הכל כפי שנדרש על מנת שבקשה זו למסמכים תהיה כוללת כל ולא מסייגת או מגבילה.

11. המילים "בנוגע" ו - "נוגע ל" כוללות את כל המובנים אשר מפורטים להלן: להתייחס ל, לאזכר את, לדון ב, לומר, לגלות, לחשוף, להזכיר, להשתייך ל, לרמז או להציע, להשתמע או לגרור, לתמוך, לסכם או לתמצת, להעיר על, להוות זיכרון ל, להיות מורכב מ, להוות או להיות.

12. אם מסמך כלשהו שנתבקש שוב אינו זמין או שוב אינו קיים, יש לפרט את הסיבות המדויקות לאי זמינותו או לאי קיומו של המסמך. אם המסמך נשמד או אבד יש לתאר בפרוטרוט כיצד המסמך נשמד או אבד.

13. "בלנק - לרר" – פירושו, עמוס בלנק - עדי לרר מהנדסים יועצים בע"מ ( A. Blank-A. Lehrer Consulting Engineers Ltd.), נושאי המשרה של חברה זו, הדירקטורים שלה, עובדיה, נציגיה, באי כוחה, הקבלנים העצמאיים שלה, יועציה וכל מי שפועל עבורה או בשמה.

14. "סקר גיאוטכני" – פירושו, הסקר הגיאוטכני הנכלל ביחידה מס' 5 של ההסכם, על נספחיו.

15. "בקשה להציע הצעות" – פירושה, הבקשה להציע הצעות של הפרויקט.

16. אם לא נאמר אחרת בבקשות שלהלן, המסמכים המבוקשים נוגעים לפרויקט.

<u>**נושא הבקשות**</u>

1. כל המסמכים הנוגעים לתקשורות, בכתב או בעל פה, בינך לבין מנהל מקרקעי ישראל, משרד הביטחון, צה"ל ו / או בלנק – לרר בנוגע לכל עובדה או נסיבה, שנוגעים בתכנון, מפרטי הפרויקט, או אשר מתייחסות לפרויקט בדרך אחרת.

2. כל המסמכים הקשורים לישיבות שהשתתפת בהן בקשר לפרויקט.

3. כל המסמכים הנוגעים לישיבות שהשתתפת בהן במגע לסקר הגיאוטכני, או לתכנון ולמפרטים בקשר לתת הקרקע או המשתית ו / או לתנאים ולחומר של תת הקרקע או המשתית כפי שנמצאו בפועל.

4. כל המסמכים הנוגעים לכל עבודת ניתוח בקשר לסוג וכמות עבודות היסוד, לרבות החדרת כלונסאות ויצירת הדומי יסודות (footing), אשר בוצעו במסגרת הפרויקט.

5. כל המסמכים הנוגעים לניתוחים או לבדיקות של עבודות החפירה במסגרת הפרויקט.

6. כל המסמכים הנוגעים לכל ניתוח, חישוב, אומדן, דגימות או מסמכים אחרים בקשר לפעולות החפירה אשר בוצעו על ידי א.א.ב., לרבות פעולות תציבה ומילוי, חציבות לצורך החדרת כלונסאות וחפירות לצורך הנחת יסודות, במסגרת הפרויקט.

7. כל המסמכים, המאמרים והמסמכים או החומרים האחרים שעליהם התבסס הסקר הגיאוטכני.

8. כל המסמכים הנוגעים למדידות שבוצעו באתר, חקירות תת הקרקע, חפירות ניסוי לתת הקרקע ופעולות דומות אחרות שבוצעו בכל זמן באזור הפרויקט.

9. כל המסמכים הנוגעים לתיאורים, מדידות, דגימות כמותיות, יומני החפירה לקביעת עומק היסודות, לרבות הנחת הדומי יסודות ו / או החדרת כלונסאות במסגרת הפרויקט, ו / או כמויות והרכב החומרים שנחפרו בפרויקט.

10. כל המסמכים הנוגעים לבקרת איכות, בדיקות, סקרים ופעולות דומות אחרות שביצעת או בוצעו עבורך בקשר לתנאים הגיאוטכניים, לתנאים הגיאולוגיים, לתנאי תת הקרקע, להנדסה אזרחית, חפירות, פעולות חציבה ומילוי ו / או עבודות בניית יסודות במסגרת הפרויקט.

11. כל המסמכים הנוגעים לתנאים משתנים באתר ו / או לטענות בדבר השתנות התנאים באתר הפרויקט.

12. כל המסמכים הנוגעים לשימוש או לשימושים באתר הפרויקט לפני ביצוע פעולות הבניה הנוכחיות במסגרת ההסכם.

13. כל המסמכים הנוגעים לגישה של המציעים לאתר הפרויקט לפני הענקת ההסכם.

14. כל המסמכים הנוגעים לאיכות, למיקום ולעומק של קידוחי הניסיון באתר הפרויקט, אשר בוצעו על ידך, על ידי צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק - לרר, או כל גוף אחר, בזמן כלשהו.

15. כל המסמכים הנוגעים לכל ניתוח של הסקר הגיאוטכני שבוצע על ידך, או על ידי צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק – לרר או כל גוף אחר, בזמן כלשהו.

16. כל המסמכים הנוגעים לתכנון, לשרטוטים, למפרטים ולמסמכים האחרים בנוגע לעבודות גיאוטכניות, גיאולוגיות או עבודות של הנדסה אזרחית במסגרת הפרויקט.

17. כל המסמכים הנוגעים לכל עבודת ניתוח שבוצעה בקשר לתכנון, לשרטוטים ולמפרטים עבור עבודות תת הקרקע בפרויקט, לרבות הדרישות בקשר לחפירות ולהנחת היסודות.

18. כל המסמכים בנוגע לכל אומדן, דגימה ו / או ניתוח שבוצעו על ידך או עבורך או על ידי או עבור בלנק – לרר, צה"ל, משרד הביטחון או כל גוף אחר בקשר לפעולות החפירה, החציבה והמילוי במסגרת הפרויקט.

19. כל המסמכים בנוגע לכל עבודת ניתוח של החומר הזמין באתר לעבודות חפירה ופילוס הקרקע במסגרת הפרויקט.

20. כל המסמכים הנוגעים לכל עבודת ניתוח בקשר להוצאה הצפויה או המתוכננת של עודפי העפר והחומר הנחפר במסגרת הפרויקט.

21. כל המסמכים בקשר לניתות צפי ההבאה של חומרי מילוי מחליפים במסגרת הפרויקט.

22. כל המסמכים בקשר לכל המקצועות, הענפים, הפרקטיקות והנוהגים בקשר לפעולות החציבה והמילוי במסגרת הפרויקט.

85837/E/1

23. כל המסמכים בקשר לכל המקצועות, הענפים, הפרקטיקות והנוהגים בקשר לסילוק עודף החומרים הנחפרים מאתר הפרויקט.

24. כל המסמכים בקשר לדרישות בנוגע לכל זיכיון, היתר, רישיון ומסמכים דומים אחרים ממנהל מקרקעי ישראל, להוציא, להשתמש מחדש או למכור חומר שנחפר מאתר הפרויקט.

25. כל המסמכים הנוגעים לדרישות של מנהל מקרקעי ישראל בנוגע לסילוק, שימוש מחדש או מכירה של חומר שנחפר מן הפרויקט.

26. כל המסמכים בקשר לדרישות ההסכם בנוגע לסילוק, שימוש מחדש ו / או מכירה של החומר שנחפר מן הפרויקט.

27. כל המסמכים בקשר לכל תקשורת, בכתב או בעל פה, בינך לבין א. א. ב., צה"ל, משרד הביטחון ומנהל מקרקעי ישראל בנוגע לסילוק, שימוש מחדש או מכירה של החומרים שנחפרו מן הפרויקט.

28. כל המסמכים הנוגעים לכל מקרה שבו א.א.ב. חפרה חומרים מעל ומעבר לנדרש לביסוס תת הקרקע בפרויקט.

29. כל המסמכים הנוגעים לחפירות מעל ומעבר לנדרש שבוצעו על ידי א. א. ב. בפרויקט.

30. כל המסמכים בקשר לכל תקשורת, בכתב או בעל פה, בינך לבין א. א. ב., צה"ל, משרד הביטחון, מנהל מקרקעי ישראל או כל גוף אחר בנוגע לחפירת חומר מעל ומעבר לנדרש לביסוס המשתית במסגרת הפרויקט.

31. כל המסמכים הנוגעים לעומס, ניסויי עומס על כלונסאות, תכנון יסודות וחישובים של הנדסה אזרחית בקשר לפרויקט שהוכנו על ידך או עבורך, או על ידי או עבור צה"ל, משרד הביטחון, מנהל מקרקעי ישראל או כל גוף אחר.

32. כל המסמכים הנוגעים לכל מחדל של א. א. ב. למלא אחר דרישות ההסכם לביצוע עבודות החפירה בפרויקט.

33. כל המסמכים הנוגעים לכל מקרה שבו א. א. ב. לא עמדה בדרישות ההסכם בקשר ל:

א. עבודות חפירה וחציבה;
ב. תכנון היסודות;
ג. עבודות ביצוע היסודות;

ד. הנחת חומר מילוי; ו / או
ה. סילוק עודפי החומר שמעל ומעבר לנדרש.

34. כל המסמכים הנוגעים לפעילות ניסויי העומס על הכלונסאות של א. א. ב. במסגרת הפרויקט.

35. כל המסמכים הנוגעים לבדיקה ו / או ניתוח של ניסויי העומס על הכלונסאות של א. א. ב., עבור הפרויקט.

36. כל המסמכים הנוגעים לבדיקה ו / או ניתוח של תכנון היסודות על ידי א. א. ב., או החומר שהוגש על ידה, עבור הפרויקט.

37. כל המסמכים הנוגעים לתכנון היסודות על ידי א. א. ב. או לצורך הגשה על ידה, עבור הפרויקט.

38. כל המסמכים הנוגעים לבדיקה ו / או ניתוח של החומר שהוגש על ידי א. א. ב. בקשר לעבודות החפירה במסגרת הפרויקט.

39. כל המסמכים הנוגעים להכנה של הבקשה להציע הצעות עבור הפרויקט.

40. כל המסמכים ששימשו, הוכנו או נותחו על ידך במסגרת פיתוח הבקשה להציע הצעות עבור הפרויקט בקשר לחפירת המשתית, סילוק החומר העודף, תכנון היסודות ועבודות היסודות, עבור הפרויקט.

41. כל המסמכים בקשר לכל תקשורת, בכתב או בעל פה, אשר התקבלה על ידך ממגישי ההצעות לפרויקט.

42. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בינך לבין צה"ל, משרד הביטחון, מנהל מקרקעי ישראל או כל גוף אחר בנוגע לבקשה להציע הצעות עבור הפרויקט, בקשר ל:

א. עבודות חפירה וחציבה;
ב. יסודות;
ג. פעולות תציבה ומילוי;
ד. הנחת כלונסאות;
ה. יצירת הדומי יסודות;
ו. סילוק עודף החומר שנחפר; ו / או
ז. מכירה של עודפי החומרים שנחפרו מעל ומעבר לנדרש.

85837/F/1

43. כל המסמכים בנוגע לכל עבודת ניתוח שבוצעה על ידך או עבורך, או על ידי או עבור בלנק – לרר, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, או כל גוף אחר בקשר לתנאי תת הקרקע בפרויקט.

44. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בינך לבין צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק – לרר או כל גוף אחר בקשר לטענות של התובע המהוות נושא לתביעה זו.

45. כל היומנים האישיים, ספרי הפגישות, לוחות השנה השולחניים, יומני השטח, פרוטוקולים של ישיבות, ספרי או יומני שטח, דוחות יומיים או אחרים, או מסמכים דומים אחרים בקשר לפרויקט.

46. כל המסמכים ששימשו או פותחו על מנת להכין את הסקר הגיאוטכני עבור הפרויקט.

47. כל המסמכים בנוגע לכל עבודת ניתוח שבוצעה בקשר לתנאים הגיאולוגיים או לתנאי תת הקרקע באתר הפרויקט.

48. כל המסמכים בנוגע לחקירות ולבירורים הגיאולוגיים או של תנאי תת הקרקע שבוצעו באתר הפרויקט לפני שלב המכרז/ההצעות.

49. כל המסמכים בנוגע לקידוחי תת הקרקע שבוצעו באתר הפרויקט לפני שלב המכרז/ההצעות.

50. כל המסמכים בנוגע לניתוח של קידוחי תת הקרקע שבוצעו באתר הפרויקט לפני שלב המכרז /ההצעות.

51. כל המסמכים בקשר לכל תקשורת, בכתב או בעל פה, בינך לבין צה"ל, משרד הביטחון, מנהל מקרקעי ישראל או כל גוף אחר בנוגע לקידוחי תת הקרקע שבוצעו באתר הפרויקט לפני שלב המכרז/ההצעות.

52. כל המסמכים בנוגע לכל ניתוח או הערכה של יומני הקידוח שנכללו בסקר הגיאוטכני.

53. כל המסמכים בנוגע לכל תקשורת לפני שלב המכרז/ההצעות, בכתב או בעל פה, בינך לבין צה"ל, משרד הביטחון, מנהל מקרקעי ישראל או כל גוף אחר בנוגע לסקר הגיאוטכני.

54. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בינך לבין צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק – לרר, א. א. ב. או כל גוף אחר בנוגע להערכה או ניתוח בנוגע לסקר הגיאוטכני.

55. כל המסמכים בנוגע לכל תקשורת לפני שלב המכרז/ההצעות, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק - לרר או כל אדם או גוף אחר בנוגע ל:

א. התנאים הגיאולוגיים או תנאי תת הקרקע באתר הפרויקט;
ב. הסקר הגיאוטכני;
ג. הקידוחים שבוצעו באתר הפרויקט לפני שלב המכרז /ההצעות;
ד. מספיקות הסקר הגיאוטכני.

56. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק - לרר או כל גוף אחר בנוגע לתנאי תת הקרקע הצפויים ו / או לתכונות החומר של תת הקרקע ו / או של הסלע שיהיה צורך לחפור ולחצוב במסגרת הפרויקט.

57. כל המסמכים בנוגע לבדיקה וניתוח של תכנון היסודות למבנים בפרויקט.

58. כל המסמכים בקשר לכל תקשורת, בכתב או בעל פה, בינך לבין צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, א. א. ב., בלנק - לרר או כל גוף אחר בנוגע לתנאי תת הקרקע שהתגלו בפועל במהלך בניית הפרויקט.

59. כל המסמכים בקשר לכל תקשורת, בכתב או בעל פה, בינך לבין צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, א. א. ב., בלנק - לרר או כל גוף אחר בנוגע לכמות, לתכונות, לסוג ו / או לסיווג החומרים שהתגלו בפועל ו / או נחפרו במהלך הפרויקט.

60. כל המסמכים בנוגע לכל תיאור של חומרים אשר נחפרו בפועל במסגרת הפרויקט.

61. כל המסמכים בקשר לעבודות החפירה שבוצעו בפועל בפרויקט.

62. כל המסמכים בנוגע לעבודת בדיקה וניתוח של חומרי תת הקרקע אשר נחפרו בפועל במסגרת הפרויקט.

63. כל המסמכים בנוגע לכל ניתוח או השוואה של המצגים בסקר הגיאוטכני לחומרי תת הקרקע שנמצאו בפועל במסגרת ביצוע הפרויקט.

64. כל התקשורות בינך לבין צה"ל, בלנק – לרר ו / או כל גוף אחר בקשר לטענות התובע בתביעה זו.

65. כל המסמכים בקשר לכל ניתוח של בקשות התובע להתאמה מן הצדק בשל תנאי האתר המשתנים, שהיא נושא תביעה זו.

66. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק - לרר או כל גוף אחר בנוגע לקריטריונים להכנת סקר גיאוטכני או סקר גיאולוגי של אתר הפרויקט, כולו או מקצתו, בכל זמן, לרבות דוח/ות או סקר/ים שהוכנו לאחר שההסכם הוענק לא. א. ב.

67. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק - לרר או כל גוף אחר בנוגע לקריטריונים לבירור תנאי תת הקרקע של אתר הפרויקט, כולו או של כל חלק ממנו, לרבות הבירור/ים שנערכו לאחר שההסכם הוענק לא. א. ב.

68. כל המסמכים בנוגע לכל בירור/ים של תנאי תת הקרקע של אתר הפרויקט, כולו או של כל חלק ממנו, לרבות הבירור/ים שנערכו לאחר שההסכם הוענק לא. א. ב.

69. כל המסמכים הנוגעים לכל ליקוי, הצהרה לא נכונה או טעות, בפועל או על פי הנטען, בסקר הגיאוטכני.

70. כל המסמכים שזוהו או שימשו לצורך הכנת התשובות שלך לחקירות התובע בתביעה זו.

71. כל המסמכים הנוגעים לכל בדיקה, מדידה או ביקור ב"אזור המחצבה מצפון לאתר", כפי שהוא מזוהה בסעיף 3 של הסקר הגיאוטכני.

72. כל המסמכים הנוגעים ל"מידע ניכר אודות תכונות הסלע" ש"נאסף מאזור המחצבה מצפון לאתר", כפי שהוא מזוהה בסעיף 3 של הסקר הגיאוטכני.

73. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק - לרר או כל גוף אחר בנוגע ל"מידע ניכר

אודות תכונות הסלע" ש"נאסף מאזור המחצבה מצפון לאתר", כפי שהוא מזוהה בסעיף 3 של הסקר הגיאוטכני.

74. כל המסמכים בנוגע ל-:

א. הדרישות לפעולות החציבה והמילוי על מנת להשיג את החתך / רום הבסיס המתוכננים של אתר הפרויקט;
ב. החתך / רום הבסיס המתוכננים של אתר הפרויקט;
ג. כל שינוי או שינוי מוצע בחתך / ברום הבסיס המתוכננים של אתר הפרויקט;
ד. סילוק עודפי החומר שנחפר מאתר הפרויקט;
ה. סילוק עודפי החומר שנחפר לאזורים בתוך אתר הפרויקט;

75. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, המשרד לאיכות הסביבה של מדינת ישראל / רשות הטבע והגנים, בנוגע ל:

א. הדרישות לפעולות החציבה והמילוי על מנת להשיג את החתך / רום הבסיס המתוכננים של אתר הפרויקט;
ב. החתך / רום הבסיס המתוכננים של אתר הפרויקט;
ג. כל שינוי או שינוי מוצע בחתך / רום הבסיס המתוכננים של אתר הפרויקט;
ד. סילוק עודפי החומר שנחפר מאתר הפרויקט;
ה. סילוק עודפי החומר שנחפר לאזורים בתוך אתר הפרויקט;

76. כל המסמכים אשר הוכנו בזמן כלשהו על ידי או עבור חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, בלנק – לרר ו/או כל גוף אחר בקשר לעלויות המשוערות או לעלויות בפועל, במסגרת הפרויקט, של:

א. עבודות חפירה;
ב. עבודות חפירה וחציבה להנחת כלונסאות;
ג. עבודות החפירה והחציבה ליצירת הדומים ליסודות המבנים;
ד. עבודות חפירה וחציבה לסלילת דרכים;
ה. התקנה והנחה של כלונסאות;
ו. התקנה והנחה של הדומים ליסודות המבנים;
ז. בנית דרכים; ו / או
ח. סילוק, שימוש, שימוש חוזר ו / או מכירה של עודף החומרים שנחפרו.

77. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, בלנק – לרר ו / או כל גוף אחר, בנוגע לדיון בשאלה, להערכה או למתן הוראות כיצד להכין את הסקר הגיאוטכני לגבי אתר בנייה בשטח של כ – 400 אקר על בסיס שבעה בורות קידות, שרובם מוקמו בסמוך לקו הגבול החיצוני המקיף את האתר.

78. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, בלנק – לרר ו / או כל גוף אחר, בנוגע לדיון בשאלה, להערכה או למתן הוראות מדוע יש צורך להכין סקר הגיאוטכני נוסף על בסיס בורות קידוח נוספים, עבור אתר הפרויקט, למבנ/ים נוספ/ים במועד כלשהו בעתיד.

79. כל המסמכים בנוגע לשימוש, מכירה או סילוק של עודף החומר שנחפר מאתר הפרויקט.

80. כל המסמכים הקשורים לאומדנים שהוכנו על ידי או בשם חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק – לרר ו / או כל גוף אחר, בקשר ל:

א. שווי עודפי החומרים שהיו אמורים להיחפר מאתר הפרויקט; ו / או

ב. כמות עודפי החומרים שהיו אמורים להיחפר מאתר הפרויקט.

81. כל המסמכים בנוגע לכל תקשורת בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק – לרר ו / או כל גוף אחר, בקשר ל:

א. שווי עודפי החומרים שהיו אמורים להיחפר מאתר הפרויקט; ו / או

ב. כמות עודפי החומרים שהיו אמורים להיחפר מאתר הפרויקט.

82. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל ו/או בלנק – לרר בנוגע לתקנות, הגבלות, תנאים ו/או דרישות של מנהל מקרקעי ישראל בקשר לשימוש, מכירה ו / או סילוק של עודפי החומר שנחפר מאתר הפרויקט.

83. כל המסמכים בנוגע לתקנות, הגבלות, תנאים ו / או דרישות של מנהל מקרקעי ישראל בקשר לשימוש, מכירה ו / או סילוק של עודפי החומר שנחפר מאתר הפרויקט.

84. כל המסמכים בנוגע לכל אגרה, תשלום, דמי רישיון, תמלוגים או מיסים אשר לטענתך נותרו כחוב למנהל מקרקעי ישראל, משרד הביטחון או צה"ל בגין עודפי החומר החפור אשר הוצאו על ידי א. א. ב. מאתר הפרויקט.

85. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, מנהל מקרקעי ישראל, בלנק – לרר ו/או על ידי כל גוף אחר בנוגע לכל

אגרה, תשלום, דמי רישיון, תמלוגים או מיסים אשר לטענתך נותרו כחוב למנהל מקרקעי ישראל, משרד הביטחון או צה"ל בגין עודף החומר החפור אשר הוצא על ידי א. א. ב. מאתר הפרויקט.

86. כל המסמכים בנוגע לכל אומדן או אומדנים שהוכנו בכל עת בנוגע לכל אגרה, תשלום, דמי רישיון, תמלוגים או מיסים אשר לטענתך נותרו כחוב, או יכולים להיות חוב למנהל מקרקעי ישראל, משרד הביטחון או צה"ל בגין עודף החומר החפור אשר הוצא על ידי א. א. ב. מאתר הפרויקט.

87. כל המסמכים בנוגע לכל תקשורת, בכתב או בעל פה, בכל זמן, בין חיל ההנדסה של צבא ארצות הברית לבין המציעים האחרים שהגישו הצעות בתגובה לבקשה להציע הצעות עבור הפרויקט, לרבות כל תקשורת בכל זמן אחרי ההענקה של ההסכם לא. א. ב.

88. כל המסמכים אשר הוכנו על ידי כל אחד מן המציעים אשר הגישו הצעה בתגובה לבקשה להציע הצעות עבור הפרויקט ואשר התקבלו על ידי חיל ההנדסה של צבא ארצות הברית אחרי הענקת הפרויקט לא. א. ב.

89. כל התצלומים, בשחור לבן או בצבע, של קידוחי הליבות הנכללים בסקר הגיאוטכני.

90. כל המסמכים בקשר לכל פגישה באתר הפרויקט לפני המכרז.

91. כל המסמכים אשר הוכנו בכל זמן על ידי או עבור חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון, בלנק – לרר ו / או כל גוף אחר בקשר לעלות ה: (1) חפירות, (2) חפירות להנחת הכלונסאות, (3) חפירות להנחת הדומים ליסודות, (4) עבודות חפירה וחציבה לפריצת דרכים, (5) התקנה והנחה של כלונסאות, (6) התקנה והנחה של הדומים ליסודות, (7) פריצת דרכים, ו / או (8) סילוק עודף החומר שנחפר מאתר הפרויקט.