**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **A.A.B JOINT VENTURE,** | ) | |
| | ) | |
| ` **Plaintiff,** | ) | |
| | ) | **No. 04-1719 C** |
| **v.** | ) | **(Chief Judge Damich)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT STATUS REPORT**

The parties respectfully submit this Joint Status Report as requested by the Court in its Order filed March 10, 2006. In accordance with the Order this JSR addresses consolidation and the status of discovery.

**I. CONSOLIDATION**

It is well established that it is within the Court's "broad discretion" to order consolidation of cases. Cienega Gardens v. United States, 62 Fed. Cl. 28, 32 (2004). As noted in Cienega Gardens, two inquires are required to determine whether consolidation should be granted:

1. Whether a "common question of law or fact" exists in both cases; and
2. Whether considerations regarding "the interest of judicial economy" outweigh "the potential for delay, confusion and prejudice that may result from consolidation."

The parties provide the following explanation of their positions with respect to 04-1792 and 04-1719 recognizing that the Court will take the views of the parties into account but will not accord those views dispositive weight. Cienega Gardens at p. 32.

**CONSOLIDATION OF 04-1792**

With respect to this case, plaintiff submits that there is no justification for consolidation. First, other than background facts such as the execution of the contract, there are no common questions of fact. 04-1792 concerns a distinct set of facts pertaining to the interpretation of the specifications for fill material to be used under roadways; more particularly the size of stones which can be placed at various subsurface levels. The material facts in 1792 are completely unrelated to the facts at issue in the other four cases.

Further, the parties seek consolidation of Nos. 05-114, No. 05-1172 and No. 06-49 because those cases contain common issues of law and fact pertaining to requested time extensions and the legal and factual issues associated with the resolution of excusable, compensable and inexcusable delay, as well as extended performance costs. Consolidating those cases will result in considerable cost savings and promote efficient determination of all time related issues in one proceeding. 04-1792, on the other hand is solely a direct cost claim and does not involve a request for any time nor does the relief sought include extended performance costs.

Moreover, as noted, resolution of 04-1792 involves legal issues pertaining to the proper interpretation of contract provisions pertaining to the placement of controlled fill. There are no common or similar legal issues which in any way relate to the interpretation of those provisions in the other four cases. In addition, both parties believe that 04-1792 presents dispositive legal issues and have agreed to an abbreviated schedule to complete discovery and submit cross motions for summary judgment by June 30, 2006. Those dispositive legal issues are not present in the other four cases. See generally, AT&T Corp. v. United States, 2006 U.S. Claims Lexis 34. (January 31, 2006).

Finally, 04-1792 is chronologically and procedurally far ahead of the time related cases; 06-49 was filed on January 19, 2006, and 05-1172 was filed on November 2, 2005, whereas 04-1792 was filed on December 21, 2004. In fact, under the current schedule all fact discovery will be completed in 04-1792 by April 7, 2006.

In conclusion, plaintiff submits there are no common questions of law or fact. Any possibility of judicial economy is outweighed by the potential for delay and resultant prejudice, since 04-1792 will be ready to proceed to trial as soon as the Court rules on the cross motions for summary judgment, whereas the time related cases under any conceivable new schedule would not be tried until late 2007.

Defendant agrees that the questions of law and fact involved in No. 04-1792C are generally distinct from those involved in Nos. 04-1719C, 05-114C, 05-1172C and 06-49C; that there is a likelihood that 04-1792 can be decided on cross motions for summary judgment to be briefed by June 30, 2006; and that, should 04-1792 be fully resolved upon such cross motions, conservation of the Court's and the parties' resources and an efficient determination of the actions will be achieved to the same extent whether or not 04-1792 is consolidated with the other cases. Defendant further believes, however, that should the Court determine that 04-1792 presents triable issues of fact, consolidation would conserve the Court's and the parties' resources and promote an efficient determination of the actions, primarily because it would obviate the need for two separate trials in which many of the same witnesses – some of whom reside abroad – would be called to testify.

**CASE NO. 04-1719C**

Applying the same analysis, plaintiff believes that there is also no basis to consolidate No. 04-1719C with the time related cases.

First, as with 04-1792, there are no common questions of fact other than background facts. There are also no common questions of law. Fundamentally, 04-1719 is a differing site conditions case which will turn upon the application of the facts as found by the Court, i.e., the subsurface conditions which should have been reasonably anticipated compared to the subsurface conditions actually encountered, to the legal principles and case law interpreting the differing site conditions clause. On the other hand, 05-114 consists of two claims neither of which involves the differing site conditions clause. Specifically, the TCN claim is a warranty/mutual mistake case involving, among other things, the proper interpretation of various contract provisions pertaining to the use of TCNs, Israeli customs and decrees pertaining to TCNs and various aspects of the Wye River Accords, none of which are involved in the 04-1719 case. The other claim in 05-114 relates to the allegedly erroneous rejection of an alternate paint system, and turns upon facts pertaining to the Government's agreement to review and consider alternative paint systems, its decision to reject or otherwise dismiss the alternates submitted by plaintiff and the alleged reimposition of certain criteria pertaining to the paint system. None of those facts or legal issues relate in any way to 04-1719.

Further, as noted above, the fundamental reason for seeking consolidation of Nos. 05-114, 05-1172 and 06-49 is that each of those cases involves legal/factual issues pertaining to excusable/compensable/inexcusable delay and extended performance costs. Other than a subcontractor delay claim, which plaintiff contends is unrelated to the other delay claims and not dependent upon the critical path of the prime contract in question, the 04-1719 claims are direct cost claims, not involving requests for time extensions and not involving extended performance costs.

Therefore, plaintiff submits that there are no common questions of law or fact that exist between 04-1719 and the three time related cases.

The next consideration as noted in Cienega Gardens is whether considerations regarding "the interest of judicial economy" "outweigh the potential for delay, confusion and prejudice that may result from consolidation."

Plaintiff believes that consolidation of all the time related cases will promote efficient determination of the actions in that it will allow both parties to put before the Court in an organized, comprehensive manner their respective positions on all delay issues pertaining to the project thereby allowing the Court to render a complete decision with respect to all of those issues. Thus, Plaintiff believes that all the time related cases should be consolidated, and that consolidation will result in considerable judicial economy, avoid the possibility of inconsistent adjudication and save considerable money in terms of travel expenses, attorneys' fees and expert analysis.

As a result of extensive negotiations the parties have agreed, subject to the Court's approval, on separate schedules which will allow 04-1719, with respect to which there has been considerable discovery, to be tried commencing May 7, 2007 and place the time related cases, two of which were filed in the last five months (05-1172, November 2, 2005 and 06-49, January 19, 2006), on a schedule which would permit trial to start in those cases on August 27, 2007. Plaintiff requests that the Court approve these schedules, and defendant does not oppose this request.

Finally, plaintiff believes that adding an additional significant matter (04-1719) which will involve a significant number of additional experts and unrelated legal and factual issues may result in confusion. In addition, while some additional cost savings would be realized, resolution

of the considerable damages sought in 04-1719 would be delayed for several months. Accordingly, plaintiff requests that the Court not consolidate 04-1719 and instead issue a separate scheduling order specifying a May 7, 2007 trial date for 1719.

Notwithstanding the above, should the Court determine in the exercise of its “broad discretion” that 04-1719 should be consolidated with the time related cases, plaintiff requests that all four cases be placed under the same scheduling order and that the trial commence no later than August 27, 2007.

In that regard plaintiff strongly asserts that since both parties agreed that if the trials were handled separately the time related cases could be heard starting August 27, 2007, that should be the outside date for the four cases to be heard in one trial. Plaintiff believes this is eminently reasonable since one of the Appendix A- Rules 11-19 set of requirements would be eliminated. Accordingly, there should be ample time for discovery and any necessary motions to accommodate a trial date for all four cases commencing no later than August 27, 2007, or earlier if the Court deems such to be appropriate.

Defendant believes that consolidation of No. 04-1719C with the time related cases would conserve the Court’s and the parties’ resources and promote an efficient determination of the actions, for the reasons stated in defendant’s pending motions to consolidate. However, the commonality of issues shared by the time related cases, which constitutes an additional reason for consolidating those cases, is not shared by 04-1719. Therefore, despite the efficiency and conservation of resources that might be achieved by consolidating 04-1719 with the time related cases, defendant does not object to keeping 04-1719 separate from the latter cases and placing it on a schedule under which trial in that case would commence by May 7, 2007, with trial in the time related cases scheduled to commence by August 27, 2007, as proposed by plaintiff.

Defendant believes, however, that in no event should trial in the time related cases be scheduled to commence any earlier than 90 days after the May 17, 2007 discovery completion date proposed in the Joint Preliminary Status Report filed by the parties in No. 05-1172. Defendant further notes that this discovery completion date is ten days after the date proposed by plaintiff for commencing trial in No. 04-1719, and that, therefore, further adjustments in these dates are likely to prove necessary. Defendant believes that this and other potential schedule conflicts would be avoided if all of these cases were consolidated and shared the same schedule.

## II. STATUS OF DISCOVERY

Informal document discovery has been undertaken in 05-1172. No discovery has been undertaken with regard to 06-49. Interrogatories and requests for production of documents have been served by both parties in 05-114, 04-1792 and 04-1719. Three depositions have been conducted by plaintiff in 04-1792. A fourth deposition is scheduled to be taken by defendant in 04-1792 on April 5, 2006.

Plaintiff has made numerous good faith efforts to resolve discovery disputes with respect to the Government's document production and answers to interrogatories in 04-1719, 05-114 and 04-1792. Plaintiff believes that the Government's responses to these good faith efforts have been inadequate, and is in the process of preparing one or more motions to compel. Defendant believes that its document production and answers to interrogatories have been adequate, but is endeavoring to supplement these responses as an accommodation to plaintiff. Defendant has also informed plaintiff that it believes plaintiff's discovery responses to be inadequate in various respects, and reserves the right to file one or more motions to compel.

Respectfully submitted,

Bell, Boyd & Lloyd PLLC

**s/** Brian Cohen

Brian Cohen, Esq.
Bell, Boyd & Lloyd PLLC
1615 L Street, N.W.
Suite 1200
Washington, DC
(202) 955-6823 (phone)
(202) 835-4130 (fax)

*Attorneys for Plaintiffs*

Dated: March 31, 2006

**Filed Electronically**
**With the consent of the**
**Attorney for Plaintiff**

PETER D. KEISLER
Assistant Attorney General

**s/** David M. Cohen

DAVID M. COHEN
Director

**s/** Shalom Brilliant

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

*Attorneys for Defendant*

Dated: March 31, 2006