**Request for International Judicial Assistance**
**pursuant to the Hague Convention of 18 March 1970**
**on the Taking of Evidence Abroad in Civil or Commercial Matters**

# Re: Document Request and
# Request for Oral Deposition of Blank-Lehrer, Ltd.

| | |
|---|---|
| 1. Sender: | Honorable Judge Edward J. Damich, Chief Judge<br>United States Court of Federal Claims<br>717 Madison Place<br>Washington, D.C. 20001 |
| 2. Central Authority of the Requested State: | Director of Courts<br>22 Kanfei Nesharim St.<br>Jerusalem, 95464 Israel<br>Telephone (972) (2) 655-6843<br>Facsimile (972) (2) 655-6846 |
| 3. Person/entity to whom the executed request is to be served upon: | Blank-Lehrer, Ltd.<br>7 Ha'arad Street<br>Tel Aviv, 69710 Israel |
| **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:** | |
| 4. a. Requesting judicial authority (article 3,a): | Honorable Judge Edward J. Damich, Chief Judge<br>United States Court of Federal Claims<br>717 Madison Place<br>Washington, D.C. 20001 |
| b. To the competent authority of (article 3,a): | The State of Israel |
| c. Name of the case and any identifying number: | A.A.B Joint Venture v. United States, United States Court of Federal Claims, Case No. 04-1719-C |

| | |
|---|---|
| 5. Name and addresses of the parties and their representatives (including representatives in the requested State) (article 3,b) | |
| a. Plaintiff: | A.A.B Joint Venture<br>P.O. Box 37, Rosh HaAyin, 68100 Israel<br>Attn: Mr. S. Denison Keeney |
| Representatives/Attorneys: | Brian Cohen, Esquire<br>Lawrence M. Prosen, Esquire<br>Philip Clark Jones, Esq.<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>202-955-6834 (telephone)<br>202-955-4117 (facsimile)<br>bcohen@bellboyd.com<br><br>Devorah M. Patt. Adv.<br>P.O. Box 2221<br>Sayvon, Israel<br>972 3 7369844 |
| b. Defendant: | United States of America |
| Representatives/Attorneys: | Shalom Brilliant, Esquire<br>Senior Trial Counsel<br>Commercial Litigation Branch, Civil Division<br>United States Department of Justice<br>Attention: Classification Unit<br>8th Floor, 1100 L Street, N.W.<br>Washington, D.C. 20530 USA<br>202-305-7561 (telephone)<br>202-305-7643 (facsimile)<br>Shalom.Brilliant@usdoj.gov |
| c. Other parties: | None |
| d. Representatives: | None |

| | |
|---|---|
| 6. a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (article 3,c): | Claim by contractor for equitable adjustment of contract price pursuant to Federal Contract Disputes Act, arising out of construction of Nachshonim Military Storage Base, Elad, Israel. |
| b. Summary of complaint: | Contractor asserts claims arising out of material differences between the description of subsurface conditions in the Geotechnical Report, which was a Contract Document, and actual conditions as discovered during construction, causing increased costs of performance on the part of the contractor and its subcontractors. |
| c. Summary of defense and counterclaim: | The United States denies liability. |
| d. Other necessary information or documents: | None |
| 7. a. Evidence to be obtained or other judicial act to be performed (article 3,d): | A.A.B Joint Venture seeks to inspect the documents described in Exhibit B to this Request, and then to take the oral testimony, under oath,, a designee of Blank-Lehrer, Ltd. concerning the topics described in Exhibit C.<br><br>The production of the documents should be coordinated with Advocate Devorah Patt, and should be produced not later than June 30, 2006.<br><br>Unless the parties agree to different time or place, the deposition (oral examination) will be conducted as follows:<br><br>**Time / Date:** 9:30 a.m. on Monday, July 24, 2006<br>**Place:** Fischer Behar Chen & Co.<br>3 Daniel Frisch Street<br>Tel Aviv 64731, Israel |
| b. Purpose of the evidence or judicial act sought: | Collection of evidence in aid of prosecuting the litigation identified above in Block 6. |
| 8. Identity and address of any person to be examined (article 3,e): | Person(s) designated by<br>Blank-Lehrer, Ltd.<br>7 Ha'arad Street<br>Tel Aviv, 69710 Israel |

| | |
|---|---|
| 9. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3,f): | See Exhibit C for the topics on which A.A.B Joint Venture seeks to examine a person or persons to be designated by Blank-Lehrer, Ltd. as their representative(s), as an informed person who is capable of answering the questions posed in Exhibit C. If the person designated by Blank-Lehrer does not have person knowledge any matter referenced in Exhibit C, an inquiry must be made to find out the answer if possible. |
| 10. Documents or other property to be inspected (article 3,g): | See list appended hereto as Exhibit B. |
| 11. Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3,h): | The oral examination will be under oath or affirmation. |
| 12. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (articles 3,i and 9): | The examination by the attorney for the A.A.B Joint Venture of the designee of Blank-Lehrer, Ltd., will be conducted by oral questions and answers to be recorded and transcribed verbatim. If counsel for the United States so desires he may cross examine the witness. |
| 13. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7): | Please notify Plaintiff's Counsel, Brian Cohen, Esquire, Bell, Boyd & Lloyd PLLC, 1615 L Street, N.W., Suite 1200, Washington, D.C. 20036-5610 USA; 202-955-6834 (telephone), 202-955-4117 (facsimile); bcohen@bellboyd.com, both verbally and in writing immediately upon service of this document upon the party identified in block 3 above. |
| 14. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8): | Not applicable |
| 15. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11,b): | Not applicable |

| | |
|---|---|
| 16. The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by: | Plaintiff, A.A.B Joint Venture, care of<br>Brian Cohen, Esquire<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>202-955-6834 (telephone)<br>202-955-4117 (facsimile)<br>bcohen@bellboyd.com |
| DATE OF REQUEST | So requested this ______ day of _______________, 2006. |
| SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | _________________________________<br>The Honorable Edward J. Damich<br>Chief Judge, United States Court of Federal Claims |

**Exhibit A – Instructions and Definitions**

All of the Requests for Documents (Exhibit B) and the topics for oral examination (Exhibit C) relate to the Nachshonim Military Storage Base, near Elad, Israel, which was constructed by the A.A.B Joint Venture under Contract No. DACA90-01-C-0043 with the United States Army Corps of Engineers.

The documents requested include all forms of information regardless of the method by which it is stored, and includes letters, emails, memoranda, reports, handwritten notes, plans, sketches, charts, etc. This request covers both paper documents and documents stored in electronic form, including documents stored on computer hard drives, computer disks, CDs, or any other form of information storage.

With respect to the deposition (oral inquiry, under oath), the witness will be examined on all aspects of the Geotechnical Report (including the Site Investigation Survey). Exhibit C sets forth some of the specific topics of inquiry, but the examination will not be limited to just those topics.

**EXHIBIT B – Documents Requested**

1. All communications, including emails, sent by you or received by you related in any way to the Project, including but not limited to communications to and from Ta Hal Consultant Engineers, Ltd., the Israel Ministry of Defense, the Israeli Defense Forces, the U.S. Army Corps of Engineers, Klar Engineer & Engineering Services, Ltd, and Geo-Prospect, Ltd., related in any way to the Project.

2. All rough, preliminary and revised drafts of any documents prepared by you related to the Project, including but not limited to the Geotechnical Report / Site Investigation Survey or any sections thereof prepared by you.

3. All documents which were referenced or cited in the Geotechnical Report (including the Site Investigation Survey), or consulted by you in connection with your work on the Project, including but not limited to maps and surveys.

4. All published standards relied upon or consulted by you with respect to the recommendations in the Geotechnical Report of the type of footings for the various buildings of the Project, including but not limited to SI 940.

5. All photographs taken at the Project site, whether taken by you or obtained from third parties or other sources, including but not limited to photographs of core borings.

6. All information available to you concerning subsurface conditions in the general area of the Project site, including nearby quarries, or nearby construction sites.

7. All notes and memoranda of meetings attended by you in connection with the Project.

8. All communications, including reports, analysis, or evaluation of A.A.B Joint Venture's claim for equitable adjustment arising out of differing site conditions.

9. All documents concerning pile test loading, foundation design, and civil engineering calculations concerning the Project.

10. All documents concerning the earthworks for the Project, including but not limited to estimates, take-offs or projections concerning excavation and cut and fill operations, foundation design, placement and compaction of fill material, and disposal or excess material.

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**EXHIBIT C – Topics for Inquiry**
**Deposition of Designee of Blank-Lehrer, Ltd.**

1. Describe in detail the educational and professional background of your designee(s).

2. Describe in detail your company's involvement in the preparation of the Geotechnical Report / Site Investigation Survey, including who in your organization participated in that effort, and the area of responsibility for each such person.

3. Describe in detail your company's involvement in the preparation of the Request for Proposals.

4. Describe in detail your company's involvement or participation in the Project after award of the contract to A.A.B Joint Venture, including but not limited to observing or analyzing piling, borings and/or excavation work performed by the Joint Venture and observation of subsurface conditions.

5. At the time the Geotechnical Report (including the Site Investigation Survey) was being prepared, what restrictions existed on access to the site of the Project?

6. Who made the decision to plan ten borings, and what factors were taken into consideration in making that decision?

7. Why were only seven borings taken, of the ten planned borings?

8. How was the location of the borings determined?

9. Was anyone from your company personally present when the borings were taken?

10. Did you receive reports concerning the results of the borings?

11. In your opinion, were seven borings adequate upon which to base the opinions of the nature of the subsurface conditions which were included in the Geotechnical Report?

12. Describe the process by which the boring material was collected and analyzed?

13. Who performed the analysis of the material collected by the borings?

14. What is the geotechnical meaning of “hard” rock, “weathered” rock, and “medium hard” rock.

15. Is rock mass with a uniaxial compressive strength of 500-800 kg/sq. cm. considered “hard” rock?

16. With respect to the statement in Paragraph 4.5 of the Geotechnical Report to “our experience in the region,” whose experience does that statement make reference to, and what were the details of such experience?

17. In the references at Conclusions, Section 6.1 to “most of the area” will be excavated in hard limestone and dolomite and that “[w]eathered rock areas in depths exceeding 3.0 m” would be “small,” what was the intended meaning of “most” and “small”? Is there a percentage or a range of percentages that can reasonably be applied to these terms?

18. With respect to the statement at Section 6.4 of the Geotechnical Report that “[t]he excavated rock is hard and solid, enabling the construction of the buildings on flat foundations,” who made or participated in making that determination, and what factors were taken into consideration?

19. With respect to the statement at Section 7.2.4.1 of the Geotechnical Report that horizontal pressures developed by earth pressure shall be calculated according to earth pressure coefficient “at rest” of Ka=0.5, how was this directive determined, what factors were taken into account, and who was involved in the decision to include this directive in the Report?

20. With respect to the statement at Section 7.2.3.2 of the Geotechnical Report that penetration length of piles shall be determined according to an allowable friction of 15 ton/sq. m., how was this directive determined, what factors were taken into account, and who was involved in the decision to include this directive in the Report?

21. What factors were taken into account with respect to the determination in Section 7.2.5 of the Geotechnical Report that the foundation method for the buildings referenced therein be footings as opposed to piles.

22. Was it anticipated that the contractors would formulate their bids based on their forecast of the expected costs of utilizing the foundation methods described in Section 7.2.5 of the Geotechnical Report.

23. Whether your designee has any knowledge concerning the extent of the market in Israel for the sale of crushed rock for use as fill material.

24. Whether any estimates were performed concerning the availability of on-site material for grading and fill operations on the Project; and if so the details pertaining to such estimates.

25. Whether any analysis was performed concerning whether there would be excess material that would have to be removed from the site, and if so, the details pertaining to such analysis, including what if any quantities were anticipated to be disposed and/or sold.

26. What permits, licenses, or other such documents were required from the Israeli Land Authority with respect to export, re-use of sale of material excavated from the Project site.

27. Whether the Host Nation Technical Requirements set forth in the Contract represented custom and usage in the construction industry in Israel for the issues addressed therein.

28. With respect to the statement in the Geotechnical Report, at Section 3, that “considerable information” about the properties of the rock was collected from the quarry area north of the site, what information does this statement refer to, and which quarry is referred to. Was it reasonable for bidders to assume that the subsurface conditions at the Project site were similar in nature to that quarry?

29. Whether it was anticipated that the contractors would formulate their bids based on the assumption that there would be excess material of a quality such that it could be sold for off-site use? If so, explain in detail the basis for such assumption.

30. Describe in detail the nature and quantity of clay material that was anticipated.

31. Whether you anticipated a specific total length and number of piles and how you made these determinations.

32. The percentage and/or quantity of the various types of subsurface material which was anticipated.

33. Describe any analyses or information which you have discussed and/or provided to anyone concerning the JV's claims.