**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **A.A.B JOINT VENTURE,** ) <br> ) <br> ` **Plaintiff,** ) <br> ) <br> **vi.** ) <br> ) <br> **THE UNITED STATES,** ) <br> ) <br> **Defendant.** ) <br> ) | **Case Nos. 04-1719C, 04-1792C and 05-114C, (CONSOLIDATED)** <br> **(Chief Judge Damich)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY WITH RESPECT TO DEFENDANT'S ANSWERS TO INTERROGATORIES IN CASE NOS. 04-1719C, 04-1792C AND 05-114C**

Dated: August 4, 2006

Brian Cohen
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W.
Suite 1200
Washington, DC 20036
(202) 466-6300
Attorney for Plaintiff

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY WITH RESPECT TO DEFENDANT'S ANSWERS TO INTERROGATORIES IN CASE NOS. 04-1719C, 04-1792C AND 05-114C ..... 1

I. FACTUAL BACKGROUND ..... 1

II. DEFENDANT'S ANSWERS TO INTERROGATORIES ARE INSUFFICIENT AS A MATTER OF LAW ..... 6

A. Defendant's Erroneous Use of RCFC 33(d) ..... 7

B. The Government's Objections Based Upon Attorney-Client Privilege And/Or The Attorney Work-Product Doctrine Are Without Merit ..... 12

III. CONCLUSION ..... 16

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Blake Assoc. Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283 (D. Mass. 1988) .................................. 11
*Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313 (C.D. Cal. 2004)........................................ 11
*Capacchione v. Charlotte Mecklenburg Schools*, 182 F.R.D. 486 (W.D.N.C. 1998) ........................................ 10
*Herdlein Technologies v. Century Contractors, Inc.*, 147 F.R.D. 103 (W.D.N.C. 1993)........................................ 11
*Pac. Gas and Elec. Co., v. United States*, 69 Fed. Cl. 784 (2006) ........................................ 16
*Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295 (D. Kan. 1996) .................................. 11
*S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574 (M.D.N.C. 2002) ........................................ 11
*Westside Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 U.S. Dist. LEXIS 8938, at *3 (E.D. La. June 10, 1998) ........................................ 16
*Yankee Atomic Elec. Co. v. United States,* 54 Fed. Cl. 306 (2002). ........................................ 16

## RULES

Exhibit 1 ........................................ 1
Exhibit 10 ........................................ 4
Exhibit 11 ........................................ 4
Exhibit 12 ........................................ 5
Exhibit 13 ........................................ 5
Exhibit 2 ........................................ 1
Exhibit 3 ........................................ 1
Exhibit 4 ........................................ 2
Exhibit 5 ........................................ 2
Exhibit 6 ........................................ 3
Exhibit 7 ........................................ 3
Exhibit 8 ........................................ 3
Exhibit 9 ........................................ 3

## TREATISES

*H. Charles Allen Wright, Arthur R. Miller & Richard W. Marcus*, Fed. Practice and Procedure § 2024 at 337-38 (2d Ed. 1994) ........................................ 16

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **A.A.B JOINT VENTURE,** | ) | |
| | ) | |
| ` **Plaintiff,** | ) | |
| | ) | **Case Nos. 04-1719C, 04-1792C, and** |
| | ) | **05-114C (CONSOLIDATED)** |
| | ) | **(Chief Judge Damich)** |
| **vii.** | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY WITH RESPECT TO DEFENDANT'S ANSWERS TO INTERROGATORIES IN CASE NOS. 04-1719C, 04-1792C AND 05-114C**

Plaintiff ("A.A.B") hereby moves pursuant to Rules 37(a)(2) and 37(a)(4) of the United States Court of Federal Claims for an Order compelling Defendant The United States to file full, complete responses to certain interrogatories enumerated herein and pay Plaintiff the reasonable expenses incurred in making the motion, including attorney's fees.

## I. FACTUAL BACKGROUND

1. On August 12, 2005 Plaintiff filed its first set of interrogatories to Defendant The United States of America in 04-1719. (Exhibit 1).

2. On September 12, 2005 Defendant filed its response to Plaintiff's first set of interrogatories. (Exhibit 2).

3. Plaintiff filed its first set of interrogatories to Defendant The United States of America in 05-114 on September 19, 2005 (Exhibit 3).

4. By letter dated September 20, 2005 Plaintiff advised Defendant that it considered Defendant's responses to the interrogatories filed in 04-1719C, to be, in many

respects, "incomplete or otherwise deficient." (Exhibit 4). The letter further stated that in accordance with Rule 37 and paragraph 8(d) of the Court's Special Procedures Order, the letter constituted Plaintiff's good faith effort to resolve the problems noted therein.

5. The September 20, 2005 letter noted that the Government's responses to interrogatories, 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 20, 23, 24, 25, 27, 28, 29, 30, 33, 34, 35, 36, 38, 39, 40, 42, 47 and 50 were deficient based upon the Government's erroneous invocation of Rule 33(d). Specifically, that the Government's broad statement that any relevant information that may fall within the intended scope of the interrogatory is ascertainable generally from the documents that will be produced in accordance with Defendant's responses to Plaintiff's request for production of documents, was inadequate under applicable case law since it constituted nothing more than direction of Plaintiff to a mass of business records.

6. The letter also noted that the responses to interrogatories 4, 29, 30, 38, 39, 40, 47 and 50 were deficient for an additional reason; namely Rule 33(d) may not be utilized when an interrogatory merely seeks identification of documents, rather than data. Finally, the letter noted other objections pertaining to the responses to interrogatories 2 and 3, and concluded by noting that the Government was required to file complete supplemental answers and should do so as soon as possible.

7. The Government responded by letter dated September 22, 2005 (Exhibit 5), stating that it agreed as a general proposition that Rule 33(c) requires more than a general reference to documents being produced, although the Government did not agree that the degree of specificity described in some of the cases cited was required. It asserted that because of certain objections that were raised with respect to various interrogatories it was "not required to

otherwise answer these interrogatories by reference to the documents or otherwise, much less provide indices."

8. The Government concluded by noting "despite the objections we have asserted, we are willing to consider supplementing the Government's response to Plaintiff's interrogatories, if you define the areas as to which you desire supplementation narrowly and clearly enough so that answers may be provided without undue burden and consistent with applicable privileges."

9. On September 22, 2005 Plaintiff filed its first set of interrogatories in case 04-1792 to Defendant the United States of America (Exhibit 6).

10. On October 21, 2005 Defendant filed its response to Plaintiff's first set of interrogatories in 05-114. (Exhibit 7).

11. On November 4, 2005 Defendant filed its response to Plaintiff's first set of interrogatories in 04-1792. (Exhibit 8).

12. By letter dated November 10, 2005 Plaintiff responded to the Government's September 22, 2005 letter (Exhibit 9). The response enumerated Plaintiff's initial objections to the Government's recently filed answers in 05-114 and 04-1792, and noted that the letter constituted a further good faith effort as required by Rule 37 and paragraph 8(d) of the Special Procedures Order. The letter also: (a) explained that the Government's objections as to undue burden were both without merit and disingenuous; (b) noted that the Joint Venture recognized that the Government was not required to produce documents or provide information that was privileged but the Government's blanket assertion of privilege with respect to interrogatories 8 through 17 was unsupportable, citing established Board of Contract Appeals cases holding that documents generated in the review and evaluation of REAs and certified

claims were discoverable; (c) reiterated that the Government's responses to interrogatories 4, 29, 30, 38, 39, 40, 47 and 50 were deficient based on the Government's failure to meet its obligations under Rule 33(d) and that 33(d) may not be utilized when an interrogatory seeks merely to identify certain documents; (d) noted that the Government's answers to interrogatories 4, 8 through 17, 20, 23, 24 through 28, 33 through 36 and 42 were deficient because of the Government's failure to meet its obligations under Rule 33(d); (e) noted that Plaintiff's concerns with regard to the answers to interrogatories were now substantially greater given the Government's "wholly deficient production of documents" which would be addressed under separate cover; and (f) stated the Government was required to supplement its responses to comply with its obligations under the rules and that proper supplementation was required by November 18, 2005.

13. By letter dated November 23, 2005 the Government stated that it would respond to Plaintiff's November 10, 2005 letter pertaining to answers to interrogatories "in a separate letter." (Exhibit 10). However, the Government failed to do so.

14. As a result, by letter dated December 12, 2005, Plaintiff summarized the prior correspondence pertaining to answers to interrogatories as well as its prior request that the Government properly supplement its answers to interrogatories <u>in all three cases</u> on or before November 18, 2005. (Exhibit 11). The letter noted that it had <u>now been approximately one month since Plaintiff's November 10 letter and that the Government had neither supplemented its responses to the interrogatories in the three cases nor responded to the November 10 letter</u>.

15. The December 12, 2005 letter concluded that the Government had not complied with its obligations in responding to interrogatories in all three cases and that its failure

to supplement by November 18, 2005 or even respond to Plaintiff's counsel's letter for a month was "completely unacceptable." The letter concluded as follows "Unless I receive proper answers to interrogatories in all three cases by December 19, 2005 I will have no choice but to file an immediate motion to compel."

16. The Government finally responded to Plaintiff's November 10, 2005 letter by letter dated December 14, 2005. (Exhibit 12). The letter was a mere reiteration of the Government's earlier assertions. The Government also responded to Plaintiff's objections to the Government's answers to interrogatories 4, 5, 6 in 05-114 and 15, 17, 18, 20 and 21 in 04-1792.

17. By letter dated February 22, 2006 Plaintiff made a further good faith effort to address both the deficient document production by the Government and its responses to interrogatories. (Exhibit 13). In that letter Plaintiff reiterated that it had repeatedly responded to what it considered to be Defendant's incorrect objections, had previously notified the Government of significant case law contrary to the Government's positions and continued to assert that the Government's responses to interrogatories were deficient with respect to interrogatories 4, 29, 30, 38, 39, 40, 47 and 50 as well as 4, 8 through 17, 20, 23, 24 through 28, 33 through 36 and 42 pertaining to 04-1719. The letter reiterated that the JV continued to have significant problems with the Government's answers to interrogatories as noted, as well as the Government's deficient document production. The letter further noted that the Government had stated on December 14, 2005 that it was in the process of preparing supplemental interrogatory responses. As of February 22, 2006, and indeed as of the date of this motion, those supplemental responses have never been provided. The letter concluded with respect to the answers to interrogatories as follows: "In conclusion the Government has failed to provide adequate

response. Unless adequate supplementation to your interrogatory answers is received by February 28, 2006 we will have no choice but to file a motion to compel."

18. As of today, the Government has not, contrary to its previous representations, supplemented any of its answers to interrogatories. Moreover, Plaintiff submits that the Government's answers to interrogatories are wholly inadequate, insufficient and contrary to established case law. Accordingly, Plaintiff requests that this Motion to Compel be granted and sanctions imposed.

## II. DEFENDANT'S ANSWERS TO INTERROGATORIES ARE INSUFFICIENT AS A MATTER OF LAW

In connection with all three sets of interrogatories Plaintiff has far exceeded its obligation to make a good faith effort to resolve the dispute. As detailed in the fact portion of this motion, Plaintiff sent letters to Defendant on September 20, 2005, November 10, 2005, December 12, 2005 and February 22, 2006 in a good faith effort to address the deficient interrogatory answers and resolve those disputes.

All of these efforts were unsuccessful. At one point, by letter dated December 14, 2005, the Government stated that it was in the process of preparing supplemental interrogatory responses. However, as of the date of this motion the Government has not, contrary to its statements, supplemented any of its answers to interrogatories. Moreover, as addressed below, Plaintiff submits that the Government's answers to all three sets of interrogatories are wholly inadequate, insufficient and contrary to established case law. Therefore the motion should be granted and Rule 37(a)(4) sanctions imposed.

Defendant's objections to the interrogatories fall into three major categories: (1) Defendant's erroneous use of RCFC Rule 33(d); (2) Defendant's blanket assertion of privilege with respect to interrogatories seeking information pertaining to the Government's review and

evaluation of Plaintiff's REAs and certified claims;[1] and (3) the Government's erroneous assertion of attorney-client privilege and the work-product doctrine. As noted, item (2) has been addressed in plaintiff's other Motion to Compel. Items (1) and (3) are discussed below.

**A. Defendant's Erroneous Use of RCFC 33(d)**

Defendant's misuse of RCFC Rule 33(d) was pervasive throughout its responses to all of Plaintiff's interrogatories. Specifically this issue pertains to the Government's responses in 04-1719 to interrogatories, 4, 8- 17, 20, 23, 24, 25, 27- 30, 33, 34, 35, 36, 38, 39, 40, 42, 47 and 50. This issue also applies to the Government's responses to interrogatories 5 and 6 in 05-114C, and interrogatories 15, 17, 18, 20 and 21 in 04-1792.[2]

For illustrative purposes Plaintiff sets forth the following interrogatories from 04-1719C and the Government responses thereto.

INTERROGATORY No. 24

Describe in detail any exploration, testing, analysis and/or evaluation, which was performed at any time prior to award of the Contract, of the subsurface conditions at the Project (including areas not in the scope of A.A.B's work), including (a) the dates of such exploration, analysis and/or evaluation; (b) the result of the exploration, testing, analysis and/or evaluation; (c) the identity of any documents concerning the exploration, testing, analysis and/or evaluation; (d) the documents concerning the request for proposal for the exploration, testing, analysis and/or evaluation; (e) the scope of the exploration, testing, analysis and/or evaluation; (f) any bids received for such exploration, testing, analysis and/or evaluation; (g) the person(s) or entity(ies) who performed the exploration, testing, analysis and/or evaluation; (h) the contract for the exploration, analysis, testing and/or evaluation; and (i) the identity of any persons with knowledge of the exploration, testing, analysis or evaluation.
(e)

RESPONSE

---

1 This objection is addressed in Plaintiff's accompanying Motion to Compel relating to the Government's deficient document production. In short, the information sought is not protected to the extent it was prepared in the ordinary course of business.

2 Defendant incorrectly referred in its answers to Rule 33(c). The correct citation is Rule 33(d).

Defendant objects to this interrogatory upon the ground that it is vague, overbroad, and unduly burdensome. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, Plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff s requests for production of documents in this case.

INTERROGATORY No. 25

Describe in detail any pre-bid USACE or U.S. Government internal analysis or evaluation of the adequacy of (a) the Geotechnical Report; (b) use of seven to ten bore holes as the basis of the geotechnical analysis of the Project site; (c) the lack of access to the site prior to bid; and/or (d) whether the Geotechnical Report met or conformed to the FAR requirements.

RESPONSE

Defendant objects to this interrogatory upon the ground that it is overbroad and unduly burdensome. Defendant further objects to this interrogatory to the extent that it would require disclosure of attorney work-product or information protected by the attorney-client privilege or the attorney work-product doctrine. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

INTERROGATORY No. 27

Describe in detail any review, testing, analysis or evaluation of the subsurface conditions actually encountered during performance of the Contract, including (a) the dates of such review, testing, analysis or evaluation; (b) the results of the review, testing, analysis or evaluation; (c) the identity of any documents concerning the review, testing, analysis or evaluation; and (d) the identity of any persons with knowledge of the review, testing, analysis or evaluation.

RESPONSE

Defendant objects to this interrogatory upon the ground that it is overbroad and unduly burdensome. Defendant further objects to this interrogatory to the extent that it would require disclosure of attorney work-product or information protected by the attorney-client privilege or the attorney work-product doctrine. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

INTERROGATORY No. 34

Describe any review, analysis and/or evaluation of A.A.B's and/or its subcontractors' sorting, screening and/or crushing operations to produce fill material at the Project, including (a) the date(s) of such review, analysis or evaluation; (b) the results of such review, analysis and/or evaluation; (c) the identity of any documents concerning the review, analysis and/or evaluation; and (d) the identity of any person with knowledge of the review, analysis and/or evaluation.

RESPONSE

Defendant objects to this interrogatory upon the ground that it is overbroad and unduly burdensome. Defendant further objects to this interrogatory to the extent that it would require disclosure of attorney work-product or information protected by the attorney-client privilege or the attorney work-product doctrine. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

INTERROGATORY No. 35

Describe in detail any review, analysis and/or evaluation of A.A.B's and/or its subcontractors' excess material disposal operations at the Project, including (a) the date(s) of such review, analysis and/or evaluation; (b) the results of such review, analysis and/or evaluation; (c) the identity of any documents concerning the review, analysis and/or evaluation; and (d) the identity of any person with knowledge of the review, analysis and/or evaluation.

RESPONSE

Defendant objects to this interrogatory upon the ground that it is overbroad and unduly burdensome. Defendant further objects to this interrogatory to the extent that it would require disclosure of attorney work-product or information protected by the attorney-client privilege or the attorney work-product doctrine. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

INTERROGATORY No. 36

Describe in detail any pre-bid review, analysis, evaluation and/or estimate of the costs of removal and/or disposal of the excess excavated material from the Project in accordance with the Contract requirements, including (a) the date(s) of such review, analysis, evaluation and/or estimate; (b) the results of such review, analysis, evaluation and/or estimate; (c) the identity of any documents concerning the review, analysis, evaluation and/or estimate; and (d) the identity of any person with knowledge of the review, analysis, evaluation and/or estimate.

RESPONSE

Defendant objects to this interrogatory upon the ground that it is vague, ambiguous, overbroad and unduly burdensome. Defendant further objects to this interrogatory to the extent that it would require disclosure of attorney work-product or information protected by the attorney-client privilege or the attorney work-product doctrine. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

INTERROGATORY No. 42

Describe in detail any report, analysis or evaluation which compared or contrasted the subsurface materials expected to be encountered at the Project with the subsurface materials actually encountered at the Project, including (a) the dates of such report, analysis or evaluation; (b) the results of such report, analysis or evaluation; (c) the identity of any documents concerning the report, analysis or evaluation; and (d) the identity of any persons with knowledge of the report, analysis or evaluation.

RESPONSE

Defendant objects to this interrogatory upon the ground that it assumes that there was a difference between the subsurface materials expected to be encountered at the Project with the subsurface materials actually encountered at the Project. Defendant further objects to this interrogatory upon the ground that it is vague and ambiguous. In particular, the interrogatory does not indicate whose expectations are referenced by the phrase "expected to be encountered." Defendant further objects to this interrogatory to the extent that it would require disclosure of attorney work-product or information protected by the attorney-client privilege or the attorney work-product doctrine. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

It is well established that a party that responds to an interrogatory by invoking RCFC 33(d) abuses this option when it simply directs the interrogating party to a mass of business records, or offers to make all of their records generally available.[3] *Capacchione v. Charlotte Mecklenburg Schools*, 182 F.R.D. 486, 490 (W.D.N.C. 1998). Rather, when exercising this option the responding party must "specify records from which the answer may be derived or

[3] RCFC 33(d) is identical to FRCP 33(d).

ascertained" RCFC Rule 33(d); *See also Blake Assoc. Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 288 (D. Mass. 1988).

Numerous courts have consistently held that an answering party may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise, they must completely answer the interrogatories without referring to the documents. *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 305 (D. Kan. 1996); A*ccord Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 323 (C.D. Cal. 2004); *Herdlein Technologies v. Century Contractors, Inc.*, 147 F.R.D. 103, 105 (W.D.N.C. 1993) (noting that when a party chooses to produce its business records in lieu of a conventional response it must specifically identify the documents from which the requesting party may derive an answer or it has not responded with the candor and specificity that the rules of discovery require); *S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002) (the response must specify for each interrogatory the actual documents where the information may be found).

Accordingly, the Government's broad statement invoking Rule 33(c) and generally noting that Plaintiff is referred to the "documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents" is clearly insufficient as a matter of law.[4] The net effect of Defendant's answers is simply to provide no answer. Contrary to its obligations, the Government has neither specified which documents contain the answer nor answered the interrogatories without referring to the documents. Such answers are clearly

---

4 The insufficiency of Defendant's responses is exacerbated by its materially deficient document production addressed in a separate motion.

deficient. Plaintiff requests that the Court pass an Order requiring Defendant to file full, complete responses to the identified interrogatories within 7 days.

**B. The Government's Objections Based Upon Attorney-Client Privilege And/Or The Attorney Work-Product Doctrine Are Without Merit**

The Government has also objected to the following interrogatories on the basis of attorney-client privilege/work-product doctrine: Interrogatories 8 – 17, 20, 23, 24, 25, 27, 33, 34, 35, 36, 38, 39, 40, 42 and 47 (Plaintiff's first set of interrogatories – 1719); interrogatories 5 and 6 (05-114), and interrogatories 15, 17, 18, 20 and 21 (04-1792).

The following discussion applies to the Government's responses to each of the interrogatories noted above. For illustration purposes Plaintiff sets forth the following interrogatories from 1719 and the Government response thereto:

INTERROGATORY No. 8

Describe in detail any review, analysis or evaluation of A.A.B's claim for equitable adjustment (including any subsequent revision) and/or certified claim for the additional costs associated with disposal of excess materials at the site (Count I), including (a) the dates of such review, analysis or evaluation; (b) the result of the review, analysis or evaluation; (c) the identity of any documents concerning such review, analysis or evaluation; and (d) the identity of all persons with knowledge of such review, analysis or evaluation.

RESPONSE

Defendant objects to this interrogatory upon the ground that the requested information consists of attorney work-product and material protected by the attorney-client privilege or the attorney work-product doctrine. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, Plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

INTERROGATORY No. 16

Describe in detail any review, analysis or evaluation of A.A.B's claim for equitable adjustment (or any subsequent revision) and/or certified claim for the additional costs of added pile lengths in Segment 12 (Count IX), including (a) the date(s) of such review, analysis or evaluation: (b) the results of such review, analysis or evaluation; (c) the identity of any

documents concerning the review, analysis or evaluation; and (d) the identity of any persons with knowledge of the review, analysis or evaluation.

RESPONSE

Defendant objects to this interrogatory upon the ground that the requested information consists of attorney work-product and material protected by the attorney-client privilege or the attorney work-product doctrine. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, Plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

INTERROGATORY No. 17

Describe in detail any review, analysis or evaluation of A.A.B's claim for equitable adjustment (or any subsequent revision) and/or certified claim for the additional costs of added pile lengths in Segment 23 (Count X), including (a) the date(s) of such review, analysis or evaluation; (b) the result of such review, analysis or evaluation; (c) the identity of any documents concerning the review, analysis or evaluation; and (d) the identity of any persons with knowledge of the review, analysis or evaluation.

RESPONSE

Defendant objects to this interrogatory upon the ground that the requested information consists of attorney work-product and material protected by the attorney-client privilege or the attorney work-product doctrine. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

INTERROGATORY No. 20

Identify any review, analysis and/or evaluation of (a) A.A.B's requests for equitable adjustment for unanticipated subsurface conditions; and/or (b,) A.A.B's presentation at the December 3, 2004 meeting, including (a) the date(s) of such review, analysis or evaluation; (b) the result of such review, analysis or evaluation; (c) the identity of all documents concerning such review, analysis and/or evaluation; and (d) the identity of all persons with knowledge of the review, analysis and/or evaluation.

RESPONSE

Defendant objects to this interrogatory upon the ground that the requested information consists of attorney work-product and material protected by the attorney-client privilege or the attorney work-product doctrine. Further, Defendant is not aware of any meeting on December 3, 2004. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, plaintiff is referred, pursuant to RCFC 33(c), to the

documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

INTERROGATORY No. 23

Identify any review, analysis and/or evaluation of A.A.B's March 2, 2004 answers in response to the questions in the aforementioned December 19, 2003 letter, including (a) the date(s) of the review, analysis and/or evaluation; (b) the results of the review, analysis or evaluation; (c) the result of the review, analysis and/or evaluation; (d) all documents concerning the review, analysis and/or evaluation; and (e) the identity of all persons with knowledge of the review, analysis and/or evaluation.

RESPONSE

Defendant objects to this interrogatory upon the ground that it is overbroad, unduly burdensome. Defendant further objects to this interrogatory to the extent that it would require disclosure of attorney work-product or information protected by the attorney-client privilege or the attorney work-product doctrine. To the extent that any relevant, non-privileged information may fall within the intended scope of this interrogatory, plaintiff is referred, pursuant to RCFC 33(c), to the documents to be produced in accordance with Defendant's responses to plaintiff's requests for production of documents in this case.

Interrogatories 8 through 17 are proper interrogatories seeking information pertaining to any review, analysis or evaluation of Plaintiff's claim for equitable adjustment and/or its certified claims for disposal of excess materials (8), segment 67 (9), segment 45 (10), segment 56 (11), segment 34 (12), segments 10, 78 and 89 (13), segment 91 (14), segment 11 (15), segment 12 (16) and segment 23 (17).

Interrogatory 20 seeks information pertaining to the review, analysis and/or evaluation of Plaintiff's requests for equitable adjustment and/or Plaintiff's presentation at the December 3, 2004 (sic) meeting. Interrogatory 23 seeks any review, analysis or evaluation of Plaintiff's March 2, 2004 answers. The interrogatories also seek information regarding any exploration, testing, analysis and/or evaluation performed prior to award of the contract of the subsurface conditions (24); any pre-bid Government internal analysis or evaluation of various aspects of the Geotechnical Report (25); any review, testing, analysis or evaluation of the subsurface conditions

actually encountered during performance of the contract (27); any estimate prepared prior to award of the contract of the cost of earthworks and/or foundation excavation or cut-and-fill quantities (28); identification of all persons who observed earthwork and/or foundation excavation operations (29); identification of all persons who observed the subsurface conditions that were actually encountered (30); any review, analysis or evaluation of subgrade soil replacement operations at the site (33); any review, analysis or evaluation of sorting, screening and/or crushing operations to produce fill material (34); any review, analysis and/or evaluation of excess material disposal operations (35); any pre-bid review, analysis, evaluation or estimate of the costs of removal and/or disposal of excess excavated material (36); and communications concerning claims (38). Interrogatories 4, 39, 40, 42, 47 and 50 are additional interrogatories which seek discoverable information pertaining to the earthworks claims.

In Docket 05-114 Interrogatory No. 5 seeks the identification and production of any schedules or schedule analyses prepared, reviewed or prepared for Defendant relating to the TCN labor claim and Interrogatory No. 6 seeks any review, analysis or evaluation of the claim for equitable adjustment and/or the certified TCN labor claim.

The Interrogatories at issue in 04-1792 seek the following information: Any review, analysis or evaluation of the claim (15); any review analysis or evaluation of the sorting, screening and/or crushing operations to produce fill material (17); communications concerning the claim (18); communications concerning the legal and/or contractual requirements for the preparation, manufacture, placement or compaction of fill material (20); and identification of agreements concerning the project (21).

All of the aforementioned interrogatories seek facts and information, not documents. It is well established that the work-product doctrine provides protection only for documents and

tangible things and not for facts a party may have learned, even if they were learned from work-product documents that are not themselves discoverable. *Westside Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 U.S. Dist. LEXIS 8938, at *3 (E.D. La. June 10, 1998); *H. Charles Allen Wright, Arthur R. Miller & Richard W. Marcus*, Fed. Practice and Procedure § 2024 at 337-38 (2d Ed. 1994); *accord Pac. Gas and Elec. Co., v. United States*, 69 Fed. Cl. 784, 798 (2006) (holding that witness responses to deposition questions regarding the preparation of Plaintiff's damages claim are not documents or tangible things under RCFC 26(b)(3)). Therefore, Defendant's work-product objections are without merit.

Finally, as noted, the interrogatories seek facts and information. The attorney-client privilege attaches not to the underlying factual information, but to the communication of the information. *Yankee Atomic Elec. Co. v. United States,* 54 Fed. Cl. 306, 314 (2002). Therefore, it provides no basis for objection.

## III. <u>CONCLUSION</u>

The Government's objections with respect to the noted interrogatories are without merit. Its assertion of Rule 33(c) is erroneous, and its attorney-client and work-product objections are baseless.

Accordingly, Plaintiff requests that the Court issue an Order requiring the Government to provide full, complete responses to Interrogatories 8 through 17, 20, 23 through 27, 33 through

36, 38 through 40, 42, 47 and 50 (1719), 5 and 6 (05-114) and 15, 17, 18, 20 and 21 (04-1792) within 7 days, and pay Plaintiff its reasonable expenses incurred in making the motion, including attorney's fees.

August 4, 2006

Respectfully submitted

/s/______________________________

Brian Cohen
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W.
Suite 1200
Washington, DC 20036
(202) 466-6300

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Plaintiff's Motion for Order Compelling Discovery With Respect To Defendant's Answers to Inte