**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **A.A.B JOINT VENTURE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case Nos. 04-1719C, 04-1792C, and** |
| **v.** | ) | **05-114C (CONSOLIDATED)** |
| | ) | **(Chief Judge Damich)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**AFFIDAVIT OF STEPHEN DENISON KEENEY**

Stephen Denison Keeney, first being duly sworn on oath, subject to the penalties for perjury, deposes and states, to his personal knowledge, the following:

1. I am employed by A.A.B Susa, Inc., a New Jersey based construction company which is one of the three partners in the A.A.B Joint Venture.

2. The contract was signed by the United States Army Corps of Engineers ("USACE") on June 5, 2001, and by the A.A.B Joint Venture on June 11, 2001. Since the July 11, 2001 USACE approval, I have been the Project Director of the Nachshonim Military Storage Base Project, which involved the design and construction of a storage and logistics complex for use by the Israeli Defense Force. The Project, which involved the construction of roughly 200 buildings and supporting infrastructure and site development, is located approximately 20 km. east of Tel Aviv, Israel.

3. I am familiar with and have personal knowledge of the pile length certified claims and the excess material disposal certified claims.

4. I also have personal knowledge of the subgrade replacement claim, including the requests for equitable adjustment for Segments 56 and 45 which were submitted to the Government respectively on July 29, 2002 and August 11, 2002.

5. In connection with the subgrade replacement claims I sent a letter to the Government on March 26, 2003. That letter indicated that the Joint Venture and the Government were in the process of negotiating a unit cost for this work. It was my understanding at that time that the Government intended to issue a modification compensating A.A.B for its extra costs for subgrade replacement under the structures.

6. In fact, on January 30, 2004 the Government issued Modifications 46 and 47 which compensated the Joint Venture for its extra costs incurred in subgrade replacements for Roads 16 in the amount of $73,100 for P46 and for its extra costs incurred in subgrade replacement for Roads 12 and 17 in the amount of $84,500 for P47. Modifications 46 and 47 were based on Government's request for proposal M-1010 and M-1072, respectively. Likewise, the Government issued request for proposal M-1026 for Subgrade Replacement in Segment 56.

7. I reasonably believed that since the Government had negotiated and issued change orders for the Government designer's recommendation for subgrade replacement for the roads that the Government would negotiate the same or a similar unit price and compensate the Joint Venture for the Joint Venture designer's recommendation for subgrade replacement for the DSB structures. Because of that, the Joint Venture did not believe it needed to follow up its requests for equitable adjustment with certified claims for subgrade replacement under the structures and accordingly did not do so.

8. The subgrade replacement claim involves the same physical locations and legal theories at issue in the pile length differing site conditions certified claims. The piling is placed under and forms a part of the foundation under each structure. The Joint Venture's geotechnical designer, Eng. M. Yuger, would inspect each building lot to recommend any subgrade replacement, only after the piling was installed and the tailings from the pile drilling were visible

to evaluate unsuitable subsurface conditions. The subgrade replacement claim is merely additional damages flowing from the material differences between the actual and anticipated subsurface conditions. Both claims (pile length and subgrade replacement) are based on a comparison between what the geotechnical report reasonably indicated the subsurface conditions would be versus the actual subsurface conditions in the same locations i.e. the structures in Segments 11, 23, 34, 45, 56, 67 and 91.

The foregoing is true to my personal knowledge.

Dated: August 28, 2006

s/ Stephen Denison Keeney
Stephen Denison Keeney