IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1719C, No. 05-114C, No. 05-1172C, |
| | ) | and No. 06-49C |
| THE UNITED STATES, | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

Defendant has requested an enlargement of time to and including September 8, 2006, within which to respond to Plaintiff's Motion for Order Compelling Discovery with Respect to Defendant's Answers to Interrogatories In Case Nos. 04-1719C, 04-1792C and 05-114C, and Plaintiff's Motion for Order Compelling Discovery with Respect to Defendant's Responses to Plaintiff's Requests for Production of Documents in Case Nos. 04-1719C, 04-1792C and 05-114C. Plaintiff opposes this request, stating that, since the motions were filed on August 4, 2006, the result of granting the request "will be to accord the Government 35 days to respond to the motions," and that this "is excessive and unwarranted." Plaintiff's Response 1.

There is nothing excessive, however, about 35 days to respond to motions of the size and scope of plaintiff's two motions to compel. Plaintiff argues that, despite the length of the briefs and the volume of the other papers filed in support of these motions, the issues raised and the papers submitted were familiar to the Government based upon the parties' previous communications. Our request for additional time within which to respond is not based, however, upon any claim that the matters raised in the motion come as a surprise to the Government. Rather, it is based upon the fact that, even with this familiarity, for the Government to prepare an

appropriate response to the assertions and arguments contained in these motions requires a substantial amount of time.

That 35 days is not an excessive amount of time to prepare a response is evident from the fact that, as plaintiff itself observes, plaintiff threatened to file a motion to compel in December 2005 and in February 2006. If the issues raised by plaintiff's motions to compel were as simple and as urgent as plaintiff suggests, one would have expected plaintiff to file these motions much sooner. To the extent that the filing of plaintiff's motions may have been delayed by the need to attend to various other activities in this litigation, such as other discovery and the briefing of substantive motions, the Government was occupied with the same activities during the same period, and had no more time than did plaintiff for attempting to resolve outstanding issues concerning the parties' respective discovery responses. And, although there may be any number of other reasons why plaintiff chose to file its motions when it did, the Government cannot be expected to be ready with a rapid response at the time of plaintiff's choosing. This is especially true in view of the fact that, as this Court's docket reflects, Government counsel is attorney of record in a very large number of other active cases pending in this Court.

Plaintiff's motions to compel, like the discovery requests to which they pertain, are lengthy and very time-consuming to address. Plaintiff was entitled to include as much in its motions as it deemed appropriate, but, it could not reasonably expect that the time required for a response would not be affected by the length of the motions. Under the circumstances, the enlargement of time that we have requested is quite reasonable.

For the foregoing reasons, we respectfully request that our motion for an enlargement of time be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

September 1, 2006