**Request for International Judicial Assistance**
**pursuant to the Hague Convention of 18 March 1970**
**on the Taking of Evidence Abroad in Civil or Commercial Matters**

# Request for Production of Documents and Oral Deposition of Assa Aharoni

| | |
|---|---|
| 1. Sender: | Honorable Judge Edward J. Damich, Chief Judge<br>United States Court of Federal Claims<br>717 Madison Place<br>Washington, D.C. 20001 |
| 2. Central Authority of the Requested State: | Director of Courts<br>22 Kanfei Nesharim St.<br>Jerusalem, 95464 Israel<br>Telephone (972) (2) 655-6843<br>Facsimile (972) (2) 655-6846 |
| 3. Person/entity to whom the executed request is to be served upon: | Mr. Assa Aharoni<br>Assa Aharoni Consulting Engineers, Ltd.<br>P.O.B. 2072<br>Tirat Carmel, Israel |
| **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:** | |
| 4. a. Requesting judicial authority (article 3,a): | Honorable Judge Edward J. Damich, Chief Judge<br>United States Court of Federal Claims<br>717 Madison Place<br>Washington, D.C. 20001 |
| b. To the competent authority of (article 3,a): | The State of Israel |
| c. Name of the case and any identifying number: | A.A.B Joint Venture v. United States, United States Court of Federal Claims, Case No. 04-1719-C (Consolidated) |

| | |
|---|---|
| 5. Name and addresses of the parties and their representatives (including representatives in the requested State) (article 3,b) | |
| a. Plaintiff: | A.A.B Joint Venture<br>P.O. Box 37, Rosh HaAyin, 68100 Israel<br>Attn: Mr. S. Denison Keeney |
| Representatives/Attorneys: | Brian Cohen, Esquire<br>Lawrence M. Prosen, Esquire<br>Philip Clark Jones, Esq.<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>202-955-6834 (telephone)<br>202-955-4117 (facsimile)<br>bcohen@bellboyd.com<br><br>Devorah M. Patt. Adv.<br>P.O. Box 2221<br>Sayvon, Israel<br>972 3 7369844 |
| b. Defendant: | United States of America |
| Representatives/Attorneys: | Shalom Brilliant, Esquire<br>Senior Trial Counsel<br>Commercial Litigation Branch, Civil Division<br>United States Department of Justice<br>Attention: Classification Unit<br>8th. Floor, 1100 L Street, N.W.<br>Washington, D.C. 20530 USA<br>202-305-7561 (telephone)<br>202-305-7643 (facsimile)<br>Shalom.Brilliant@usdoj.gov |
| c. Other parties: | None |
| d. Representatives: | None |

| | |
|---|---|
| 6. a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (article 3,c): | Claim by contractor for equitable adjustment of contract price pursuant to Federal Contract Disputes Act, arising out of construction of Nachshonim Military Storage Base, Elad, Israel. |
| b. Summary of complaint: | Contractor asserts claims for extra compensation and time extensions arising out of the earthworks, construction of dry storage buildings, and paint selection. |
| c. Summary of defense and counterclaim: | The United States denies liability. |
| d. Other necessary information or documents: | None |
| 7. a. Evidence to be obtained or other judicial act to be performed (article 3,d): | AAB Joint Venture seeks to take the oral testimony, under oath, of Mr. Assa Aharoni concerning the topics described in Exhibit B.<br><br>Unless the parties agree to different time or place, the deposition (oral examination) will be conducted as follows:<br><br>**Time / Date:** 9:30 a.m. on Thursday October 26, 2006<br>**Place:** Fischer Behar Chen & Co.<br>3 Daniel Frisch Street<br>Tel Aviv 64731, Israel |
| b. Purpose of the evidence or judicial act sought: | Collection of evidence in aid of prosecuting the litigation identified above in Block 6. |
| 8. Identity and address of any person to be examined (article 3,e): | Mr. Assa Aharoni<br>Assa Aharoni Consulting Engineers, Ltd.<br>P.O.B. 2072<br>Tirat Carmel, Israel |
| 9. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3,f): | See Exhibit B for the topics on which AAB Joint Venture seeks to examine Mr. Assa Aharoni |

| | |
|---|---|
| 10. Documents or other property to be inspected (article 3,g): | No less than one week prior to the scheduled deposition, Mr. Assa Aharoni shall produce for inspection and copying the documents described in Exhibit C. If no time and place are agreed to between the parties, the documents will be produced as follows:<br>**Time/ Date:** 9:30 a.m., Thursday, October 19, 2006,<br>**Place:** Fischer Behar Chen & Co.<br>3 Daniel Frisch Street<br>Tel Aviv 64731, Israel |
| 11. Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3,h): | The oral examination will be under oath or affirmation. |
| 12. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (articles 3,i and 9): | The examination by the attorney for the AAB Joint Venture of Mr. Aharoni will be conducted by oral questions and answers to be recorded and transcribed verbatim. If counsel for the United States so desires he may cross examine the witness. |
| 13. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7): | Please notify Plaintiff's Counsel, Brian Cohen, Esquire, Bell, Boyd & Lloyd PLLC, 1615 L Street, N.W., Suite 1200, Washington, D.C. 20036-5610 USA; 202-955-6834 (telephone), 202-955-4117 (facsimile); bcohen@bellboyd.com, both verbally and in writing immediately upon service of this document upon the party identified in block 3 above.<br><br>Note: Coordination of the time and place of the document production and deposition should be coordinated with:<br><br>Devorah M. Patt. Adv.<br>P.O. Box 2221<br>Sayvon, Israel<br>972 3 7369844<br>dpatt@netvision.net.il |
| 14. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8): | Not applicable |

"A-E"

| | |
|---|---|
| 15. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11,b): | Not applicable |
| 16. The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by: | Plaintiff, A.A.B Joint Venture, care of<br>Brian Cohen, Esquire<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>202-955-6834 (telephone)<br>202-955-4117 (facsimile)<br>bcohen@bellboyd.com |
| DATE OF REQUEST | So requested this 20th day of September, 2006. |
| SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | Edward J. Damich<br>The Honorable Edward J. Damich<br>Chief Judge, United States Court of Federal Claims |

**Exhibit A – Instructions and Definitions**

All of the topics for oral examination (Exhibit B) and the documents to be produced for inspection and copying (Exhibit C) relate to the Nachshonim Military Storage Base, near Elad, Israel ("the Project"), which was constructed by the A.A.B Joint Venture under Contract No. DACA90-01-C-0043 with the United States Army Corps of Engineers.

With respect to the deposition (oral inquiry, under oath), Mr. Aharoni will be examined on all aspects of the design of the Dry Storage Buildings and the paint specification for the Dry Storage Building exterior panels. Exhibit B sets forth some of the specific topics of inquiry, but the examination will not be limited to just those topics.

In the Topics for Inquiry, "your" refers both to Mr. Assa Aharoni personally as well as to Assa Aharoni Consulting Engineers, Ltd.

**EXHIBIT B – Topics for Inquiry – Mr. Assa Aharoni**

1. Describe in detail your educational and professional background, and the experience and areas of specialty of your firm.

2. Describe in detail your involvement in the design and construction of the Dry Storage Buildings, from the start of negotiations of your contract to the completion of the Project.

3. Describe your previous experience in designing dry storage buildings.

4. Describe in detail your involvement in the preparation of the specifications for the Project.

5. Identify any other buildings that were visited by you in connection with your design (prior to bids, or after the commencement of construction), specifically with regard to the sealing of the envelope, placement of steel, and pressure testing.

6. Identify each design professional in your firm that participated in the Project, and the details of each such person's involvement.

7. Identify all design professionals outside your firm with whom you consulted concerning the design of the Dry Storage Buildings, and the details of the advice or information provided by each such design professional.

8. Describe in detail your involvement in establishing the criteria for the pressure tests, all sources of information you consulted with respect to such pressure tests, and your involvement in the performance of the pressure tests.

9. Describe in detail your involvement or participation in the Project after award of the contract to A.A.B Joint Venture.

10. Describe in detail your involvement in responding to requests on the part of the Contractor to change the design requirements and/or the air tightness requirements for the Dry Storage Buildings.

11. Describe in detail your involvement in responding to requests on the part of the Contractor to change the required tests for air tightness of the Dry Storage Buildings.

12. Describe in detail the reasons and engineering justification for the requirement for external panel cladding and internal structural steel.

13. Describe in detail the reasons and engineering justification for the requirement that the exterior panels meet a L/600 deflection requirement.

14. Describe in detail the reasons and engineering justification for the initial choice of "M-20" space frame bolts, and reasons for any changes that were made to this requirement.

15. Describe in detail your involvement in preparation of any cost estimates (prior to or after contract award) for construction of the Dry Storage Buildings or any components thereof.

16. Identify all meetings you or your professional staff attended related in any way to the design or construction of the Dry Storage Buildings (including but not limited to panel cladding, roof, walls, and/or placement of structural steel), identify the date of each such meeting, the identity of the attendees, and if no written record of such meeting was prepared, to the best of your recollection the details of the subjects or issues that were discussed at each such meeting.

17. Describe in detail each site visit you or your professional staff made to the Project, including the date thereof, what you observed, who was present, and the details of what was discussed during such visit.

18. State whether you are aware of any other buildings in existence in the world that maintained equal or nearly equal pressure to that required for the design of the Dry Storage Buildings.

19. Describe exactly what was being tested for in the required pressure tests, that is,

whether the test was to determine the degree to which the building could contain the air inside the building, or the degree to which external air was allowed into the building.

20. Describe in detail your knowledge and opinions concerning the mock-up of the Dry Storage Building panels that was performed by the A.A.B. Joint Venture in Ashdod.

21. State whether prior to bid or at any point after bid you became aware of any concern or doubt on the part of any person, including the Israeli Defense Forces, Ministry of Defense or United States Corps of Engineers, concerning the feasibility of meeting the pressure test requirements for the Dry Storage Buildings, and if so, identify each such person and relate the full details of what was expressed and when and to whom it was expressed.

22. State whether in your professional opinion the ability of the Dry Storage Buildings to meet the required pressure tests is dependent on or relevant to the placement (internal versus external) of the structural steel.

23. Describe in detail each change to the design requirements for the Dry Storage Buildings that was made after issuance of the contract by the U.S. Corps of Engineers to the A.A.B. Joint Venture, and the reasons for each such change.

24. State whether in your professional opinion based on the information available to you today the pressure test requirements as set forth in the original contract requirements were capable of being met..

25. Describe in detail your involvement in the preparation of the specifications for the paint on the Dry Storage Building panels, including but not limited to all source of information consulted with respect to the preparation of such specifications.

26. Describe in detail the reasons and engineering justification for each of the requirements for the Dry Storage Building panel paint.

27. Describe in detail your involvement in consideration of requests on the part of the A.A.B. Joint Venture for changes / proposed alternates to the paint specifications, and the

reasons and engineering justification for your recommendations with respect to each such request for changes / proposed alternates.

**Exhibit C – Documents to be Produced for Inspection and Copying**

1. Your contract for the performance of design and other services for the Project.

2. The final drawings for the Dry Storage Buildings, and all earlier drafts.

3. The final specifications for the Dry Storage Buildings and panel paint, and all earlier drafts.

4. All communications with other persons / institutions related to the Project, including but not limited to letters, emails, notes, reports, submittals, etc. Your response should include (but not be limited to) all communications with the United States Corps of Engineers, Israeli Defense Forces, Ministry of Defense, and outside consultants or design professionals.

5. All internal documents related to the Project, including but not limited to meeting minutes, inspection reports, trip reports, memoranda, speed memos, etc.

6. All documents related to the deflection requirements for exterior panels.

7. All documents related to the choice of bolt size for the space frame.

8. All documents related to the specifications for the paint for the Dry Storage Building panels.

9. All documents related to requests by the Contractor for changes in the specifications.

**CERTIFICATE OF TRANSLATION**

I, Yuval Rosen, bearer of Israeli Identity Document No. 054757828, of 27 Soutine Street, Tel Aviv, Israel, HEREBY DECLARE AND CERTIFY as follows:

1. I was admitted as an Advocate of the Israel Bar on 31st May 1994 and I am proficient in both the English and Hebrew languages.

2. I am self-employed as legal counsel and translator and specialise in the translation of legal documentation.

3. I have extensive experience in both the drafting and translation of legal documentation.

4. In the course of my employment as aforesaid, I translated the English documentation annexed hereto and marked "A-E" into Hebrew to the best of my ability, and my interpretation and translation of the said documentation, which is annexed hereto and marked "A-H", is, to the best of my knowledge and belief, reasonable and accurate.

AS WITNESS my hand this 14th day of September 2006

יובל רוזן, עו"ד

Yuval Rosen, Adv.

**בקשה לעזרה משפטית בינלאומית**
**בהתאם לאמנה בדבר גביית ראיות בחוץ לארץ בעניינים אזרחיים או מסחריים**
**שנחתמה בהאג ביום 18 במארס 1970**

**בקשה להמצאת מסמכים**
**ועדות בעל פה של אסא אהרוני**

| | |
|---|---|
| 1. השולח: | כב' השופט אדוארד ג'יי דאמיך, שופט ראשי<br>בית המשפט של ארצות הברית לתביעות פדראליות<br>717 Madison Place<br>Washington, D.C. 20001 |
| 2. הרשות המרכזית של המדינה המבקשת: | מנהל בתי המשפט<br>רח' כנפי נשרים 22<br>ירושלים 95464, ישראל<br>טלפון 655-6843 (2) (972)<br>פקסימיליה 655-6846 (2) (972) |
| 3. האדם / הגוף שיש להמציא לו את הבקשה החתומה: | מר אסא אהרוני<br>אסא אהרוני מהנדסים יועצים בע"מ<br>ת"ד 2072<br>טירת הכרמל, ישראל |
| **בהתאם לסעיף 3 של האמנה, מתכבד המבקש החתום מטה להגיש את הבקשה המפורטת להלן:** | |
| 4. א. הרשות המשפטית המבקשת (סעיף 3, א): | כב' השופט אדוארד ג'יי דאמיך, שופט ראשי<br>בית המשפט של ארצות הברית לתביעות פדראליות<br>717 Madison Place<br>Washington, D.C. 20001 |
| ב. אל הרשות המוסמכת של (סעיף 3, א): | מדינת ישראל |
| ג. שם התיק וכל מספר מזהה: | א. א. ב. מיזם משותף נ' ארצות הברית, בית המשפט של ארצות הברית לתביעות פדראליות, תיק מס' 04-1719-C (מאוחד) |

| | |
|---|---|
| 5. שמות הצדדים ונציגיהם ומעניהם (לרבות נציגים במדינה המתבקשת) (סעיף 3. ב) | |
| א. התובע: | א. א. ב. מיזם משותף<br>ת"ד 37, ראש העין, 68100, ישראל<br>לידיעת: מר ס. דניסון קיני |
| נציגים / באי כח: | בריאן כהן, עורך דין<br>לורנס מ. פרוסן, עורך דין<br>פיליפ קלארק ג'ונס, עורך דין<br>בל, בויד ולויד, משרד עורכי דין<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>טלפון: 202-955-6834<br>פקסימיליה: 202-955-4117<br>bcohen@bellboyd.com<br><br>דבורה מ. פת, עורכת דין<br>ת" ד 2221<br>סביון, ישראל<br>972 3 7369844 |
| ב. הנתבע: | ארצות הברית של אמריקה |
| נציגים / באי כח: | שלום בריליאנט, עורך דין<br>עורך דין בכיר המנהל את התיק בבית המשפט<br>המחלקה לליטיגציה בעניינים מסחריים, חטיבה אזרחית<br>משרד המשפטים של ארצות הברית<br>לידיעת: יחידת הסיווג<br>8th Floor, 1100 L Street, N.W.<br>Washington, D.C. 20530 USA<br>טלפון: 202-305-7561<br>פקסימיליה: 202-305-7643<br>Shalom.Brilliant@usdoj.gov |
| ג. צדדים אחרים: | אין |
| ד. נציגים: | אין |



95999/F/1

| | |
|---|---|
| 6. א. אופי ההליכים (גירושים, הורות, הפרת חוזה, אחריות בגין מוצרים פגומים וכו') (סעיף 3, ג): | תביעה של קבלן לביצוע התאמה מן הצדק במחיר חוזה בהתאם לחוק בעניין סכסוכים בהסכמים פדראליים, הנובעת מבניית בסיס אפסנאות נחשונים, באלעד, ישראל. |
| ב. תקציר התביעה | הקבלן העלה בתביעתו טענות הנוגעות לפיצוי נוסף והארכות זמן בשל עבודות עפר, בניית מבנים המיועדים לאחסון יבש ובחירת צבע. |
| ג. תקציר ההגנה והתביעה שכנגד | ארצות הברית טוענת שלא חלה עליה אחריות. |
| ד. מידע או מסמכים נחוצים אחרים: | אין |
| 7. א. הראיות שיש לגבות או הפעולה המשפטית האחרת שיש לבצע (סעיף 3, ד): | א. א. ב. מיזם משותף מבקש לגבות עדות בעל פה, בשבועה, ממר אסא אהרוני, בנושאים המתוארים בנספח ב.<br><br>אם לא יוסכם על ידי הצדדים על מקום או מועד אחרים, גביית העדות (חקירה בעל פה) תתנהל כמפורט להלן:<br><br>**תאריך / זמן:** 9:30 לפני הצהריים, ביום חמישי, 26 לאוקטובר 2006<br>**מקום:** אצל פישר, בכר, חן ושות', משרד עורכי דין<br>רח' דניאל פריש 3,<br>תל אביב, ישראל 64731 |
| ב. מטרת הראיות או הפעולה המשפטית המבוקשת: | איסוף ראיות במסגרת המשפט המתנהל כמפורט בתיבה 6 לעיל. |
| 8. זהותו וכתובתו של כל אדם שיש לחקור (סעיף 3, ה): | מר אסא אהרוני<br>אסא אהרוני מהנדסים יועצים בע"מ<br>ת"ד 2072<br>טירת הכרמל, ישראל |
| 9. שאלות שיש לשאול את האנשים שיש לחקור או פירוט הנושא שבו יש לחקור אותם (סעיף 3, ו): | ר' בנספח ב', את הנושאים שבהם א. א. ב. מיזם משותף מבקש לגבות עדות ממר אסא אהרוני. |



95999/F/1

| | |
|---|---|
| 10. מסמכים או חפצים אחרים שיש לבדוק (סעיף 3, ז): | לא פחות משבוע לפני המועד המתוכנן לביצוע גביית העדות, מר אסא אהרוני ימציא לעיון והעתקה את המסמכים המתוארים בנספח ג. אם לא יוסכם על ידי הצדדים על מקום או מועד, יש להמציא את המסמכים כמפורט להלן:<br><br>**תאריך / זמן:** 9:30 לפני הצהריים, ביום חמישי, 19 לאוקטובר 2006<br>**מקום:** אצל פישר, בכר, חן ושות', משרד עורכי דין<br>רח' דניאל פריש 3,<br>תל אביב, ישראל 64731 |
| 11. כל דרישה לגביית הראיות בשבועה, בהן צדק או בכל צורה מיוחדת אחרת (סעיף 3, ח): | העדות בעל פה תהיה בשבועה או בהן צדק. |
| 12. דרך מיוחדת לביצוע הבקשה (לדוגמא, בעל פה או בכתב, רישום מילולי, תעתיק או תקציר, חקירה נגדית וכו') (סעיפים 3, ו – 9): | החקירה של מר אהרוני על ידי בא כוחו של א. א. ב. מיזם משותף תתנהל בדרך של שאלות בעל פה ותשובות שיוקלטו וירשמו באופן מילולי. אם בא כח ממשלת ארצות הברית יהיה מעוניין בכך, תהיה לו אפשרות לחקור את העד חקירה נגדית. |
| 13. בקשה להודעה על המקום והזמן לביצוע הבקשה וזהות וכתובת כל אדם שיש להודיע לו (סעיף 7): | נא להודיע לבא כח התובע, בריאן כהן, עורך דין,<br>Bell, Boyd & Lloyd PLLC, 1615 L Street, N.W., Suite 1200, Washington, D.C. 20036-5610 USA;<br>טלפון 202-955-6834; פקסימיליה 202-955-4117;<br>bcohen@bellboyd.com; הן בכתב והן בעל פה מייד עם המצאת מסמך זה לצד הנקוב בתיבה 3 לעיל.<br><br>הערה: יש לתאם את המועד והמקום להמצאת המסמך והחקירה עם:<br><br>דבורה מ. פת, עורכת דין<br>ת"ד 2221<br>סביון, ישראל<br>972 3 7369844<br>dpatt@netvision.net.il |
| 14. בקשה להתייצבות או השתתפות של נציגים של הרשות המבקשת בביצוע מכתב הבקשה (סעיף 8): | אינו חל |

| | |
|---|---|
| 15.פירוט חיסיון או חובה לסרב להעיד לפי חוקי מדינת המקור (סעיף 11, ב): | אינו חל |
| 16.המיסים וההוצאות המזכים בקבלת החזר בהתאם לפסקה השניה של סעיף 14 או בהתאם לסעיף 26 של האמנה, יכוסו על ידי: | התובע א. א. ב. מיזם משותף, באחריותו של<br>בריאן כהן, עורך דין<br>בל, בויד ולויד, משרד עורכי דין<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>טלפון: 202-955-6834<br>פקסימיליה: 202-955-4117<br>bcohen@bellboyd.com |
| **תאריך הבקשה** | זו הבקשה, היום ה - ______ ל - ________ , 2006. |
| **חתימה וחותם בלט של הרשות המבקשת** | ________________________<br>כב' השופט אדוארד ג'יי. דאמיך<br>שופט ראשי, בית המשפט של ארצות הברית לתביעות פדראליות |



95999/F/1

**נספח א – הוראות והגדרות**

כל הנושאים לחקירה בעל פה (נספח ב) והמסמכים שיש להמציא לצורך עיון והעתקה (נספח ג) מתייחסים לבסיס מחסני חירום נחשונים, ליד אלעד, ישראל (ה"פרויקט"), אשר הוקם על ידי א. א. ב. מיזם משותף לפי הסכם מס' DACA90-01-C-0043 עם חיל ההנדסה של צבא ארצות הברית.

בנוגע לעדות (חקירה בעל פה, בשבועה), מר אהרוני ייחקר על כל ההיבטים של תכנון המבנים המיועדים לאחסון יבש ומפרטי הצבע ללוחות החוץ של המבנה המיועד לאחסון יבש. נספח ב מפרט אחדים מהנושאים הספציפיים של החקירה, אולם החקירה לא תוגבל לנושאים אלה בלבד.

במסגרת הנושאים לחקירה, המילה "שלך" תתייחס הן למר אסא אהרוני באופן אישי והן לאסא אהרוני מהנדסים יועצים בע"מ.

**נספח ב' – נושאים לחקירה – מר אסא אהרוני**

1. נא תאר באופן מפורט את השכלתך והרקע המקצועי שלך, ואת התחומים שבהם יש לפירמה שלך ניסיון ומומחיות.

2. נא תאר באופן מפורט את מעורבותך בתכנון ובבניה של המבנים המיועדים לאחסון יבש, מתחילת המשא ומתן על ההסכם שלך ועד להשלמת הפרויקט.

3. נא תאר את הניסיון הקודם שצברת בתכנון מבנים המיועדים לאחסון יבש.

4. נא תאר באופן מפורט את המעורבות שלך בהכנת המפרטים של הפרויקט.

5. נא זהה כל מבנה אחר שביקרת בו בקשר לעבודת התכנון שלך (לפני ההצעות או אחרי תחילת הבניה), נא התייחס באופן ספציפי לאיטום המעטפת, הנחת הפלדה, ובדיקת הלחץ.

6. נא זהה כל איש מקצוע בתחום התכנון אשר השתתף בפרויקט מטעם הפירמה שלך, ונא פרט את מעורבותו של כל אחד מאלה.

7. נא זהה את כל אנשי המקצוע בתחום התכנון מחוץ לפירמה שלך שעימם נועצת בנוגע לתכנון המבנים המיועדים לאחסון יבש, ואת פרטי הייעוץ או המידע שכל איש מקצוע כזה בתחומי התכנון נתן לך.

8. נא תאר בפירוט את מעורבותך בקביעת הקריטריונים לבדיקות הלחץ, את כל מקורות המידע שנועצת בהם בקשר לבדיקות לחץ אלה ואת מעורבותך בביצוע בדיקות הלחץ.

9. נא תאר באופן מפורט את מעורבותך או השתתפותך בפרויקט אחרי שההסכם הוענק ל – א.א.ב. מיזם משותף.

10. נא תאר בפירוט את המעורבות שלך בתגובה לבקשות מצד הקבלן לשנות את דרישות התכנון ו/או את דרישות האיטום לאוויר של המבנים המיועדים לאחסון יבש.

11. נא תאר בפירוט את המעורבות שלך בתגובה לבקשות מצד הקבלן לשנות את הבדיקות הנדרשות לאיטום לאוויר של המבנים המיועדים לאחסון יבש.

12. נא תאר בפירוט את הסיבות והנימוקים ההנדסיים לדרישה לחיפוי חיצוני בלוחות ושלד פלדה פנימי.

13. נא תאר בפירוט את הסיבות והנימוקים ההנדסיים לדרישה לכך שלוחות החיפוי החיצוניים יעמדו בדרישות הטייה (deflection) של L/600.

14. נא תאר בפירוט את הסיבות והנימוקים ההנדסיים לבחירה הראשונית בברגים מסוג "M-20" לעיגון השלד שיצר את חלל המבנה ואת הנימוקים לשינויים שנעשו בדרישות אלה.

15. נא תאר בפירוט את המעורבות שלך בהכנת אומדני העלויות (קודם לזכייה בהסכם או אחריה) לבניית המבנים המיועדים לאחסון יבש או כל מרכיב שלהם.

16. נא ציין את כל הישיבות שבהן השתתפתם, אתה או העובדים המקצועיים שלך הקשורים בדרך כלשהי לתכנון או בניית המבנים המיועדים לאחסון יבש (לרבות, אך לא רק, לוחות החיפוי, גג, קירות,

ו/או הנחת פלדת המבנה); נא ציין את התאריך של כל ישיבה כאמור, ציין את שמות המשתתפים, ואם לא הוכן תיעוד בכתב מישיבה זו, נא ציין על פי מיטב זיכרונך את פרטי הנושאים או הבעיות שנדונו בכל ישיבה כזו.

17. נא תאר בפירוט כל אתר שאתה או אנשי הצוות המקצועי שלך ביקרתם בו בקשר לפרויקט, לרבות תאריך הביקור, מה ראית, מי היה נוכח, והפרטים שנדונו במסגרת ביקור זה.

18. נא פרט האם ידוע לך על כל מבנה אחר הקיים בעולם ששמר על לחץ שווה או שווה כמעט לזה הנדרש לתכנון המבנים המיועדים לאחסון יבש.

19. נא תאר מה בדיוק נבדק בבדיקות הלחץ הנדרש, כלומר, האם מטרת הבדיקה היתה לקבוע באיזו דרגה המבנה מסוגל להכיל את האוויר שבתוך המבנה, או את הדרגה שבה תתאפשר כניסת אוויר מבחוץ לתוך המבנה.

20. נא תאר בפירוט את הידע שלך ואת דעתך בנוגע ללוחות לדוגמה שהוכנו עבור המבנה המיועד לאחסון יבש על ידי א. א. ב. מיזם משותף, באשדוד.

21. נא ציין האם לפני המכרז או בכל נקודה אחרי המכרז, נודע לך על חששות או ספקות שהתעוררו אצל אדם כלשהו, לרבות בצה"ל, משרד הביטחון או חיל ההנדסה של צבא ארצות הברית, בנוגע לאפשרות לעמוד בדרישות בדיקות הלחץ עבור המבנים המיועדים לאחסון יבש, ואם כן, נא ציין כל אדם כזה ומסור את מלוא הפרטים בנוגע למה שנאמר, למועד שבו נאמרו הדברים, ולפני מי הם הוצגו.

22. נא ציין האם על פי חוות דעתך המקצועית יכולת המבנים המיועדים לאחסון יבש לעמוד בבדיקות הלחץ הנדרשות תלויה בהנחת הפלדה של המבנה (פנימית בניגוד לחיצונית) או רלוונטיות אליה.

23. נא תאר בפירוט כל שינוי בדרישות התכנון של המבנים המיועדים לאחסון יבש שבוצע אחרי הוצאת ההסכם על ידי חיל ההנדסה של צבא ארצות הברית ל – א. א. ב. מיזם משותף, ואת הסיבות לכל שינוי כזה.

24. נא ציין האם על פי חוות דעתך המקצועית, אשר מבוססת על המידע אשר עומד לרשותך כיום, אפשר היה בכלל לעמוד בדרישות בדיקות הלחץ, כפי שנכללו בדרישות של ההסכם המקורי.

25. נא תאר בפירוט את המעורבות שלך בהכנת המפרטים לצבע עבור הלוחות של המבנה המיועד לאחסון יבש, לרבות אך לא רק, את מקורות המידע שנועצת בהם בנוגע להכנת מפרטים אלה.

26. נא תאר בפירוט את הסיבות והנימוקים ההנדסיים לכל אחת מהדרישות לצבע עבור לוחות החיפוי של המבנה המיועד לאחסון יבש.

27. נא תאר בפירוט את המעורבות שלך בשקילת הבקשות של א. א. ב. מיזם משותף לשינויים / חלופות מוצעות למפרטי הצבע, ואת הסיבות וההצדקות ההנדסיות להמלצות שלך בנוגע לבקשות אלה לשינויים / חלופות מוצעות.

**נספח ג – מסמכים שיש להציג לצורך עיון והעתקה**

1. ההסכם שלך לביצוע שירותי התכנון ושירותים אחרים עבור הפרויקט.

2. השרטוטים הסופיים של המבנים המיועדים לאחסון יבש, וכל הטיוטות המוקדמות יותר.

3. המפרטים הסופיים של המבנים המיועדים לאחסון יבש, ומפרטי הצבע ללוחות, וכל הטיוטות המוקדמות יותר.

4. כל התקשורות עם אנשים / מוסדות אחרים בקשר לפרויקט, לרבות אך לא רק, מכתבים, מסרים בדואר אלקטרוני, הערות, רשימות, דוחות, חומר שהוגש וכדומה. עליך לכלול בתשובתך (בין השאר אך לא רק) את כל התקשורות עם חיל ההנדסה של צבא ארצות הברית, צה"ל, משרד הביטחון ויועצים חיצוניים או אנשי מקצוע בתחום התכנון.

5. כל המסמכים הפנימיים בקשר לפרויקט, לרבות אך לא רק, פרוטוקולים של ישיבות, דוחות על בדיקות, דיווחים על נסיעות, מזכרים, תזכירים וכדומה.

6. כל המסמכים הקשורים לדרישות ההטייה ללוחות החיצוניים.

7. כל המסמכים הנוגעים לבחירות גודל הברגים של השלד שיצר את חלל המבנה .

8. כל המסמכים הקשורים למפרטי הצבע ללוחות של המבנים שנועדו לשמש לאחסון יבש.

9. כל המסמכים המתייחסים לבקשות של הקבלן לשינויים במפרטים.



95999/F/I