**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | |
|---|---|
| 1. Sender: | Honorable Judge Edward J. Damich, Chief Judge<br>United States Court of Federal Claims<br>717 Madison Place<br>Washington, D.C. 20001 |
| 2. Central Authority of the Requested State: | Honorable Brian Zeitman, Director of Courts<br>22 Kanfei Nesharim St.<br>Jerusalem, 95464 Israel<br>Telephone (972) (2) 655-6843<br>Facsimile (972) (2) 655-6846 |
| 3. Person/entity to whom the executed request is to be served upon: | Tahal Consultant Engineers, Ltd.<br>54 Even Gviral Street<br>Tel Aviv 64364, Israel |
| **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:** | |
| 4. a. Requesting judicial authority (article 3,a): | Honorable Judge Edward J. Damich, Chief Judge<br>United States Court of Federal Claims<br>717 Madison Place<br>Washington, D.C. 20001 |
| b. To the competent authority of (article 3,a): | The State of Israel |
| c. Name of the case and any identifying number: | A.A.B Joint Venture v. United States, United States Court of Federal Claims, Case No. 04-114-C |

| | |
|---|---|
| 5. Name and addresses of the parties and their representatives (including representatives in the requested State) (article 3,b) | |
| a. Plaintiff: | A.A.B Joint Venture<br>P.O. Box 37, Rosh HaAyin, 68100 Israel<br>Attn: Mr. S. Dennison Keeney |
| Representatives/Attorneys: | Brian Cohen, Esquire<br>Lawrence M. Prosen, Esquire<br>Philip Clark Jones, Esquire<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>202-955-6834 (telephone)<br>202-955-4117 (facsimile)<br>bcohen@bellboyd.com<br><br>Yoram Bonen, Adv.<br>Noya Kislev, Adv.<br>Fischer Behar Chen Well Orion & Co.<br>3 Daniel Frisch Street<br>Tel Aviv 64731, Israel<br>T+972.3.6944249 F+972.3.6944265<br>nkislev@fbclawyers.com |
| b. Defendant: | United States of America |
| Representatives/Attorneys: | Shalom Brilliant, Esquire<br>Senior Trial Counsel<br>Commercial Litigation Branch, Civil Division<br>United States Department of Justice<br>Attention: Classification Unit<br>8th Floor, 1100 L Street, N.W.<br>Washington, D.C. 20530 USA<br>202-305-7561 (telephone)<br>202-305-7643 (facsimile)<br>Shalom.Brilliant@usdoj.gov |
| c. Other parties: | None |
| Representatives: | None |

| | |
|---|---|
| 6. a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (article 3,c):<br><br>b. Summary of complaint:<br><br>c. Summary of defense and counterclaim:<br><br>d. Other necessary information or documents: | Claim by contractor for equitable adjustment of contract price pursuant to Federal Contract Disputes Act, arising out of construction of Nachshonim Military Storage Base, Elad, Israel.<br><br>Contractor asserts claims for losses and damages suffered by the contractor as a result of differing site conditions, and/or defective/impossible specifications, and/or earthworks design and/or construction/testing of dry storage buildings and/or rejection of alternate paint system, and/or restriction of Third Country Nation labor including without limitation, extra compensation and time extensions arising out of the above.<br><br>The United States denies liability.<br><br>None |
| 7. a. Evidence to be obtained or other judicial act to be performed (article 3,d):<br><br>b. Purpose of the evidence or judicial act sought: | Service of a Subpoena for the Review and Copying of Documents and other Material as set forth in Exhibit A, hereto.<br><br>Discovery in aid of prosecuting the litigation identified above in Block 6. |
| 8. Identity and address of any person to be examined (article 3,e): | Not applicable |
| 9. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3,f): | Not applicable |
| 10. Documents or other property to be inspected (article 3,g): | See list appended hereto as Exhibit A |
| 11. Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3,h): | None |

| | |
|---|---|
| 12. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (articles 3,i and 9): | All materials to be produced in response to the attached Exhibit A, can be produced at a mutually agreed upon time and location. The recipient of this Documents is requested to contact the Plaintiff's Attorney, identified above in Block 5.a, to arrange for the production of materials sought hereunder. |
| 13. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7): | Please notify Plaintiff's Counsel, Brian Cohen, Esquire, Bell, Boyd & Lloyd PLLC, 1615 L Street, N.W., Suite 1200, Washington, D.C. 20036-5610 USA; 202-955-6834 (telephone), 202-955-4117 (facsimile); bcohen@bellboyd.com, both verbally and in writing immediately upon service of this document upon the party identified in block 3 above. |
| 14. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8): | Not applicable |
| 15. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11,b): | Not applicable |
| 16. The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by: | Plaintiff, A.A.B Joint Venture, care of<br>Brian Cohen, Esquire<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>202-955-6834 (telephone)<br>202-955-4117 (facsimile)<br>bcohen@bellboyd.com |
| DATE OF REQUEST | So requested this ______ day of November, 2006. |
| SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | ______________________________<br>The Honorable Edward J. Damich<br>Chief Judge, United States Court of Federal Claims |

The following definitions and instructions apply to the requests set forth in Exhibit A:

1. "Defendant," "Government," and/or "USACE" shall mean The United States of America, its departments and agencies, including, but not limited to the U.S. Army Corps of Engineers ("USACE"), its employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf.

2. "You" shall mean the recipient of these requests.

3. "IDF" shall mean Israeli Defense Forces, its employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf.

4. "MOD" shall mean the Israeli Ministry of Defense, its employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf.

5. "MOL" shall mean the Israeli Ministry of Labor.

6. "MDI" shall mean the Israeli Ministry of Interior.

7. "A.A.B" shall mean plaintiff A.A.B Joint Venture, its officers, directors, employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf, including such officers, directors, employees, agents, representatives, attorneys, consultants and anyone acting for or on behalf of its constituent members consisting of ABB Susa, Inc., A. Arenson Ltd. and the Baran Group.

8. The "Project" shall mean the Nachshonim Military Storage Base, being constructed by A.A.B for the USACE near Elad, Israel.

9. The "Contract" shall mean Contract No. DACA90-01-C-0043.

10. "Communication" shall mean any form or transmission of information between or among natural persons, corporations, limited liability companies, partnerships, associations or other like entities.

11. As used herein, “documents” means writings, graphs, charts, photographs, phone records, data compilations (from which information can be obtained or translated, if necessary, by A.A.B through detection devices into reasonably usable form), letters, correspondence, memoranda, minutes, notes, contracts, agreements, notes or memoranda of conversations, films, studies, transcripts, microfilm, desk calendars, appointment books, diaries, timesheets, logs, bulletins, circulars, notices, rules, regulations, prospectuses, directions, teletype messages, interoffice communications, reports, company sheets, credit files, evidences of indebtedness, negotiable instruments, telegrams, mailgrams, cables, teletypes, electronic mail images, facsimiles, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, resolutions, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of accounts, bills, vouchers, bank checks, proposals, offers, orders, receipts, invoices, checks, working papers, telephone messages, notebooks, postcards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graph indices, projections, forms, data sheets, electronic media, data processing disks or readable computer-produced interpretations, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disk recordings (audio, video, or computer), computer programs, computer codes or logs or indices, photographs, blueprints, slides, audit reports, personal interviews, summaries or paraphrases of any of the foregoing or material similar to any of the foregoing, however denominated, whether handwritten, typewritten, printed, copied,

microfilmed, or printed by computer on cards or tapes or contained in computers or in any machine readable format.

Any document which contains any additional comment, notation, addition, insertion or marking of any kind of which is not a part of another document within the scope of these requests is to be considered as a separate document.

"Documents" also includes documents in existence, available, or otherwise retrievable, and/or in the custody, possession or control of you or your agents, employees, or attorneys, and includes all documents to which you have access.

12. The singular shall be deemed to include the plural; the plural to include the singular; words in the masculine, feminine, or neutral shall include each of the other genders; and the words "and" and "or" shall be construed conjunctively or disjunctively, all as necessary to make the Document Request inclusive rather than exclusive.

13. As used herein, "concern" and "concerning" include all of the following meanings: relate to, refer to, discuss, state, disclose, reveal, mention, pertain to, suggest, imply, support, summarize, comment on, memorialize, comprise or constitute.

14. If any document requested is no longer available or no longer exists, state the precise reasons for the unavailability or non-existence of the document. If the document was destroyed or lost, describe in detail how the document was lost or destroyed.

15. "RFP" shall mean the Request for Proposals for the Project.

16. Unless otherwise indicated in the Requests below the documents requested concern the Project.

**EXHIBIT A**

1. All documents concerning any meeting attended by you relating to the Project, including without limitation:

   a. Any meeting concerning the paint systems for the DSB insulated panels;

   b. Any meeting concerning the review, analysis or evaluation of review any of A.A.B's claims which are the subject matter of this action.

   c. Any meeting concerning the design or testing of the DSBs including external panel cladding, and placement of structural steel

2. All documents concerning any communications, whether written or oral, between or among you, A.A.B, IDF, MOD, MOL, and any other entity, individual or agency concerning the use of TCNs on the Project.

3. All documents concerning any analyses or review of the DSB insulated panel systems, including, but not limited to, the exterior facing paint system for the Project.

4. All documents concerning any analyses of A.A.B's proposals and/or submittals for wall and roof panel systems for the DSBs.

5. All documents which were used, referred to, consulted or relate in any way to the preparation of Division 02, Section 003 of the Contract.

6. All documents concerning quality control, inspection(s), survey(s) and observations related to the design, testing, fabrication, transportation, storage, insulation, finishing and erection of the DSB wall and roof panel system and paint system of the Project.

7. All documents concerning any analyses of the DSB insulated panel system and paint system.

8. All documents concerning any analyses of the exterior paint coating of the DSB insulated panel system and paint system.

9. All documents concerning the design/testing, drawings and/or specifications relating to the DSB insulated panel system and paint system.

10. All documents concerning the design/testing, drawings and/or specifications relating to the DSB insulated panel and the exterior facing paint systems, including analyses thereof.

11. All documents concerning any estimates and/or analyses by you, IDF, MOD, and/or any other entity concerning the DSB insulated panel system and/or the DSB insulated panel exterior paint system.

12. All documents concerning any instance where A.A.B failed to comply with any Contract requirements for the design, testing, acquisition and installation of the DSB insulated panel system and/or the exterior facing paint system for said panels.

13. All documents concerning any review and/or analyses of A.A.B's proposed methods/operations for manufacture, transport, storage, installation and/or protection of the DSB insulated panel system and/or the exterior face paint system of the insulated panels.

14. All documents concerning the consideration of alternative DSB insulated panels and/or paint systems.

15. All documents concerning USACE's statement that it would consider alternative paint systems and/or panels for DSB panels.

16. All documents concerning any analysis of the DSB insulated panel system exterior facing paint system's thickness, percentage of resin, make-up, ingredients, chemical composition and/or warranty requirements.

17. All documents concerning the review and/or rejection of the Italpannelli panels (Duracor 40) and/or Thyssen-Krupp panels proposed paint systems.

18. All documents concerning the review and/or rejection of Duracor 40 and/or Thyssen-Krupp panel and paint systems.

19. All documents concerning communications, whether written or oral, between A.A.B and USACE concerning the insulated panels and their exterior paint system.

20. All documents used, prepared or analyzed by you, IDF, MOD, and/or any other entity in development of the RFP for the Project with regard to labor.

21. All documents used, prepared or analyzed by you, IDF, MOD, and/or any other entity in the development of the design specifications and requirements for insulated panel and/or the exterior facing paint systems for said insulated panels.

22. All documents concerning any review or analysis of the paint system actually utilized on the DSB insulated panel exterior facing for the Project.

23. All documents concerning any communications, whether written or oral, between or among USACE, MOD, IDF and/or any other entity regarding the criteria for the DSB insulated panel exterior facing paint system.

24. All documents concerning any assertion that the requirements in Division 2, Section 003, Page 28, Chapter J, Building Envelope, Paragraph 2, Insulated Panels, are a minimum thickness for paint systems.

25. All documents concerning limitation, analyses, testing, meeting minutes and other similar materials involving and/or discussing the Government's April 30, 2004 approval of the Italpannelli/La Magona S4 20/20/20 micron paint system, including, without limitation, any analyses, tests, inspections or meeting minutes related thereto.

26. All documents concerning the review and/or rejection of the Italpannelli (La Magona) 20/20 micron (Duracor 40) and/or Thyssen-Krupp 15/20/15 micron paint systems.

27. All documents concerning any review, analysis or evaluation of any of A.A.B's claims which are the subject matter of this action.

28. All documents concerning any review, analysis or evaluation of the schedules submitted by A.A.B for the Project.

29. All documents concerning any request, review, analysis or evaluation of any request by A.A.B for a time extension for or on account of the rejection of the Italpanelli (La Magona) 20/20 micron (Duracor 40) and/or Thyssen-Krupp 15/20/15 micron paint systems.

30. All documents concerning any review, analyses or evaluation of the Italpanelli (La Magona) 20/20 micron (Duracor 40) and/or Thyssen-Krupp 15/20/15 micron paint systems.