# United States Court of Federal Claims

717 MADISON PLACE, NW
WASHINGTON, D.C. 20005

CHAMBERS OF
CHIEF JUDGE EDWARD J. DAMICH
[redacted]

November 30, 2006

Mr. Brian Zeitman
Director of Courts
22 Kanfei Nesharim St.
Jerusalem 95464
ISRAEL

Dear Mr. Zeitman,

Enclosed you will find a request for international judicial assistance pursuant to the Hague Convention in *A.A.B Joint Venture v. United States* (Case No. 05-114 C), a proceeding currently before me. I ask your assistance in document production.

If you require any additional information, please feel free to contact me via e-mail at Damich_chambers@ao.uscourts.gov, fascimile, or telephone.

Sincerely,

Edward J. Damich
Chief Judge

A-E

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | |
|---|---|
| 1. Sender: | Honorable Judge Edward J. Damich, Chief Judge<br>United States Court of Federal Claims<br>717 Madison Place<br>Washington, D.C. 20001 |
| 2. Central Authority of the Requested State: | Honorable Brian Zeitman, Director of Courts<br>22 Kanfei Nesharim St.<br>Jerusalem, 95464 Israel<br>Telephone (972) (2) 655-6843<br>Facsimile (972) (2) 655-6846 |
| 3. Person/entity to whom the executed request is to be served upon: | Tahal Consultant Engineers, Ltd.<br>54 Even Gviral Street<br>Tel Aviv 64364, Israel |
| **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:** | |
| 4. a. Requesting judicial authority (article 3,a): | Honorable Judge Edward J. Damich, Chief Judge<br>United States Court of Federal Claims<br>717 Madison Place<br>Washington, D.C. 20001 |
| b. To the competent authority of (article 3,a): | The State of Israel |
| c. Name of the case and any identifying number: | A.A.B Joint Venture v. United States, United States Court of Federal Claims, Case No. 04-114-C (handwritten correction: 05) |

A-E

| | |
|---|---|
| 5. Name and addresses of the parties and their representatives (including representatives in the requested State) (article 3,b) | |
| a. Plaintiff: | A.A.B Joint Venture<br>P.O. Box 37, Rosh HaAyin, 68100 Israel<br>Attn: Mr. S. Dennison Keeney |
| Representatives/Attorneys: | Brian Cohen, Esquire<br>Lawrence M. Prosen, Esquire<br>Philip Clark Jones, Esquire<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>202-955-6834 (telephone)<br>202-955-4117 (facsimile)<br>bcohen@bellboyd.com<br><br>Yoram Bonen, Adv.<br>Noya Kislev, Adv.<br>Fischer Behar Chen Well Orion & Co.<br>3 Daniel Frisch Street<br>Tel Aviv 64731, Israel<br>T+972.3.6944249 F+972.3.6944265<br>nkislev@fbclawyers.com |
| b. Defendant: | United States of America |
| Representatives/Attorneys: | Shalom Brilliant, Esquire<br>Senior Trial Counsel<br>Commercial Litigation Branch, Civil Division<br>United States Department of Justice<br>Attention: Classification Unit<br>8th Floor, 1100 L Street, N.W.<br>Washington, D.C. 20530 USA<br>202-305-7561 (telephone)<br>202-305-7643 (facsimile)<br>Shalom.Brilliant@usdoj.gov |
| c. Other parties: | None |
| Representatives: | None |

"A-E"

| | |
|---|---|
| 6. a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (article 3,c): | Claim by contractor for equitable adjustment of contract price pursuant to Federal Contract Disputes Act, arising out of construction of Nachshonim Military Storage Base, Elad, Israel. |
| b. Summary of complaint: | Contractor asserts claims for losses and damages suffered by the contractor as a result of differing site conditions, and/or defective/impossible specifications, and/or earthworks design and/or construction/testing of dry storage buildings and/or rejection of alternate paint system, and/or restriction of Third Country Nation labor including without limitation, extra compensation and time extensions arising out of the above. |
| c. Summary of defense and counterclaim: | The United States denies liability. |
| d. Other necessary information or documents: | None |
| 7. a. Evidence to be obtained or other judicial act to be performed (article 3,d): | Service of a Subpoena for the Review and Copying of Documents and other Material as set forth in Exhibit A, hereto. |
| b. Purpose of the evidence or judicial act sought: | Discovery in aid of prosecuting the litigation identified above in Block 6. |
| 8. Identity and address of any person to be examined (article 3,e): | Not applicable |
| 9. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3,f): | Not applicable |
| 10. Documents or other property to be inspected (article 3,g): | See list appended hereto as Exhibit A |
| 11. Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3,h): | None |

A-E

| | |
|---|---|
| 12. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (articles 3,i and 9): | All materials to be produced in response to the attached Exhibit A, can be produced at a mutually agreed upon time and location. The recipient of this Documents is requested to contact the Plaintiff's Attorney, identified above in Block 5.a, to arrange for the production of materials sought hereunder. |
| 13. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7): | Please notify Plaintiff's Counsel, Brian Cohen, Esquire, Bell, Boyd & Lloyd PLLC, 1615 L Street, N.W., Suite 1200, Washington, D.C. 20036-5610 USA; 202-955-6834 (telephone), 202-955-4117 (facsimile); bcohen@bellboyd.com, both verbally and in writing immediately upon service of this document upon the party identified in block 3 above. |
| 14. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8): | Not applicable |
| 15. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11,b): | Not applicable |
| 16. The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by: | Plaintiff, A.A.B Joint Venture, care of<br>Brian Cohen, Esquire<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>202-955-6834 (telephone)<br>202-955-4117 (facsimile)<br>bcohen@bellboyd.com |
| DATE OF REQUEST | So requested this 30th day of November, 2006. |
| SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | Edward J. Damich<br>The Honorable Edward J. Damich<br>Chief Judge, United States Court of Federal Claims |

A-E

The following definitions and instructions apply to the requests set forth in Exhibit A:

1. "Defendant," "Government," and/or "USACE" shall mean The United States of America, its departments and agencies, including, but not limited to the U.S. Army Corps of Engineers ("USACE"), its employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf.

2. "You" shall mean the recipient of these requests.

3. "IDF" shall mean Israeli Defense Forces, its employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf.

4. "MOD" shall mean the Israeli Ministry of Defense, its employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf.

5. "MOL" shall mean the Israeli Ministry of Labor.

6. "MDI" shall mean the Israeli Ministry of Interior.

7. "A.A.B" shall mean plaintiff A.A.B Joint Venture, its officers, directors, employees, agents, representatives, attorneys, independent contractors, consultants and anyone acting for or on its behalf, including such officers, directors, employees, agents, representatives, attorneys, consultants and anyone acting for or on behalf of its constituent members consisting of ABB Susa, Inc., A. Arenson Ltd. and the Baran Group.

8. The "Project" shall mean the Nachshonim Military Storage Base, being constructed by A.A.B for the USACE near Elad, Israel.

9. The "Contract" shall mean Contract No. DACA90-01-C-0043.

10. "Communication" shall mean any form or transmission of information between or among natural persons, corporations, limited liability companies, partnerships, associations or other like entities.

A-E

11. As used herein, "documents" means writings, graphs, charts, photographs, phone records, data compilations (from which information can be obtained or translated, if necessary, by A.A.B through detection devices into reasonably usable form), letters, correspondence, memoranda, minutes, notes, contracts, agreements, notes or memoranda of conversations, films, studies, transcripts, microfilm, desk calendars, appointment books, diaries, timesheets, logs, bulletins, circulars, notices, rules, regulations, prospectuses, directions, teletype messages, interoffice communications, reports, company sheets, credit files, evidences of indebtedness, negotiable instruments, telegrams, mailgrams, cables, teletypes, electronic mail images, facsimiles, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, resolutions, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of accounts, bills, vouchers, bank checks, proposals, offers, orders, receipts, invoices, checks, working papers, telephone messages, notebooks, postcards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graph indices, projections, forms, data sheets, electronic media, data processing disks or readable computer-produced interpretations, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disk recordings (audio, video, or computer), computer programs, computer codes or logs or indices, photographs, blueprints, slides, audit reports, personal interviews, summaries or paraphrases of any of the foregoing or material similar to any of the foregoing, however denominated, whether handwritten, typewritten, printed, copied,

A-E

microfilmed, or printed by computer on cards or tapes or contained in computers or in any machine readable format.

Any document which contains any additional comment, notation, addition, insertion or marking of any kind of which is not a part of another document within the scope of these requests is to be considered as a separate document.

"Documents" also includes documents in existence, available, or otherwise retrievable, and/or in the custody, possession or control of you or your agents, employees, or attorneys, and includes all documents to which you have access.

12. The singular shall be deemed to include the plural; the plural to include the singular; words in the masculine, feminine, or neutral shall include each of the other genders; and the words "and" and "or" shall be construed conjunctively or disjunctively, all as necessary to make the Document Request inclusive rather than exclusive.

13. As used herein, "concern" and "concerning" include all of the following meanings: relate to, refer to, discuss, state, disclose, reveal, mention, pertain to, suggest, imply, support, summarize, comment on, memorialize, comprise or constitute.

14. If any document requested is no longer available or no longer exists, state the precise reasons for the unavailability or non-existence of the document. If the document was destroyed or lost, describe in detail how the document was lost or destroyed.

15. "RFP" shall mean the Request for Proposals for the Project.

16. Unless otherwise indicated in the Requests below the documents requested concern the Project.

A-E

**EXHIBIT A**

1. All documents concerning any meeting attended by you relating to the Project, including without limitation:

   a. Any meeting concerning the paint systems for the DSB insulated panels;

   b. Any meeting concerning the review, analysis or evaluation of review any of A.A.B's claims which are the subject matter of this action.

   c. Any meeting concerning the design or testing of the DSBs including external panel cladding, and placement of structural steel

2. All documents concerning any communications, whether written or oral, between or among you, A.A.B, IDF, MOD, MOL, and any other entity, individual or agency concerning the use of TCNs on the Project.

3. All documents concerning any analyses or review of the DSB insulated panel systems, including, but not limited to, the exterior facing paint system for the Project.

4. All documents concerning any analyses of A.A.B's proposals and/or submittals for wall and roof panel systems for the DSBs.

5. All documents which were used, referred to, consulted or relate in any way to the preparation of Division 02, Section 003 of the Contract.

6. All documents concerning quality control, inspection(s), survey(s) and observations related to the design, testing, fabrication, transportation, storage, insulation, finishing and erection of the DSB wall and roof panel system and paint system of the Project.

7. All documents concerning any analyses of the DSB insulated panel system and paint system.

8. All documents concerning any analyses of the exterior paint coating of the DSB insulated panel system and paint system.

A-E

9. All documents concerning the design/testing, drawings and/or specifications relating to the DSB insulated panel system and paint system.

10. All documents concerning the design/testing, drawings and/or specifications relating to the DSB insulated panel and the exterior facing paint systems, including analyses thereof.

11. All documents concerning any estimates and/or analyses by you, IDF, MOD, and/or any other entity concerning the DSB insulated panel system and/or the DSB insulated panel exterior paint system.

12. All documents concerning any instance where A.A.B failed to comply with any Contract requirements for the design, testing, acquisition and installation of the DSB insulated panel system and/or the exterior facing paint system for said panels.

13. All documents concerning any review and/or analyses of A.A.B's proposed methods/operations for manufacture, transport, storage, installation and/or protection of the DSB insulated panel system and/or the exterior face paint system of the insulated panels.

14. All documents concerning the consideration of alternative DSB insulated panels and/or paint systems.

15. All documents concerning USACE's statement that it would consider alternative paint systems and/or panels for DSB panels.

16. All documents concerning any analysis of the DSB insulated panel system exterior facing paint system's thickness, percentage of resin, make-up, ingredients, chemical composition and/or warranty requirements.

17. All documents concerning the review and/or rejection of the Italpannelli panels (Duracor 40) and/or Thyssen-Krupp panels proposed paint systems.

18. All documents concerning the review and/or rejection of Duracor 40 and/or Thyssen-Krupp panel and paint systems.

A-E

19. All documents concerning communications, whether written or oral, between A.A.B and USACE concerning the insulated panels and their exterior paint system.

20. All documents used, prepared or analyzed by you, IDF, MOD, and/or any other entity in development of the RFP for the Project with regard to labor.

21. All documents used, prepared or analyzed by you, IDF, MOD, and/or any other entity in the development of the design specifications and requirements for insulated panel and/or the exterior facing paint systems for said insulated panels.

22. All documents concerning any review or analysis of the paint system actually utilized on the DSB insulated panel exterior facing for the Project.

23. All documents concerning any communications, whether written or oral, between or among USACE, MOD, IDF and/or any other entity regarding the criteria for the DSB insulated panel exterior facing paint system.

24. All documents concerning any assertion that the requirements in Division 2, Section 003, Page 28, Chapter J, Building Envelope, Paragraph 2, Insulated Panels, are a minimum thickness for paint systems.

25. All documents concerning limitation, analyses, testing, meeting minutes and other similar materials involving and/or discussing the Government's April 30, 2004 approval of the Italpannelli/La Magona S4 20/20/20 micron paint system, including, without limitation, any analyses, tests, inspections or meeting minutes related thereto.

26. All documents concerning the review and/or rejection of the Italpannelli (La Magona) 20/20 micron (Duracor 40) and/or Thyssen-Krupp 15/20/15 micron paint systems.

27. All documents concerning any review, analysis or evaluation of any of A.A.B's claims which are the subject matter of this action.

28. All documents concerning any review, analysis or evaluation of the schedules submitted by A.A.B for the Project.

A-E

29. All documents concerning any request, review, analysis or evaluation of any request by A.A.B for a time extension for or on account of the rejection of the Italpanelli (La Magona) 20/20 micron (Duracor 40) and/or Thyssen-Krupp 15/20/15 micron paint systems.

30. All documents concerning any review, analyses or evaluation of the Italpanelli (La Magona) 20/20 micron (Duracor 40) and/or Thyssen-Krupp 15/20/15 micron paint systems.

# CERTIFICATE OF TRANSLATION

I, Yuval Rosen, bearer of Israeli Identity Document No. 054757828, of 27 Soutine Street, Tel Aviv, Israel, HEREBY DECLARE AND CERTIFY as follows:

1. I was admitted as an Advocate of the Israel Bar on 31st May 1994 and I am proficient in both the English and Hebrew languages.

2. I am self-employed as legal counsel and translator and specialise in the translation of legal documentation.

3. I have extensive experience in both the drafting and translation of legal documentation.

4. In the course of my employment as aforesaid, I translated the English documentation annexed hereto and marked "A-E" into Hebrew to the best of my ability, and my interpretation and translation of the said documentation, which is annexed hereto and marked "A-H", is, to the best of my knowledge and belief, reasonable and accurate.

AS WITNESS my hand this 14th day of November 2006

Yuval Rosen, Adv.

יובל רוזן, עו"ד
מ.ר. 16485
רח' סוטין 27 ת"א 64684
טל: 03-5464596 פקס: 03-5291456

A-#

**בקשה לעזרה משפטית בינלאומית בהתאם לאמנה בדבר גביית ראיות בחוץ לארץ בעניינים אזרחיים או מסחריים שנחתמה בהאג ביום 18 במארס 1970**

| | |
|---|---|
| 1. השולח: | כב' השופט אדוארד ג'יי דאמיך, שופט ראשי,<br>בית המשפט של ארצות הברית לתביעות פדראליות<br>717 Madison Place<br>Washington, D.C. 20001 |
| 2. הרשות המרכזית של המדינה המתבקשת: | מר בריאן זייטמן הנכבד, הנהלת בתי המשפט<br>רח' כנפי נשרים 22<br>ירושלים 95464, ישראל<br>טלפון 655-6843 (2) (972)<br>פקסימיליה 655-6846 (2) (972) |
| 3. האדם / הגוף שיש להמציא לו את הבקשה החתומה: | ת.ה.ל. מהנדסים יועצים בע"מ<br>רח' אבן גבירול 54<br>תל אביב, ישראל 64364 |
| **בהתאם לסעיף 3 של האמנה, מתכבד המבקש החתום מטה להגיש את הבקשה המפורטת להלן:** | |
| 4. א. הרשות המשפטית המבקשת (סעיף 3, א): | כב' השופט אדוארד ג'יי דאמיך, שופט ראשי<br>בית המשפט של ארצות הברית לתביעות פדראליות<br>717 Madison Place<br>Washington, D.C. 20001 |
| ב. אל הרשות המוסמכת של (סעיף 3, א): | מדינת ישראל |
| ג. שם התיק וכל מספר מזהה: | א. א. ב. מיזם משותף נ' ארצות הברית, בית המשפט של ארצות הברית לתביעות פדראליות, תיק מס' 04-114-C (handwritten: 5 over 4) |

A-H

| | |
|---|---|
| 5. שמות הצדדים ונציגיהם ומעניהם (לרבות נציגים במדינה המתבקשת) (סעיף 3. ב) | |
| א. התובע: | א. א. ב. מיזם משותף<br>ת"ד 37, ראש העין, 68100, ישראל<br>לידיעת: מר ס. דניסון קיני |
| נציגים / באי כח: | בריאן כהן, עורך דין<br>לורנס מ. פרוסן, עורך דין<br>פיליפ קלארק ג'ונס, עורך דין<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>טלפון: 202-955-6834<br>פקסימיליה: 202-955-4117<br>bcohen@bellboyd.com<br><br>יורם בונן , עו"ד<br>נויה כסלו , עו"ד<br>פישר, בכר, חן, וול, אוריון ושות'<br>רח' דניאל פריש 3<br>תל אביב, ישראל 64731<br>טל' +972.3.6944249, פקס' +972.3.6944265<br>nkislev@fbclawyers.com |
| ב. הנתבע: | ארצות הברית של אמריקה |
| נציגים / באי כח: | שלום בריליאנט, עורך דין<br>עורך דין בכיר המנהל את התיק בבית המשפט<br>המחלקה לליטיגציה בעניינים מסחריים, חטיבה אזרחית<br>משרד המשפטים של ארצות הברית<br>לידיעת: Classification Unit<br>8th Floor, 1100 L Street, N.W.<br>Washington, D.C. 20530 USA<br>טלפון: 202-305-7561<br>פקסימיליה: 202-305-7643<br>Shalom.Brilliant@usdoj.gov |
| ג. צדדים אחרים: | אין |
| ד. נציגים: | אין |

A-H

| | |
|---|---|
| 6. א. אופי ההליכים (גירושים, הורות, הפרת חוזה, אחריות בגין מוצרים פגומים וכו') (סעיף 3, ג): | תביעה של קבלן לביצוע התאמה מן הצדק במחיר חוזי בהתאם לחוק בעניין סכסוכים בהסכמים פדראליים, הנובעת מבניית בסיס מחסני חירום, נחשונים, באלעד, ישראל. |
| ב. תקציר התביעה: | הקבלן תובע הפסדים ונזקים שנגרמו לקבלן כתוצאה מכך שבאתר התגלו תנאים שונים, ו/או בשל מפרטים פגומים/בלתי אפשריים, ו/או תכנון עבודות עפר ו/או בניה / בדיקה של מבנים לאחסון יבש, ו/או בשל פסילת מערכת צבע חלופית, ו/או בשל הגבלות על יבוא עובדים ממדינות שלישיות, לרבות אך לא רק שכר נוסף והארכות מועדים, כמתחייב מהאמור לעיל. |
| ג. תקציר ההגנה והתביעה שכנגד: | ארצות הברית טוענת שלא חלה עליה אחריות. |
| ד. מידע או מסמכים נחוצים אחרים: | אין |
| 7. א. הראיות שיש לגבות או הפעולה המשפטית האחרת שיש לבצע (סעיף 3, ד): | המצאת צו לעיון והעתקה של מסמכים וחומר אחר, כפי שמפורט בנספח א לבקשה זו. |
| ב. מטרת הראיות או הפעולה המשפטית המבוקשת: | צו גילוי מסמכים על מנת לסייע בניהול ההתדיינות המפורטת בתיבה 6 לעיל. |
| 8. זהותו וכתובתו של כל אדם שיש לחקור (סעיף 3, ה): | אינו חל |
| 9. שאלות שיש לשאול לאנשים שיש לחקור או פירוט הנושא שבו יש לחקור אותם (סעיף 3, ו): | אינו חל |
| 10. מסמכים או חפצים אחרים שיש לבדוק (סעיף 3, ז): | ר' רשימה המצורפת לבקשה זו כנספח א. |
| 11. כל דרישה לגביית הראיות בשבועה, בהן צדק או בכל צורה מיוחדת אחרת (סעיף 3, ח): | אין |
| 12. דרך מיוחדת לביצוע הבקשה (לדוגמא, בעל פה או בכתב, רישום מילולי, תעתיק או תקציר, חקירה נגדית וכו') (סעיפים 3, ט ו – 9): | כל החומרים שיש להמציא בתשובה לנספח המצורף א, אפשר להמציא במקום וזמן שיוסכם עליהם בין הצדדים. מקבל מסמכים אלה מתבקש ליצור קשר עם בא כח התובע, שפרטיו מופיעים לעיל בתיבה 5.א, על מנת להסדיר ולתאם את המצאת החומרים שהתבקשו במסגרת בקשה זו. |

A-H

| | |
|---|---|
| 13.בקשה להודעה על המקום והזמן לביצוע הבקשה וזהות וכתובת כל אדם שיש להודיע לו (סעיף 7): | נא להודיע לבא כח התובע, בריאן כהן, עורך דין, Bell, Boyd & Lloyd PLLC, 1615 L Street, N.W., Suite 1200; Washington, D.C. 20036-5610 USA; טלפון 202-955-6834; פקסימיליה 202-955-4117; bcohen@bellboyd.com, הן בכתב והן בעל פה מייד עם המצאת מסמך זה לצד הנקוב בתיבה 3 לעיל. |
| 14.בקשה להתייצבות או השתתפות של נציגים של הרשות המבקשת בביצוע מכתב הבקשה (סעיף 8): | אינו חל |
| 15.פירוט חיסיון או חובה לסרב להעיד לפי חוקי מדינת המקור (סעיף 11, ב): | אינו חל |
| 16.המיסים וההוצאות המזכים בקבלת החזר בהתאם לפסקה השניה של סעיף 14 או בהתאם לסעיף 26 של האמנה, יכוסו על ידי: | התובע, א. א. ב. מיזם משותף, באחריותו של בריאן כהן, עורך דין<br>Bell, Boyd & Lloyd PLLC<br>1615 L Street, N.W.<br>Suite 1200<br>Washington, D.C. 20036-5610 USA<br>טלפון: 202-955-6834<br>פקסימיליה: 202-955-4117<br>bcohen@bellboyd.com |
| **תאריך הבקשה** | זו הבקשה, היום ה - ______ לנובמבר, 2006. |
| **חתימה וחותם של הרשות המבקשת** | ____________________<br>כב' השופט אדוארד ג'יי. דאמיך<br>שופט ראשי, בית המשפט של ארצות הברית לתביעות פדראליות |

"A-ח"

ההגדרות וההוראות אשר מפורטות להלן חלות על הבקשות המפורטות בנספח "א":

1. "נתבעת", "ממשלה" ו/או "חיל ההנדסה של צבא ארצות הברית" ("USACE") - פירושם, ארצות הברית של אמריקה, משרדי הממשלה שלה וסוכנויותיה, לרבות, אך לא רק, חיל ההנדסה של צבא ארצות הברית (USACE), עובדיו, שליחיו, נציגיו, באי כוחו, הקבלנים העצמאיים שלו, יועציו וכל מי שפועל עבורו או בשמו.

2. "אתם" ("you") – פירושו, מקבל בקשות אלה.

3. "צה"ל" – פירושו, צבא ההגנה לישראל, עובדיו, שליחיו, נציגיו, באי כוחו, הקבלנים העצמאיים שלו, יועציו וכל מי שפועל עבורו או בשמו.

4. "משרד הבטחון" – פירושו, משרד הבטחון של מדינת ישראל, פקידיו, עובדיו, שליחיו, נציגיו, באי כוחו, הקבלנים העצמאיים שלו, יועציו וכל מי שפועל עבורו או בשמו.

5. "משרד העבודה" – פירושו, משרד העבודה של מדינת ישראל.

6. "משרד הפנים" – פירושו, משרד הפנים של מדינת ישראל.

7. "א. א. ב." – פירושו, התובע, א. א. ב. מיזם משותף, נושאי המשרה שלו, מנהליו, עובדיו, שליחיו, נציגיו, באי כוחו, הקבלנים העצמאיים שלו, יועציו וכל מי שפועל בשמו או עבורו, לרבות נושאי משרה, דירקטורים, עובדים, שליחים, נציגים, באי כח, יועצים וכל מי שפועל בשם או עבור החברים המשתתפים בו, הכוללים את .ABB Susa, Inc, א. ארנסון בע"מ, וקבוצת ברן.

8. ה"פרויקט" – פירושו, בסיס מחסני חירום בנחשונים, שנבנה על ידי א. א. ב. עבור חיל ההנדסה של צבא ארצות הברית, ליד אלעד, ישראל.

9. ה"הסכם" – פירושו, הסכם מס' DACA90-01-C-0043.

10. "תקשורת" – פירושה, כל צורה או העברת מידע בין אנשים טבעיים, תאגידים, חברות בערבון מוגבל, שותפויות, אגודות או גופים דומים אחרים.

11. כמשמעותם במסמך זה "מסמכים" – פירושם, כתבים, תרשימים, גראפים, תמונות, רישומי טלפון, חיבורים של נתונים (שא.א.ב. יכולה לחלץ או לתרגם מתוכם מידע, במידת הצורך, הניתן

"A-H"

לשימוש בצורה סבירה, באמצעות מכשירי גילוי), מכתבים, התכתבויות, מזכרים, פרוטוקולים, פתקים, הסכמים, חוזים, הערות או תזכירים שנרשמו בעקבות שיחות, סרטים, סקרים, תעתיקים, מיקרופילמים, לוחות שנה שולחניים, ספרי פגישות, יומנים יומיים, לוחות זמנים, יומנים, עלונים, חוזרים, הודעות, כללים, תקנות, תשקיפים, הנחיות, הודעות טלפרינטר, תקשורת פנים משרדית, דוחות, גיליונות של החברה, תיקי אשראי, ראיות לחוב, מסמכים סחירים, מברקים, מברקי דואר, מברקים המועברים בכבלים או בטלפרינטרים, תדפיסים של דואר אלקטרוני, פקסימיליה, ספרים, מהדורות חדשות, עיתונים, ביטאונים, פרסומות, כתבי עת, חוברות, תרשימים, שרטוטים, דוחות, תקנוני התאגדות, חוקי עזר, החלטות, הנחיות, פרוטוקולים של פגישות, מאזנים, דוחות רווח והפסד, דוחות הכנסות והוצאות, רשימות מלאי, תקציבי תפעול, גיליונות חישוב חשבונאיים, דוחות כספיים, ספרי העברת מניות, יומנים, יומנים יומיים, ספרי חשבונות, שטרות, שוברים, המחאות בנקאיות, הצעות, הזמנות, פקודות, קבלות, חשבונות, שיקים, ניירות עבודה, הודעות טלפוניות, פנקסים, גלויות, הערכות, המלצות, דיווחים שנתיים, אישורים, הסכמי שכירות, ניתוחים, סקרי שוק או התכנות, בקשות או פקודות להחזרי הוצאות ותשלומים, טבלאות, מפתחות של תרשימים, תחזיות, טפסים, גיליונות נתונים, מדיה אלקטרונית, דיסקים של נתונים מעובדים או פרשנויות שהופקו במחשב וניתנות לקריאה, חוברות, מאמרים, ספרי הדרכה, נאומים, הערות שנרשמו בקצרנות, מפות, סקרים, ניסויים, מדידות, מברקים, סלילי הקלטה והקלטות על גבי דיסקים (באודיו, וידאו או מחשב), תוכניות מחשב, קודים, יומנים או מפתחות של מחשבים, תצלומים, העתקות שמש, שקופיות, דוחות ביקורת, ראיונות אישיים, תקצירים או סיכומים לא מדויקים מילולית של כל אחד מן החומרים אשר נזכרו לעיל או אשר דומים לכל אחד מן הפריטים אשר נזכרו לעיל, ללא קשר לשמם, בין אם נכתבו ביד, הודפסו במכונת כתיבה או מדפסת, בדפוס, בהעתקה, במיקרופילם, או שהודפסו על ידי מחשב על כרטיסים או סרטים, או נמצאים בתוך מחשבים או בכל מתכונת הניתנת לקריאה על ידי מכונה.

מסמך המכיל הערות, ציונים, תוספות, חומר נוסף ששולב לתוכו או סימונים מכל סוג, אשר אינם מהווים חלק ממסמך אחר הנכלל במסגרת בקשה זו ייחשב כמסמך נפרד.

A-H

"מסמכים" – כוללים גם מסמכים קיימים, אפשריים או מסמכים הניתנים לאחזור באופן אחר, ו/או מסמכים הנמצאים במשמורתך, בחזקתך או בשליטתך או במשמורת, חזקה או שליטה של שליחיך, עובדיך או באי כוחך, ולרבות כל המסמכים שיש לך גישה אליהם.

12. צורת היחיד כוללת את צורת הרבים וצורת הרבים כוללת את צורת היחיד; מילים במגדר זכר, נקבה או מגדר ניטרלי, יכללו כל אחד מהמגדרים האחרים; והמילים "ו" ו – "או" יתפרשו באופן קוניונטיבי או דיסיונקטיבי, הכל כפי שנדרש על מנת שבקשה זו למסמכים תהיה כוללת כל ולא מסייגת או מגבילה.

13. המילים "בנוגע" ו - "נוגע ל" כוללות את כל המובנים אשר מפורטים להלן: להתייחס ל, לאזכר את, לדון ב, לומר, לגלות, לחשוף, להזכיר, להשתייך ל, לרמז או להציע, להשתמע או לגרור, לתמוך, לסכם או לתמצת, להעיר על, להוות זיכרון ל, להיות מורכב מ, להוות או להיות.

14. אם מסמך כלשהו שנתבקש שוב אינו זמין או שוב אינו קיים, יש לפרט את הסיבות המדויקות לאי זמינותו או לאי קיומו של המסמך. אם המסמך נשמד או אבד, יש לתאר בפרוטרוט כיצד המסמך נשמד או אבד.

15. "בקשה להציע הצעות" (RFP) פירושה, הבקשה להציע הצעות עבור הפרויקט.

16. אם לא נאמר אחרת בבקשות שלהלן, המסמכים המבוקשים נוגעים לפרויקט.

A-H

## נספח א

1. כל המסמכים הקשורים לכל ישיבה שהשתתפת בה בקשר לפרויקט, לרבות אך לא רק:

א. כל ישיבה בנוגע למערכות הצבע ללוחות המבודדים של המבנים המיועדים לאחסון יבש;

ב. כל הישיבות הנוגעות לבדיקה, עבודת ניתוח או הערכה של הטענות של א. א. ב. שהן נשוא תביעה זו.

ג. כל פגישה בקשר לתכנון או לניסויי הבדיקה של המבנים לאחסון יבש, לרבות לוחות החיפוי החיצוניים והנחת הפלדה המבנית.

2. כל המסמכים בנוגע לכל התקשורות, בכתב או בעל פה, ביניכם ובין א. א. ב., משרד הביטחון, צה"ל, משרד העבודה, או כל גוף, אדם או סוכנות אחרים בנוגע להעסקה של נתיני מדינות שלישיות במסגרת הפרויקט.

3. כל המסמכים הנוגעים לכל ניתוח או בדיקה של מערכת לוחות הבידוד של המבנים המיועדים לאחסון יבש, לרבות אך לא רק, מערכת הצבע של הצד החיצוני, עבור הפרויקט.

4. כל המסמכים הנוגעים לניתוחים של ההצעה ו/או החומר שהוגש על ידי א. א. ב. למערכות לוחות לקירות ולגגות עבור המבנים המיועדים לאחסון יבש.

5. כל המסמכים שנעשה בהם שימוש, שנזכרו שנועצו בהם או התייחסו אליהם לצורך הכנה של חטיבה 02, פרק 003 של ההסכם.

6. כל המסמכים בנוגע לבקרת איכות, בדיקה(ות), סקר(ים) ותצפיות בקשר לתכנון, ייצור, הובלה, אחסון, בידוד, גימור והקמה של מערכות לוחות הקירות והגגות של המבנים המיועדים לאחסון יבש ומערכת הצבע של הפרויקט.

7. כל המסמכים בנוגע לכל עבודת ניתוח של מערכת הלוחות המבודדים למבנים המיועדים לאחסון יבש ומערכת הצבע שלהם.

8. כל המסמכים בנוגע לכל עבודת ניתוח של ציפוי הצבע החיצוני של מערכת הלוחות המבודדים למבנים המיועדים לאחסון יבש ומערכת הצבע שלהם.

A-H

9. כל המסמכים בנוגע לתכנון/ בדיקה, שרטוטים ו/או מפרטים בקשר למערכת הלוחות המבודדים למבנים המיועדים לאחסון יבש ומערכת הצבע שלהם.

10. כל המסמכים בנוגע לתכנון/ בדיקה, שרטוטים ו/או מפרטים בקשר למערכות הצבע של הצד החיצוני של הלוחות המבודדים למבנים המיועדים לאחסון יבש, לרבות הניתוחים שלהם.

11. כל המסמכים בנוגע לכל אומדן ו/או ניתוח שלכם, של צה"ל, משרד הביטחון ו/או כל גוף אחר בנוגע למערכת הלוחות המבודדים למבנים המיועדים לאחסון יבש ו/או מערכת הצבע לצד החיצוני של הלוחות המבודדים למבנים המיועדים לאחסון יבש.

12. כל המסמכים הנוגעים לכל מקרה שבו א. א. ב. לא עמדה בדרישות ההסכם בקשר לתכנון, לבדיקה, לרכישה ולהתקנה של מערכת הלוחות המבודדים למבנים המיועדים לאחסון יבש ו/או למערכת הצבע לצד החיצוני של לוחות אלה.

13. כל המסמכים בנוגע לכל בדיקה ו/או עבודת ניתוח של שיטות העבודה והפעולות שהוצעו על ידי א. א. ב. לייצור, הובלה, אחסון, התקנה ו/או הגנה על מערכת של הלוחות המבודדים של המבנים המיועדים לאחסון יבש ו/או מערכת הצבע לצד החיצוני של הלוחות המבודדים.

14. כל המסמכים בנוגע לבחינת לוחות מבודדים חלופיים ו/או מערכת צבע חלופית למבנים המיועדים לאחסון יבש.

15. כל המסמכים בנוגע להצהרתו של חיל ההנדסה של צבא ארצות הברית שברצונו לבחון מערכות צבע ו/או לוחות חלופיים במקום הלוחות עבור המבנים המיועדים לאחסון יבש.

16. כל המסמכים הנוגעים לכל ניתוח של עובי מערכת הצבע לצד החיצוני של הלוחות למבנים המיועדים לאחסון יבש, אחוזי השרף, ההרכב, המרכיבים, ההרכב הכימי ו/או דרישות האחריות.

17. כל המסמכים בנוגע לבדיקת ו/או לפסילת הלוחות של Italpannelli (Duracor 40) ו/או מערכת הצבע שהוצעה עבור הלוחות של Thyssen Krupp.

18. כל המסמכים בנוגע לבדיקת ו/או לפסילת מערכות הלוחות והצבע של Duracor 40 ו/או Thyssen Krupp.

19. כל המסמכים בנוגע לתקשורות, בכתב או בעל פה, בין א. א. ב. וחיל ההנדסה של צבא ארצות הברית בנוגע ללוחות המבודדים ומערכת הצבע החיצונית שלהם.

A-H

20. כל המסמכים ששימשו, הוכנו או נותחו על ידיכם, על ידי צה"ל, משרד הביטחון ו/או כל גוף אחר במסגרת פיתוח הבקשה להציע הצעות עבור הפרויקט בקשר לעובדים.

21. כל המסמכים ששימשו, הוכנו או נותחו על ידכם, על ידי צה"ל, משרד הביטחון ו/או כל גוף אחר במסגרת פיתוח מפרטי התכנון והדרישות ללוחות המבודדים ו/או למערכות הצבע לצד החיצוני של לוחות מבודדים אלה.

22. כל המסמכים בנוגע לכל עבודת ניתוח או בדיקה של מערכת הצבע שנעשה בה שימוש בפועל לצד החיצוני של הלוחות המבודדים למבנים המיועדים לאחסון יבש.

23. כל המסמכים בנוגע לכל התקשורות, בכתב או בעל פה, בין חיל ההנדסה של צבא ארצות הברית, משרד הביטחון, צה"ל או כל גוף אחר בקשר לקריטריונים למערכת הצבע החיצונית בנוגע ללוחות המבודדים למבנים המיועדים לאחסון יבש.

24. כל המסמכים הנוגעים לכל טענה שהדרישות של חטיבה 2 פרק 003, עמוד 28, פרק י', מעטפת בניה, סעיף 2, לוחות מבודדים, קובעות עובי מינימאלי למערכות הצבע.

25. כל המסמכים בנוגע להגבלות, ניתוחים, ניסוי, פרוטוקולים של ישיבות וחומרים דומים אחרים העוסקים ו/או נוגעים לאישור שניתן על ידי הממשלה ב – 30 לאפריל 2004 למערכת הצבע של Italpannelli/La Magona S4 20/20/20 micron, לרבות, אך לא רק, כל ניתוח, ניסוי, בדיקה או פרוטוקולים של ישיבות בקשר לכך.

26. כל המסמכים בנוגע לבדיקת ו/או לפסילת מערכות הצבע של Italpannelli (micron (Duracor 40) 20/20 (La Magona) ו/או Thyssen Krupp 15/20/15 micron.

27. כל המסמכים הנוגעים לכל בדיקה, עבודת ניתוח או הערכה של הטענות של א. א. ב. שהן נשוא תביעה זו.

28. כל המסמכים בנוגע לכל בדיקה, ניתוח או הערכה של לוחות הזמנים שהוגשו על ידי א.א.ב. עבור הפרויקט.

29. כל המסמכים בנוגע לכל בקשה, בדיקה, ניתוח או הערכה של כל בקשה של א. א. ב. לארכת זמן עבור או בשל פסילת מערכות הצבע של Italpannelli (La Magona) 20/20 micron (Duracor 40) ו/או Thyssen Krupp 15/20/15 micron.

A-H

30. כל המסמכים בנוגע לכל בדיקה, ניתוח או הערכה של מערכות הצבע של Italpannelli (Duracor 40) 20/20 micron (La Magona) ו/או Thyssen Krupp 15/20/15 micron.