**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **A.A.B JOINT VENTURE,** | ) | |
| | ) | |
| ` **Plaintiff,** | ) | |
| | ) | **Case Nos. 04-1719C, 04-1792C, and** |
| **v.** | ) | **05-114C (CONSOLIDATED)** |
| | ) | **(Chief Judge Damich)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO COMPLETE OUTSTANDING DISCOVERY AND PREVIOUSLY NOTICED DEPOSITIONS**

Plaintiff, A.A.B Joint Venture ("A.A.B."), by and through counsel, and pursuant to Rules 6.1 and 16(b) of the United States Court of Federal Claims and paragraphs 4 and 8(e) of the Court's Special Procedures Order, respectfully moves the Court for an Order enlarging the time within which the Government must comply with A.A.B's supplemental document production, and for A.A.B to take previously noticed depositions.

According to the Court's April 12, 2006 scheduling order (Docket No. 36), the current deadline for completion of fact discovery is December 15, 2006. A.A.B requests a thirty (30) day extension of time, until January 15, 2007, within which time (1) A.A.B may take previously noticed depositions of individuals not yet produced by defendant, and (2) fifteen (15) days from the date of The Court's ruling on A.A.B's pending Motion To Compel, if granted, for the Government to provide its supplemental restored back-up tapes, design phase documents and other discoverable documents not yet produced.

As explained below, this motion is necessary because the Government has failed to produce substantial documents in response to document production requests issued by A.A.B. over a year ago, many of which are still subject to pending motions to compel discovery. Dkt.

Nos. 44 and 46 (as well as comparable requests issued in the underlying cases prior to consolidation).

Pursuant to RCFC 6.1 and paragraph 8(d) of the Special Procedures Order, the undersigned certifies that he has discussed this motion with Government counsel in an effort to reach agreement on the disputed matters. Government counsel represents that it will oppose this motion.

## I. FACTUAL BACKGROUND

1. In July 2005, Plaintiff filed its requests for production of documents to Defendant the United States of America in Case Nos. 04-1719C and 04-1792C.

2. On August 19, 2005, Defendant filed its response to Plaintiff's then outstanding requests for production of documents.

3. On August 5, 2005 Plaintiff filed its first request for production of documents to Defendant the United States of America in Case No. 05-114C.

4. On September 7, 2005 Defendant filed its response to Plaintiff's first request for production of documents in Case No. 05-114C.

5. Pursuant to the aforementioned document requests Plaintiff inspected the documents produced by the Defendant at the Nachshonim Military Storage Base in El'ad, Israel between October 23 and October 28, 2005.

6. For nearly a year, Plaintiff attempted to resolve its discovery disputes with the Government arising from the Government's incomplete and deficient document production, and inadequate answers to interrogatories. After exhausting all efforts to resolve these disputes, A.A.B filed its motions to compel interrogatory responses and document production on August 4, 2006. *See* Dkt. Nos. 44 and 46. A.A.B's discovery motions have been fully briefed by all parties. The Court has not yet ruled on the pending motions.

7. The Government has failed to produce a plethora of documents which are the subject of the pending discovery motions. On October 19, 2006, counsel for the Government sent a letter identifying certain categories of electronic and hard copy documents that the Government was willing to produce, which it has not yet produced. *See* Ex. A.

8. In the meanwhile, undersigned counsel participated in numerous discussions with Government counsel in an effort to schedule the depositions of a number of government witnesses/employees. When "formal" deposition dates could not be reached for these individuals, and given the upcoming conclusion of fact discovery, on November 1, 2006, A.A.B served the Government with a notice of deposition for thirteen individuals. Ex. B. The depositions were noticed to start December 4, 2006 at 9:30 a.m. in Washington, D.C. at plaintiff's counsel's office. *Id.*

9. Immediately after the notice of depositions was served, counsel for the parties continued to attempt to negotiate the timing and location of the noticed depositions. Despite the parties' efforts, only 6 of the 13 noticed depositions have been taken. The remainder of the deponents have not been made available by the Government.

10. Defendant's failure to comply with its discovery obligations has resulted in substantial prejudice to Plaintiff. In spite of the fact that fact discovery was to be completed today, the Government has recognized that it is required to produce literally thousands of documents concerning both the design phase and the contract performance period; none of which have been produced to date. Those documents should be produced as rapidly as possible consistent with the referenced motion. Further, the remaining depositions involve key employees of the Corps of Engineers who, Plaintiff submits, possess relevant, material evidence concerning Plaintiff's claims.

Finally, there are no outstanding Government discovery requests. Minor issues remain concerning privilege on both sides but Plaintiff has fully responded to Defendant's document requests and has fully fulfilled its obligations to produce deponents in response the Government's Rule 30(b)(6) notice.

## II. **ARGUMENT**

RCFC 16(b) states that a "schedule[ing order] shall not be modified except upon a showing of good cause and by leave of the judge." RCFC 6.1 permits a party to request an enlargement of time. In *Smith v. United States*, 44 Fed.Cl. 359 (1999), the Court granted a 90 day extension of time within which to complete fact discovery. As the stated "good cause" for their motion, the movants in that case argued "that the number of depositions, as well as still outstanding document requests and interrogatories discovery remaining" warranted an extension of time. *Smith*, 44 Fed.Cl. at 360.

In this case, A.A.B's August 2006 motions to compel have not yet been ruled on. As a result, the Government has not produced all responsive documents or fully answered all interrogatories served upon them. Aside from the outstanding motions, the Government, only a few weeks ago, informed the undersigned that it had "discovered" entire categories of hard copy and electronic documents which it previously thought did not exist. To date, the Government has not yet produced such documents. On November 1, 2006, A.A.B issued its deposition notice. To date, the Government has only produced a handful of the requested deponents before the current December 15, 2006 close of fact discovery.

The Government should not be permitted to benefit from its obstinacy and the lack of a Court ruling on A.A.B's outstanding motions to compel. As such, the facts in this case provide much stronger support for a limited extension of time to permit fact discovery than in the *Smith* case.

A.A.B seeks only a thirty (30) day extension of fact discovery for depositions, and the Government's production of outstanding documents and interrogatory answers. A.A.B is only requesting the extension of time for the properly and timely noticed outstanding discovery and depositions (*e.g.* the Government to make supplemental document production in response to outstanding document production requests and to produce deponents for previously noticed depositions). A.A.B is not requesting an unlimited extension of time to issue new fact discovery or take the deposition of any previously un-noticed deponents.

Likewise, there would be no change in the end dates of expert discovery, the trial date or any other scheduled dates. If A.A.B's motion is granted and the Government timely produces documents and witnesses for deposition, no other deadlines in this case need be modified. Hence, if fact discovery were to close on January 15, 2007 as requested, the other discovery schedule dates in this case – concerning expert discovery – would remain unchanged.

## III. <u>CONCLUSION</u>

Based on the Government's foot-dragging and eleventh hour discovery/revelation of the existence of documents that should have been produced over a year ago, resulting in substantial prejudice to A.A.B, A.A.B requests a thirty (30) day enlargement of time from December 15, 2006 to January 15, 2007 for the limited purpose of requiring the Government to supplement its document production responses with the above-described documents and restored

back-up tapes and to permit A.A.B to take the deposition of those 7 previously noticed depositions.

December 15, 2006

Respectfully submitted,

s/ Brian Cohen

Brian Cohen
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W.
Suite 1200
Washington, DC 20036
(202) 466-6300

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Plaintiff's Motion For Enlargement Of Time To Complete Outstanding Discovery And Previously Noticed Depositions, was served by electronic transmission this 15th day of December, 2006 on:

Shalom Brilliant, Esq.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 8012
Classification Unit
Washington, D.C. 20530

s/ Brian Cohen
Brian Cohen