**U.S. Department of Justice**

Civil Division

SBrilliant
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.03

Telephone:
(202) 305-7561

*Washington, D.C. 20530*

October 19, 2006

BY FACSIMILE AND FIRST CLASS MAIL

Brian Cohen, Esq.
Bell, Boyd & Lloyd, PLLC
1615 L Street, N.W.
Suite 1200
Washington, DC 20036

Re: A.A.B Joint Venture v. United States,
Fed. Cl. Nos. 04-1719C and consolidated cases

Dear Brian:

In our telephone conversation yesterday concerning certain outstanding discovery disputes, I indicated that the Government was prepared to take various steps to amicably resolve the issues raised in plaintiff's pending motions to compel, and I agreed to describe these steps in greater detail in writing. This is to advise you that we are prepared to do the following:

Restoration of back-up tapes:

I have been informed that all relevant electronic documents have been backed up through the Herzilya/Nachshonim tapes since July 2003. We would restore, at the Government's expense, all file server documents from Nachshonim for July 2003 through August 2006, and all e-mail back-up tapes (Herzilya and Nachshonim) for July 2003 through August 2006.

We believe that all Wiesbaden back-up tapes are non-responsive. I have been told that server #2 contains no Israel documents at all (i.e., it was not used to back-up any documents relating to Israel projects), and server #3 very little. However, we propose that we restore, at the Government's expense, the earliest date back-up we have for each type of tape, and then review the directory of contents and determine whether there are any relevant documents that may have been residing there since 2000-2004. We would also restore the earliest back-up tape for Wiesbaden e-mail (March 31, 2005), Wiesbaden file server #1 (August 30, 2005), Wiesbaden file server #2 (FS5) (June30, 2004), and Wiesbaden file server #3 (FS7) (October 29, 2004). I have been informed that the only Wiesbaden personnel who would have produced relevant any e-mail traffic subsequent to these dates would have been William Mills, William Thievon, and the Office of Counsel. We have access to and can produce the Mills and Thievon e-mails for this period. The purpose of restoring the above-mentioned back-up tapes is to confirm that are no

ALL-STATE LEGAL® PLAINTIFF'S EXHIBIT A

responsive files from 2000-2004. If we discover that these tapes do indeed contain discoverable documents, we will, of course, produce them.

We would anticipate completing the restoration process within approximately 30 days. If, as a result of this process, we find responsive, non-privileged materials, we anticipate producing them within approximately one week thereafter.

Wiesbaden hard copies:

As stated in Brett Howard's declaration, attached to our response to plaintiff's motion to compel, the quantity of documents from Wiesbaden that we produced in Israel was substantially less than the ten-box estimate we originally gave you, because, after review of these documents, it was determined that they consisted primarily of documents concerning projects in Israel other than the Nachshonim project; proposals from other bidders containing confidential proprietary information; and oversize copies of the design documents that were duplicative of what we were producing in Israel. Nevertheless, as I stated in my e-mail message of October 13, 2006, we are prepared to make the remainder of the "ten boxes" available for inspection and copying in Wiesbaden, except for proposals from other bidders. We can produce these as well if an appropriate protective order is entered. In a declaration attached to your reply brief in support of your motion to compel, Lawrence Prosen asserts that he prepared a protective order concerning third party materials, and submitted it to me for review in September 2005, but that he does not recall ever receiving a response from me. As I told you in our telephone conversation, however, I do not recall ever having received any such protective order from Mr. Prosen or anyone else. The only protective order I am aware of is the one the parties jointly submitted and the Court issued, relating to inadvertent production of privileged documents. I would be happy, however, to consider the proposed protective order Mr. Prosen believes he sent me if and when I see it, or any other proposed protective order you may wish to send.

Documents withheld as privileged:

In your motion to compel, you dispute our assertion of the attorney-client and/or attorney work product privileges with respect to the following items listed in our privilege log: 2, 7, 9, 17-24, 26-39, 41-47, 61-64. We produced items 45, 63, and 64 in January 2006. We believe that the remainder of these items were properly withheld, for the reasons stated in our response to your motion to compel. However, to avoid becoming further mired in litigating discovery disputes rather than the merits of the case, we are reviewing these documents to determine whether we can produce any of the items that we have withheld as privileged. It is unlikely that I will be ready within the next few days to specify which of the withheld items we are prepared to produce, and, as you know, I will be in Tel Aviv at depositions in this case from October 23 through November 1, 2006. Within several days of my return, however, I hope to provide this information to you.

avoid unnecessary litigation concerning these matters. We do not have the resources, however, to engage in both cooperation and contention over the same matters at the same time. Therefore, in return for our agreeing to take these steps, we would request that plaintiff either withdraw its motions to compel without prejudice, or, at least, to request that the Court suspend consideration or the motions pending our efforts to resolve this matter.

Sincerely,

Shalom Brilliant
Senior Trial Counsel
Commercial Litigation Branch

cc: Brett Howard, Esq.
Assistant Command Counsel
Europe District
U.S. Army Corps of Engineers
CMR 410 Box 19
APO/AE 09096