IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Nos. 04-1719C, 05-114C, |
| v. | ) | 05-1172C, 06-49C (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO COMPLETE OUTSTANDING DISCOVERY AND PREVIOUSLY NOTICED DEPOSITIONS**

## I. INTRODUCTION

The Government's response to Plaintiff's motion is a continuation of its inept efforts to paper over its many, and continuing discovery deficiencies.

### A. Depositions

Defendant argues that Plaintiff insisted upon a stricter discovery schedule than was realistic. Plaintiff notes that the Court issued an Order on April 12, 2006 establishing a new discovery schedule and directed the parties to "adhere" to such schedule. The dates were agreed to by the parties and Plaintiff rejects any suggestion that these dates were in any way insisted upon by Plaintiff. Given the fact that substantial document discovery had already occurred, the eight months should have been sufficient for both parties to conduct what Defendant describes as "expansive discovery."

However, Defendant's failure to meet its document production obligations has severely prejudiced Plaintiff's ability to proceed with depositions. Obviously, the normal procedure would be to obtain all relevant documents, with reasonable time for review, followed by depositions.

However, such was not the case. After many months of unsuccessful efforts to resolve disputes pertaining to both the Government's deficient document production and its answers to interrogatories, Plaintiff filed motions to compel with respect to those issues on August 4, 2006. These motions describe in great detail the numerous deficiencies in the Government's discovery responses.[1]

Given the impending fact discovery cutoff date Plaintiff had no choice but to begin noticing depositions even though it had not received (and still has not received) a substantial number of documents relevant to these disputes.

Accordingly, Plaintiff filed its first notice of deposition (excluding its 30(b)(6) notice) on October 11, 2006, over two months prior to the fact discovery cutoff date (Exhibit 1). By e-mail dated October 13, 2006, counsel for the Government noted that several of the individuals, including Messrs. Iarosis, Mills, and Blackburn were no longer in Wiesbaden (Exhibit 2). Shortly thereafter, on November 1, 2006, still six weeks prior to the cutoff date, Plaintiff issued a second notice of deposition.[2]

---

1 Both of these motions are still pending before the Court. Plaintiff respectfully requests that the Court issue rulings on these Motions at its earliest possible convenience.

2 A central theme in the Government's Response is its continual reference to counsel's other commitments in this case. The Government also referenced counsel's annual leave (Response Page 6). The Department of Justice, which presumably has far greater resources than Plaintiff's counsel, apparently made a decision to assign only one attorney to defend these cases. Plaintiff, at great expense, has utilized two and at times three attorneys to comply with requirements set by the Court. Any difficulties resulting from DOJ's staffing decision should not be borne by Plaintiff and are entitled to no weight. *See generally Scholl v. United States*, 68 Fed. Cl. 58, 60 (2005) (rejecting DOJ arguments concerning annual leave schedules and lengthy internal review process and noting that Defendant cited no cases to support the proposition that the United States should be treated differently from private parties).

Further, the fact that it turns out that one individual, Colonel Staab, was retired from federal service and others were no longer employed by the Corps is irrelevant; nor was a subpoena required.

First, if the Government believed that a subpoena was required it was obligated to file a motion for protective order before the discovery was to occur. RCFC Rule 26(c). The Government never raised this issue, nor could it have filed such a motion, since it did not confer or attempt to confer in an effort to resolve the dispute without Court action. *Lockwood v. City of Phila.*, 205 F.R.D. 448, 450 (E.D.Pa. 2002). The Government's argument should also be rejected because it is well established that the determination of whether an individual qualifies as a "managing agent" must be made at the time of the deposition. *Curry v. States Marines Corp. of Del.*, 16 F.R.D. 376, 377 (S.D.N.Y. 1954).

Second, a subpoena is not required if the deponent is an officer, director, or managing agent of a corporation or other organization that is a party to the suit. Even assuming the issue had been timely raised, the individuals at issue should be considered "managing agents" of the U.S. Army Corps of Engineers.

The controlling factors used in deciding whether an individual is a managing agent include: (1) whether the corporation has invested the person with discretion to exercise his judgment; (2) whether the employee can be depended upon to carry out the employer's directions; and (3) whether the individual can be expected to identify him or herself with the interests of the corporation as opposed to the interests of the adverse party. *In re Honda Am. Motor Co.*, 168 F.R.D. 535, 540 (D. Md. 1996). The paramount test is whether the individual can be expected to identify with the corporation's interests as opposed to an adversary's. 168

F.R.D. at 540; 41 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure §2103 (2d ed. 1994).

Without belaboring the point, Plaintiff submits that the individuals in question were invested with discretion to exercise judgment, could be depended upon to carry out the Government's directions, and without doubt could be expected to identify with the Government's interests, as opposed to those of the Joint Venture.[3]

Accordingly, the alleged strict discovery schedule, the problems created by the Department of Justice's decision to assign one trial attorney and the fact that the witnesses noted were not served with subpoenas are completely without merit and should be rejected.

B. Document Production

Plaintiff has addressed generally the Government's deficient document production in Section A. However, a couple of additional points should be noted.

First, the Government notes that in its October 19, 2006 letter, it requested that Plaintiff "either withdraw its motions to compel with prejudice, or, at least, to request that the Court suspend consideration or the motions pending our efforts to resolve this matter." Response, page 4. Defendant then asserts "Plaintiff did not agree to this." Defendant's recitation of these "facts" is misleading.

By letter dated October 30, 2006 Plaintiff responded to the Government's October 19, 2006 letter. (Exhibit 3). This letter noted that Plaintiff was willing to suspend consideration of the motions until November 30, 2006 in order to allow the Government to take the actions described in Items 1 – 7.

---

[3] For example, Colonel Lee Staab was the Commander of the Europe District and Jody Blackburn was the Administrative Contracting Officer who authored dozens of letters dealing with various issues pertaining to the claims.

However, even as of this date, the Government has failed to produce the Nachshonim and Wiesbaden backup tapes, and the Mills and Thievon e-mails (Item Nos. 1, 2 and 3); execute a stipulated protective order which was originally sent to Defendant on September 29, 2005 and thereafter on October 20, 2006 which would allow Plaintiff to review the proposals from the other bidders (Item 4); provide a new list of withheld items (Item 5), produce additional responsive non-privileged documents generated during the pendency of the litigation (Item 6), and provide supplemental interrogatory answers (Item 7).

Second, the Government's disingenuous attempt to undermine Plaintiff's claims of urgency by not providing a list of proposed search terms for approximately one month after requested to do so by the Government must also be rejected. As noted in Plaintiff's December 20, 2006 letter, Plaintiff provided the search terms "purely as an accommodation" noting that the responsibility for identifying and producing all properly discoverable documents from the restored backup tapes was solely that of the Government. (Exhibit 4). Moreover, the more pertinent point is that the Government failed and refused for months to restore the tapes. [4] These substantial, unwarranted delays are the Government's responsibility and have clearly prejudiced the Joint Venture in taking its discovery. Finally, the letter reiterates that substantial additional documents which for months the Government stated did not exist, have now been located. Those documents had apparently slipped through the cracks, however, they still have not been produced.

---

[4] Defendant's "offer" to restore the back-up tapes was made 15 months after Plaintiff filed its First Request for Production of Documents.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion for an enlargement of time to complete outstanding discovery and previously noticed depositions should be granted in a manner which preserves the current trial date and the Court should allow such other and further relief as it deems just and proper.

Dated: January 17, 2007

Respectfully submitted,

s/ Brian Cohen

Brian Cohen
BELL, BOYD & LLOYD, PLLC
1615 L Street, NW
Suite 1200
Washington, D.C. 20036
(202) 955-6836

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Plaintiff's Reply To Defendant's Response to Plaintiff's Motion for Enlargement of Time to Complete Outstanding Discovery and Previously Noticed Depositions was served by electronic transmission and first class mail, postage prepaid, this 17th day of January, 2007, upon:

Shalom Brilliant, Esq.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attention: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530

s/ Brian Cohen
Brian Cohen