# BELL, BOYD & LLOYD PLLC

1615 L Street N.W., Suite 1200 • Washington, D.C. 20036-5610
202.466.6300 • Fax 202.835.4140

BRIAN COHEN
202.955.6836
bcohen@bellboyd.com
DIRECT FAX: 202.835.4117

October 30, 2006

**VIA E-MAIL AND FIRST CLASS MAIL**

Shalom Brilliant, Esq.
Senior Trial Counsel
Commercial Litigation Branch Civil Division
United States Department of Justice
Attention: Classification Unit
8th Floor, 1100 L Street, NW
Washington, DC 20530

Re: *A.A.B Joint Venture v. United States of America*,
Fed. Cl. Nos. 04-1719C and Consolidated Cases

Dear Shalom:

I have had an opportunity to review your letter of October 19, 2006 regarding the steps that the government is prepared to take to resolve certain issues in Plaintiff's pending motions to compel. To avoid any misunderstanding I will first set forth below the steps we understand the government is willing to take, and where appropriate any comments thereto:

1. The government will restore, at its expense, all file server documents from Nachshonim for July 2003 through August 2006 and all e-mail backup tapes (Herzilya and Nachshonim) for July 2003 through August 2006.

2. With respect to the Wiesbaden backup tapes the government will restore, at its expense, the earliest date backup for each type of tape, and then review the directory of contents and determine whether there are any relevant documents that may have been residing there since 2000 – 2004. The government would restore the earliest backup tape for Wiesbaden e-mail (March 31, 2005), Wiesbaden file server # 1 (August 30, 2005), Wiesbaden file server # 2 (FS5) (June 30, 2004) and Wiesbaden file server # 3 (FS7) (October 29, 2004).

3. The government will produce the William Mills and William Thievon Wiesbaden e-mails.

Comment: As you may recall, when we discussed these issues on October 18, 2006 I suggested that the government should immediately commence the restoration process. Therefore, it is our position that all non-privileged responsive documents

EXHIBIT
3

identified as a result of the restoration process should be produced to plaintiff on/or before November 17, 2006. This is reasonable given the inordinate amount of time which has transpired and plaintiff's firm position that the December 15 fact discovery completion date should not be moved. Also, a copy of the directory of contents developed from the restoration of the Wiesbaden tapes should be provided to plaintiff for our concurrent review to determine whether there are any relevant documents.

4. The government will make the remainder of the ten Wiesbaden boxes of documents available for inspection and copying in Wiesbaden, except for proposals from other bidders. The proposals from other bidders can be produced if an appropriate protective order is entered.

Comment: Our records indicate that a draft protective order was sent to you on/or about September 29, 2005. By letter dated October 20, 2006 I resent the draft stipulated protective order. I request that upon your return from Israel you review the draft and believe that this matter should be resolved by November 10, 2006. At that point, all of the remaining documents should be made available. It is not clear whether or not it will be necessary for anyone to travel to Germany, therefore we should discuss the location for review of the documents.

5. Through not expressly stated in your letter, you indicated on the phone that the government would review its claims of privilege utilizing a more "liberal" standard.

Comment: Please provide a list of the withheld items which the government is now prepared to produce on/or before November 10, 2006.

6. The government will produce any responsive and non-privileged documents generated during the pendency of this litigation within approximately two weeks.

Comment: Plaintiff requests that any such documents be produced on/or before November 10, 2006.

7. The government will provide supplemental interrogatory answers within 30 days.

Comment: Based on the October 19, 2006 date of your letter, we request that the supplemental answers be provided on/or before November 17, 2006.

Assuming these terms, including our comments, are acceptable plaintiff will agree to request that the Court suspend consideration of the motions until November 30, 2006 in order to allow the government to take the actions described above. However, as I advised you on the phone, the government's offer, though constructive, does not address a number of issues in the motion including, but not limited to, the government's failure to comply with its duty to preserve and the issues pertaining to the design phase documents. Therefore, plaintiff is unwilling to withdraw either motion without prejudice but rather will, if the above terms are acceptable, agree to suspend consideration of both motions until November 30, 2006.

I look forward to hearing from you expeditiously upon your return.

Very truly yours,

Brian Cohen

BC/meb
Enclosures

cc: A.A.B Joint Venture (via e-mail)