BELL, BOYD & LLOYD PLLC

1615 L Street N.W., Suite 1200 • Washington, D.C. 20036-5610
202.466.6300 • Fax 202.835.4140

BRIAN COHEN
202.955.6836
bcohen@bellboyd.com
DIRECT FAX: 202.835.4117

December 20, 2006

**VIA U.S. MAIL AND EMAIL**

Shalom Brilliant, Esq.
Senior Trial Counsel
Commercial Litigation Branch Civil Division
United States Department of Justice
Attention: Classification Unit
8th Floor, 1100 L Street, NW
Washington, DC 20530

Re: *A.A.B Joint Venture v. United States of America*,
Nos. 04-1719C, 05-114C, 06-49C and 05-1172C, Consolidated

Dear Shalom:

The following list comprises our suggested search terms for the restored back-up tapes:

- Paint system or paint
- La Magona or 20/20
- La Magona or 20/20/20
- Resin
- Thyseen Krupp
- Paint and credit
- Geotechnical
- TCN
- Government estimate
- Excess material
- Geotechnical and claim



EXHIBIT 4
ALL-STATE LEGAL®

- Borings
- Piles and friction
- Geotechnical Report
- Amos Israeli
- ILA
- Clay
- Rock
- Liquidated damages
- Excusable and delay
- Paint and failure or peeling
- Actual conditions
- Expected or anticipated subsurface conditions
- MOD
- IDF
- Resale or resell
- L/600
- Deflection
- Panels
- Pressure Test
- Achievability or Impossibility
- Structural steel and interior or exterior
- Aharoni
- ASTM E-283
- ASTM E-779

- Relaxation
- Roach
- Liberman
- Rovero
- Claim
- Schedule analysis
- Delay analysis
- Bonham
- Staab
- Shore
- Blackburn
- Glandon
- Iarosis

I have provided these search terms as an aid in ascertaining properly discoverable responsive documents from the back-up tapes. However, we are doing this purely as an accommodation. AAB's position is that the responsibility for identifying and producing properly discoverable documents from the restored back-up tapes is solely that of the United States Government. Given the obvious late date, I urge you to produce all properly discoverable responsive documents no later than January 3, 2007. The substantial delay in initially refusing to restore the tapes and the subsequent delays in accomplishing the restoration are clearly prejudicial to the Joint Venture.

Also, there are substantial additional documents which have not yet been produced. Approximately a month ago you informed me that contrary to your information up to that time, there are several CDs of documents from the design phase. As you know, this is an area of inquiry that has featured prominently in our Motion to Compel. While I recognize that you are busy it is frankly inexcusable that these documents "slipped through the cracks" for so long. It is also inexcusable in my view that to date these documents also have not been produced. Therefore, I request that all properly discoverable responsive documents from the design phase be produced by January 3, 2007.

Further, it is also my understanding that the Mills and Thievon emails have still not been produced. Again, the prejudice is obvious. Mr. Thievon's deposition has already been taken and as you know, we repeatedly asked that these documents be produced sufficiently prior to his

deposition to allow the deposition to proceed efficiently. Finally, although you have promised on many occasions, the Government has still failed to supplement its interrogatory answers as promised in your October 19, 2006 letter.

In addition to the above-noted items, I wish to reiterate my view that the meager steps that the Government has agreed to take fall far short of addressing all the issues addressed in the Motions. For example, the Government has failed to address its obvious failure to comply with its duty to preserve material evidence. I am not aware of any explanation for the Government's failure to do so and these failures are both manifest and substantial. We expressly reserve the right to ask for sanctions with regard to these failures as set forth in the Motion.

Very truly yours,

Brian

Brian Cohen

BC/bjs
Enclosure

cc: A.A.B Joint Venture (via email)