IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos. 04-1719C, 05-114C, |
| | ) | 05-1172C, and 06-49C |
| THE UNITED STATES OF AMERICA | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to Rule 59(a)(1) of the Rules Of The United States Court of Federal Claims, Plaintiff respectfully requests that the Court reconsider its February 28, 2007 decision granting in part and denying in part Plaintiff's Motion to Compel Discovery with Respect to Defendant's Responses to Plaintiff's Requests for Production of Documents in Case Nos. 04-1719C, 04-1792C and 05-114C, and its February 28, 2007 decision granting in part and denying in part Plaintiff's Motion to Compel Discovery With Respect To Defendant's Answers to Interrogatories in Case Nos. 04-1719C, 04-1792C and 05-114C. Specifically, Plaintiff requests that the Court alter or amend the Orders issued with the opinions in the following respects:

1. Substitute the following language for Item 4 of the Order issued with the Court's opinion with respect to document production:

"Defendant shall restore at its own expense all of the backup tapes in its possession. Defendant shall then review the restored electronic documents to identify those documents that are responsive to Plaintiff's document requests and provide the responsive documents to Plaintiff. Defendant shall provide a sworn declaration explaining in detail why any of the backup tapes from July 2002 to the

present cannot be produced. Based upon its review of any such declaration filed, the Court will reassess whether or not sanctions should be imposed"; and

2. Amend the portion of both Orders pertaining to the obligation of the parties to file a joint status report to state that such JSR must be filed on/or before April 7, 2007.

**ARGUMENT**

Footnote 20 to the Court's Opinion states that the Court is not clear what proportion of the total backup tapes have already been restored and/or screened for responsive documents. Based upon Plaintiff's counsel's conversations with counsel for the Government as well as the attached letter dated October 19, 2006 (Exhibit 1) the Government has agreed to restore all backup tapes at its own expense and such restoration was completed by November 16, 2006. (Exhibit 2).

The modification with regard to the backup tapes (Item 4 of the Court's Order) is requested to reflect the agreement by the Government to restore all backup tapes at its own expense, and allow the Court to make findings with regard to whether Defendant breached its duty to preserve relevant evidence and whether sanctions should be imposed for any such breach found by the Court. Ct. Op. 14.

**CONCLUSION**

For the foregoing reasons, Plaintiff requests that its Motion for Reconsideration be granted and that the Court's Orders be modified in the respects noted herein.

March 9, 2007

Respectfully submitted,

s/ Brian Cohen
Brian Cohen
BELL, BOYD & LLOYD, LLP
1615 L Street, NW
Suite 1200
Washington, D.C. 20036
(202) 466-6300
Attorney for Plaintiff

Of Counsel:

Philip Clark Jones, Esq.
BELL, BOYD & LLOYD, LLP
1615 L Street, NW
Suite 1200
Washington, D.C. 20036
(202) 466-6300

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED DOES HEREBY CERTIFY that a copy of the foregoing Plaintiff's Motion For Reconsideration was sent electronically and also mailed via first class, U.S. Mail, postage pre-paid this 9th day of March, 2007, upon:

Shalom Brilliant, Esq.
Trial Attorney
Civil Division
United States Department of Justice
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530

s/ Brian Cohen
Brian Cohen