# In the United States Court of Federal Claims

No. 04-1719 C, No. 05-114 C, No. 05-1172 C, and No. 06-49 C
(CONSOLIDATED)

(Filed: May 9, 2007)

**********************************
**A.A.B JOINT VENTURE,** *
Plaintiff, *
v. *
**THE UNITED STATES,** *
Defendant. *
**********************************

## ORDER

Pursuant to the status conference held on May 9, 2007, the Court ORDERS the following:

1. On or before **May 16, 2007**, Defendant shall review and respond to Plaintiff's draft protective order. The parties shall then attempt to agree to the terms of a protective order.

2. On or before **May 23, 2007**, Defendant shall send to Washington, D.C. and make available for inspection and copying by Plaintiff the Wiesbaden documents, i.e., those responsive documents in Defendant's possession that have not already been produced and that are listed in sections A2 and A3 of the Court's February 28, 2007, opinion and order on Plaintiff's motion to compel production of documents.[1]

3. On or before **May 23, 2007**, Defendant shall provide Plaintiff a written description of the methodology that was used to search the back-up tapes and an explanation for why the methodology was expected to be more efficient and/or

---

[1] This includes the documents listed on page 4 of the joint status report filed May 2, 2007. Agency counsel in Wiesbaden may be relied on to assist in making determinations as to which documents are responsive to Plaintiff's document requests. To the extent that production of some of the responsive documents may require entry of a protective order, Defendant may delay making the documents available to Plaintiff until after the protective order is in place.

effective at retrieving relevant documents than that proposed by Plaintiff utilizing path names.

4. On or before **May 30, 2007**, Plaintiff shall review the restored back-up tapes that have been produced by Defendant to determine if there are any gaps in production and thus whether Plaintiff intends to maintain its assertion that Defendant failed in its duty to preserve documents. On the same date, Plaintiff shall inform Defendant of its findings and also provide Defendant with a list of all fact witnesses Plaintiff would like to depose as a result of Defendant's supplemental responses to document requests made in response to the Court's February 28, 2007, order.

5. On or before **May 16, 2007**, Plaintiff shall review the documents in which Defendant asserted the work product and/or attorney-client privilege and inform Defendant whether Plaintiff intends to challenge any of the assertions of privilege.

6. On or before **May 23, 2007**, Defendant shall serve Plaintiff the amended interrogatory answers that Defendant indicated it was preparing in the joint status report filed May 2, 2007. These amended interrogatory answers are to correct the deficiencies in the supplemental interrogatory answers served on March 28, 2007.

7. On or before **May 23, 2007**, Plaintiff shall respond to Defendant's April 26, 2007, letter regarding deficiencies in production of documents and supplement its response to Defendant's September 29, 2006, letter regarding claims of privilege.

8. On or before **June 4, 2007**, the parties shall file a Joint Status Report, discussing the status of all outstanding fact discovery disputes listed above, proposing a schedule for the completion of fact witness depositions and expert discovery, and discussing the nature and proposed time frame for any dispositive motions.

The Court reiterates that it is unhappy with the level of cooperation between counsel for Plaintiff and Defendant. If discovery disputes continue, the Court will consider appointing a special master, to be compensated by the parties, to preside over and resolve any future discovery disputes.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge