**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **A.A.B JOINT VENTURE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Nos. 04-1719C, 05-114C,** |
| | ) | **05-1172C, and 06-49C** |
| **UNITED STATES OF AMERICA,** | ) | **(CONSOLIDATED)** |
| | ) | **(Chief Judge Damich)** |
| **Defendant.** | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff, A.A.B Joint Venture and Defendant United States of America, acknowledge that in the course of discovery and other disclosures required in this matter, the parties hereto may produce documents, data, discovery responses and other material that is confidential, proprietary, privileged, constitutes trade secrets or is otherwise to be protected from public dissemination. In order to ensure that such material is kept and remains confidential and is not to be used for any purpose other than discovery and trial preparation in this case, the parties stipulate and agree, pursuant to United States Court of Federal Claims Rule 26(c) and subject to the approval of the Court, to this Protective Order, and IT IS HEREBY ORDERED as follows:

1. This Protective Order applies to <u>all</u> documents, information, things, or other material (collectively, "Material") generated by or in the possession of a party and that are to be disclosed or produced to the other party in this action.

2. Either party may designate as "Confidential," in whole or in part, any Material that is confidential or that contains confidential information, including but not limited to personal information, financial information, proprietary information and trade secrets. Either party may also designate as Confidential, Material that is produced in this litigation by a non-party. (Nothing in this Order, however, shall be construed to prevent the non-party from opposing the

designation of Material as Confidential.) Such designation shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If it is not practical to so mark the Material itself, a container for or a tag attached to the Material, or the first page of the Material if appropriate, shall be so marked. The marking shall state: "CONFIDENTIAL."

3. In lieu of marking the original Material Confidential prior to inspection, the producing party or its counsel may orally designate any Material being produced for inspection by counsel for a party as Confidential, thereby making it, and the information it contains, temporarily subject to this Order. However, each copy of such Material delivered to inspecting counsel must be marked Confidential as required by this Order at the time it is so delivered in order to make the Material and copies subject to this Order; provided, however, that documents previously delivered to inspecting counsel may be subsequently designated as Confidential and shall be subject to this Order from that time forward.

4. Information disclosed at a deposition may be designated as Confidential either by indicating on the record during the deposition that the testimony is Confidential and subject to the provisions of this Order, or, within ten (10) business days following receipt of the transcript by counsel for the designating party, by notifying all parties in writing of the specific pages of the transcript that are to be treated Confidential thereafter. Pages designated as Confidential after the ten (10) business days shall be subject to this Order from that time forward.

5. Nothing in this Order shall be construed to prevent a party to this action from opposing the designation of Material as Confidential. A party opposing the designation of Material as Confidential shall serve a written objection including a statement of the grounds for the objection, on the designating party within ten (10) business days of the opposing party's

receipt of the proposed designation. The designating party will have ten (10) business days following the receipt of the objection to withdraw its Confidential designation. If the Confidential designation is not withdrawn, the objecting party may move the Court for an order removing the Confidential designation. On any such motion, the objecting party shall bear the burden of showing why such disclosure is necessary to the preparation of the objecting party's case and, thereafter, the designating party shall bear the burden of showing the need for confidentiality. No such disclosure shall occur unless and until such disclosure is ordered by the court.

6. Access to Material designated Confidential, to any portion of any transcript, brief, affidavit, memorandum, or other paper that contains, reveals, or refers to Material so designated, shall be limited to:

a. Counsel for the parties, including their employees and support personnel;

b. Non-party experts or consultants retained to assist counsel of record in this case;

c. Court reporters involved in transcribing depositions or other proceedings in this litigation, provided that they agree to be subject to the terms of this Order and provided that they are provided Confidential information only to the extent necessary to perform the transcription; and

d. the Court; court personnel involved with this case.

7. All persons authorized by paragraph 6(b) to have access to Material designated as Confidential by the opposing party must sign a Confidentiality Agreement in the form of Exhibit A to this Order before gaining access to such Material or information. Should a party receiving Confidential Material wish to disclose it to any additional persons other than those indicated in paragraph 6 of this Order, that party's counsel will first inform the producing party. If the producing party consents to disclosure of the Confidential Material to such additional person(s), such additional person(s) must sign a Confidentiality Agreement in the form of Exhibit A to this

Order before gaining access to such Material or information. If the producing party does not consent to the disclosure, then the receiving party may, on motion, seek modification of this Order from the Court.

**General Provisions Applicable to All Material**

8. Each recipient of Confidential Material pursuant to "Confidential" shall maintain such Material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use, and dissemination of such Material as is exercised by the recipient with respect to its own Confidential and proprietary material. Confidential Material, as well as all reproductions, copies, abstracts, indices, or summaries of this Material, shall not be disclosed to the parties or to third parties except as provided for in this Order.

9. Except upon consent of the designating party or upon order of the Court, any and all Confidential Material produced, served or otherwise made available by the designating party to another person or party during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those Material, shall be used only for preparation and presentation of this action and for no other purpose whatsoever.

10. Any papers filed with the Court that contain or reveal Material designated as Confidential shall be filed under seal and shall not be publicly disclosed, except upon consent of the designating party or upon further order of the Court.

11. Within thirty (30) days after final judgment in this action, or if applicable, exhaustion of all appeals or appeal rights, whichever is later, all Material designated as Confidential that has been served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those Material, shall be destroyed or delivered to counsel for the designating party

and a statement certifying such destruction or delivery provided to the designating party. Notwithstanding the above, counsel may retain one secure copy of such Material to maintain a complete file of the litigation.

12. If Material designated Confidential is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further unauthorized disclosure on its own part and on the part of the recipient of such Material.

13. Nothing in this Order shall be construed as requiring disclosure of privileged Material, Material subject to protection under the attorney work product doctrine, or Material that is otherwise beyond the scope of permissible discovery.

14. Nothing in this Order shall be construed to prevent a party or third party from seeking such further provisions regarding confidentiality as may be appropriate or from seeking modification of this Order, for good cause shown.

15. Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary Material.

16. No assertion or waiver of confidentiality pursuant to this Protective Order shall affect the assertion or validity of any other claim of confidentiality, privilege or other basis for withholding any discovery matter from discovery. The acceptance by a party of Confidential Material shall not constitute an admission or concession or permit an inference that such Material is, in fact, confidential or trade secret.

17. This Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court.

**SO ORDERED, this _______ day of ______________ 2007.**

_______________________________
EDWARD J. DAMICH
Chief Judge

**AGREED:**

BELL, BOYD & LLOYD LLP

_______________________________
Brian Cohen, Esq.
Bell, Boyd & Lloyd LLP
1615 L Street, N.W.
Suite 1200
Washington, DC
(202) 955-6823 (phone)
(202) 835-4130 (fax)

*Attorneys for Plaintiffs*

Dated: May 22, 2007

PETER D. KEISLER
Assistant Attorney General

_______________________________
JEANNE E. DAVIDSON
Director

_______________________________
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

*Attorneys for Defendant*

Dated: May 22, 2007

EXHIBIT A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **A.A.B JOINT VENTURE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Nos. 04-1719C, 05-114C,** |
| | ) | **05-1172C, and 06-49C** |
| **UNITED STATES OF AMERICA,** | ) | **(CONSOLIDATED)** |
| | ) | **(Chief Judge Damich)** |
| **Defendant.** | ) | |

**CONFIDENTIALITY AGREEMENT**

I, ______________________________, declare and say that:

1. I live at ________________________________________________

I am employed as [state position] _______________________________________________

by [state name and address of employer] __________________________________________

_________________________________________________________________________

2. I have read the Stipulated Protective Order entered in *A.A.B. Joint Venture v. United States of America*, United States Court of Federal Claims Case No. _________ and a copy of such Order has been given to me.

3. I agree to be bound to the terms of the Order and the terms stated for Material designated as Confidential.

4. I agree that any Material marked as Confidential within the meaning of the Order will be used by me in connection with this litigation.

5. I agree that I will not disclose or discuss Confidential Material with anyone other than the persons described in either Paragraph 6 of the Protective Order for Confidential Material, and that any such discussion will be for the sole purpose of furtherance of any

responsibilities I have in connection with this litigation and will be accordingly limited to such purpose.

6. I understand that any disclosure or use of Confidential Material in any manner contrary to the provisions of the Order will subject me to sanctions for contempt of the Court's Order, and will entitle either party damaged by such disclosure or use to maintain a civil action against me.

7. I agree to return all Confidential Material to counsel promptly upon the conclusion of this action.

8. I agree to be subject to the jurisdiction of this Court in connection with any proceeding relating to the enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this _____ day of ___________, 2007, at ____________________ [location].

______________________________

Signature

______________________________

Print Name