IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos. 04-1719C, 05-114C, |
| | ) | 05-1172C, and 06-49C |
| UNITED STATES OF AMERICA, | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of May 9, 2007, the parties respectfully submit this joint status report discussing the status of the outstanding fact discovery disputes listed in the Order, proposing a schedule for the completion of fact witness depositions and expert discovery, and discussing the nature and proposed time frame for any dispositive motions.

1. On May 23, 2007, defendant made available for inspection and copying, in Washington, D.C., the Wiesbaden documents referenced in paragraph 2 of the May 9, 2007 Order. Plaintiff completed its review of these documents on June 4, 2007, and designated various documents for copying. After plaintiff receives copies of the designated documents and has an opportunity to examine them more thoroughly, plaintiff will be in a position to confirm whether it believes the Government's production of the Wiesbaden documents is complete.

2. By letter of May 22, 2007, Defendant provided plaintiff with the written description and explanation required by paragraph 3 of the May 9, 2007 Order, concerning the methodology utilized by the government to search back-up tapes. The parties consider this matter to be resolved.

3. In accordance with paragraph 4 of the May 9, 2007 Order, plaintiff has reviewed the restored back-up tapes produced by defendant and has found no significant gaps in

production. Plaintiff so informed defendant by letter of June 1, 2007. In the same letter, plaintiff asked several questions concerning the back-up tapes, and defendant will endeavor to answer these questions. Also in accordance with paragraph 4 of the Order, plaintiff provided defendant, by letter of May 30, 2007, with a list of all fact witnesses plaintiff would like to depose as a result of defendant's supplemental responses to document requests made in response to the Court's February 28, 2007 Order. Defendant is in the process of ascertaining dates when those listed witnesses who are employees of defendant will be available for deposition.

4. In accordance with paragraph 5 of the May 9, 2007 Order, plaintiff has reviewed the documents in which defendant asserted the work product and/or attorney-client privilege, and informed defendant of its position concerning these documents by letter of May 16, 2007. Although there remain a few open issues concerning these documents, the parties believe that they will be able to resolve these issues amicably.

5. On May 22, 2007, defendant served plaintiff with amended supplemental interrogatory answers in accordance with paragraph 6 of the May 9, 2007 Order. The parties consider this matter to be resolved.

6. On May 23, 2007, in accordance with paragraph 7 of the May 9, 2007 Order, plaintiff responded to defendant's April 26, 2007 letter regarding deficiencies in production of documents, and supplemented its response to defendant's September 29, 2006 letter regarding claims of privilege. In its response to defendant's April 26, 2007 letter, plaintiff has advised, among other things, that it is in the process of ascertaining what additional responsive e-mails are in existence; that it has identified one category of e-mails that was not previously recognized or identified for technological reasons, and expects to produce these e-mails on or about June 8, 2007; and that, if any other responsive e-mails are found, they will be produced as soon as

possible after an appropriate privilege review. In addition, some additional responsive e-mails for certain individuals were recently received and are being reviewed for privilege. Plaintiff expects to produce those responsive non-privileged emails on or about June 15, 2007. Although there remain some open issues concerning these documents and concerning the privilege claims challenged in defendant's September 29, 2006 letter, the parties believe that they will be able to resolve these issues amicably.

7. The parties propose that fact witness depositions be completed on or before August 31, 2007. The parties further propose the following schedule for expert discovery:

Submission of plaintiff's expert reports – October 1, 2007;

Submission of defendant's expert reports – November 1, 2007;

Plaintiff's rebuttal expert reports, if necessary – November 30, 2007; and

Completion of all discovery – January 31, 2008.

As for dispositive motions, plaintiff proposes to file a motion for summary judgment concerning entitlement in the "Third Country National" claim (Count I in No. 05-114C) at the earliest date allowed by the Court. Defendant anticipates responding to any such motion with a cross-motion for summary judgment. Defendant does not anticipate filing any other motions for summary judgment prior to the completion of expert discovery. Defendant anticipates filing, on or before September 11, 2007, a dispositive motion concerning whether the court lacks jurisdiction to entertain plaintiff's claim concerning the Government's alleged attempts to require M-20 bolts (alleged in paragraphs 46 through 54 of the amended complaint in No. 05-1172C)), upon the ground that plaintiff did not submit a certified claim or requested a Contracting Officer's final decision with respect to this claim. Defendant further anticipates filing motions for summary judgment within 30 days after the completion of expert discovery,

concerning: the claim in Count I of No. 04-1719C involving anticipated revenue from the sale of excess excavated material; Count II of the Complaint in No. 05-114C; and the claim concerning the L/600 maximum deflection requirement in No. 05-1172C. Plaintiff anticipates responding to all such motions with a cross-motion for summary judgment or opposition, as appropriate.

Respectfully submitted,

Bell, Boyd & Lloyd LLP

Brian Cohen, Esq.
Bell, Boyd & Lloyd LLP
1615 L Street, N.W.
Suite 1200
Washington, DC
(202) 955-6823 (phone)
(202) 835-4130 (fax)

*Attorneys for Plaintiff*

Dated: 6/4/07

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643
*Attorneys for Defendant*

Dated: 6/4/07