IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1719C, No. 05-114C, No. 05-1172C, |
| | ) | and No. 06-49C |
| THE UNITED STATES, | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(1) of the rules of this Court, defendant, the United States, respectfully submits these proposed findings of uncontroverted fact.

1. On June 5, 2001, plaintiff, A.A.B Joint Venture ("AAB"), was awarded Contract No. DACA90-01-C-0043 (the "Contract") for $124,089,176. Compl ¶ 7.[1] A Notice to Proceed was issued on June 19, 2001. Id.

2. The contract required construction of 119 Dry Storage Buildings ("DSBs"), designed to maintain a controlled climate for the housing of heavy military equipment. Compl. ¶ 5, 11.

3. On December 13, 2001, representatives of AAB and the Government held a design issues meeting, at which they discussed a variety of matters relating to the DSBs, including the parties' differences concerning minimum space frame bolt size and maximum roof deflection requirements. The meeting resulted in agreements which were later incorporated into Modification No. P00009. This Modification was signed by the Administrative contracting

[1] "Compl." refers to the Amended Complaint in No. 05-1172C.

officer, J.W. Blackburn, Jr., on May 31, 2002, and by AAB's Project Director, S.D. Keeney, on June 3, 2002. Def. App 3-11. [2]

4. Modification No. P00009 referenced an enclosure containing a statement of work to which the parties agreed under the Modification. Def. App. 3-4. That statement of work, in turn, referenced an enclosure consisting of minutes, prepared by an AAB representative, of the December 13, 2001 design issues meeting. Def. App. 4-11. These minutes reflect that the meeting was attended by four representatives of AAB and three Government representatives. Def. App. 5.

5. The statement of work contained in Modification No. P00009 provided, among other things, that the minimum acceptable bolt size would be M-16, that the maximum deflection of L/600 would "apply to all individual elements of the roof structure for each of the DSBs . . . , including the panels," and that foundation and concrete work on the DSBs could begin prior to the completion of the initial DSB. Def. App. 4.

6. The Modification also stated:

> This contract change is the final resolution of the issues and discussions included in the minutes referenced by the scope of work described above.
>
> It is understood and agreed; pursuant to the above, that the contract amount remains unchanged; the contract time for performance remains unchanged; and the contract adjustment in this modification includes all costs for the change and all claims incidental thereto have been satisfied.

Def. App. 3.

---

[2] "Def. App. " refers to the Appendix to Defendant's Motion to Dismiss, Or, in the Alternative, for Summary Judgment as to the M-20 Bolts Claim in No. 05-1172C, and For Summary Judgment as to the L/600 Deflection Claim in No. 05-1172C.

7. The provision in Modification No. P00009 allowing AAB to begin foundation and concrete work on the DSBs prior to the completion of the initial DSB was requested by AAB, to allow more time for space frame and insulated panel installation. Def. App. 2.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

OF COUNSEL:

PAUL CHEVERIE
Command Counsel
BRETT R. HOWARD
Assistant Command Counsel
Europe District
U.S. Army Corps of Engineers

September 11, 2007