IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1719C, No. 05-114C, No. 05-1172C, |
| | ) | and No. 06-49C |
| THE UNITED STATES. | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |

DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

Defendant respectfully requests an enlargement of time of 14 days, to and including October 26, 2007, within which to respond to the motion for summary judgment filed by plaintiff on September 11, 2007, concerning No. 05-114C. Our response is currently due on October 12, 2007. This is our first request for an enlargement of time for this purpose. We asked plaintiff's counsel on September 19, 2007, whether plaintiff would oppose this motion, and he responded that he would have to consult his client and could not provide a definite answer that day. On September 20, 2007, plaintiff's counsel informed us that plaintiff would oppose this motion.

Government counsel is scheduled to be on leave from September 24 through October 15, 2007. He and his wife have non-refundable airline tickets for overseas travel throughout that period. Government counsel will not be able to complete the preparation of a response to the plaintiff's motion prior to his departure, and will require approximately two weeks after his return to do so.

At the time of the Court's June 8, 2007 scheduling order – in which the Court allowed plaintiff to file a motion for summary judgment in No. 05-114C "after the completion of outstanding fact discovery but on or before September 11, 2007" – Government counsel's intent was to prepare a response to plaintiff's motion prior to his departure. If the response was not quite complete by that time or required some revision, Government counsel intended to finalize the response and arrange for its filing while on leave, utilizing a laptop computer with remote

access capability. This course of action appeared feasible, in part because of the fact that plaintiff's motion was expected to be very similar to a motion plaintiff attempted to file on May 1, 2007. (The Court disallowed that filing, for reasons not germane here.) At present, however, the preparation of our response is not as advanced as we had hoped it would be by this time, and filing an appropriate response by the current due-date in the in the manner described above is no longer feasible. This is so for several reasons.

First, although plaintiff's pending summary judgment motion, filed September 11, 2007, is generally similar to the May 1, 2007 version of the motion, there are differences we were not in a position to address until after the September 11, 2007 filing. For example, the pending motion – unlike the earlier version – cites testimony of two officials of the United States Army Corps of Engineers ("USACE"), in depositions taken by plaintiff on August 23 and 24, 2007.

Second, the deposition of another USACE official, commenced by plaintiff on August 28, 2007, could not be completed on that day, and was continued by agreement of the parties on September 19, 2007. Some of the testimony in the September 19 session related to the issues raised in plaintiff's motion. We have not yet had a sufficient opportunity to consider whether and in what manner this testimony should affect our response to plaintiff's motion.

Third, plaintiff's summary judgment motion raised factual issues concerning policies and practices that plaintiff attributes to certain agencies of the Government of Israel, with regard to the entry of foreign workers into Israel. These are agencies other than the agency with which USACE dealt in the administration of the contract in question. Through the latter agency (the Ministry of Defense), we have been attempting to obtain certain information from the former agencies concerning the alleged policies and practices. We have not received the requested information, although we have been informed that we will receive a response to our request shortly.

Finally, certain issues remain open (although in the process of resolution) with respect to plaintiff's response to our requests for production of documents, and some of the documents in question are or may be pertinent to our response to plaintiff's motion. Specifically, as stated in the parties' June 4, 2007 joint status report, plaintiff responded on May 23, 2007, to defendant's April 26, 2007 letter regarding deficiencies in production of documents, and supplemented its response to defendant's September 29, 2006 letter regarding privilege claims, as required by the Court's May 9, 2007 order. However, as also stated in that joint status report, there remained some open issues concerning these documents and the privilege claims challenged in defendant's September 29, 2006 letter, which the parties hoped to resolve amicably. By letter of August 3, 2007, plaintiff further responded to the privilege issues raised in our September 29, 2006 letter, producing certain previously withheld documents, explaining the basis for the claim of privilege as to others, and stating that plaintiff would "respond with respect to the remaining documents next week." However, we have not yet received that further response. As we advised plaintiff's counsel by letter of September 18, 2007, of the approximately 240 privilege claims challenged in our September 29, 2006 letter, there remain dozens that still have not been addressed, one of which appears from the privilege log to be pertinent to plaintiff's summary judgment motion, and others of which may also be related to that motion. Although plaintiff's ability to respond with respect to the remaining documents may have been hampered in August and early September by the need to devote time to deposing Government officials and preparing the pending summary judgment motion, this need should not be met to the Government's prejudice; the Government should not be required to respond to plaintiff's motion without receiving a response to the document production concerns mentioned above.

For the foregoing reasons, we respectfully request that our motion for an enlargement of time be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

September 20, 2007