IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos. 04-1719C, 05-114C, |
| | ) | 05-1172C, and 06-49C |
| THE UNITED STATES OF AMERICA | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

Pursuant to Rule 56(h)(2) of the rules of this Court, Plaintiff, A.A.B Joint Venture, in response to the proposed findings of uncontroverted fact filed by Defendant United States in support of Defendant's Motion for Summary Judgment, states and represents that with respect to each of the Government's Proposed Findings the Plaintiff's position is as follows:

**Defendant's Proposed Finding No. 1**

> On June 5, 2001, Plaintiff, A.A.B Joint Venture ("AAB"), was awarded contract NO. DACA 90-01-C-0043 (the "Contract") for $124,089,176.00. Compl ¶ 7. A Notice to Proceed was issued on June 19, 2001. Id.

**Objection:**

None.

**Defendant's Proposed Finding No. 2**

> The contract required construction of 119 Dry Storage Buildings ("DSBs") designed to maintain a controlled climate for the housing of heavy military equipment. Compl. ¶ 5, 11.

**Objection:**

None.

**Defendant's Proposed Finding No. 3**

> On December 13, 2001, representatives of AAB and the Government held a design issues meeting, at which they discussed a variety of matters relating to the DSBs, including the parties' differences concerning minimum space frame bolt size and maximum roof deflection requirements. The meeting resulted in agreements which were later incorporated into Modification No. P00009. This Modification was signed by the Administrative contracting officer, J.W. Blackburn, Jr., on May 31, 2002, and by AAB's Project Director, S.D. Keeney, on June 3, 2002. Def. App 3-11.

**Objection:**

First sentence – none.

Second sentence – Contested in part to the extent that this sentence implies that agreement was reached with respect to all of the matters relating to the DSBs that were discussed at the December 13, 2001 meeting. Plaintiff's reason for contesting this sentence is underlined by the statement in Defendant's Motion at page 2-3 which strongly implies that the "…parties reached an agreement concerning these matters" which refers to the bolt size issue. However, it is quite clear from Defendant's Appendix, page 8 that no decision was made with respect to bolt size. The resolution block states the following: "ACO <u>to determine</u> acceptability of changing the contract to accept M16 Bolts." (emphasis added). *See also* Keeney Declaration ¶ 7. Note that the USACE's reference to a change in the contract confirms the intent to issue a modification to the contract, which only then would constitute agreement to use M16 Bolts. Additionally, the Plaintiff did not agree to provide L/600 maximum deflection in the panels at this meeting. *See also* Keeney Declaration ¶ 8. Further, the issue of whether concrete work could begin on other DSBs prior to prototype completion, discussed by Defendant was also not resolved at the December 13, 2001 meeting. As noted on page 10 of Defendant's Appendix the resolution of this issue was as follows: "This item was not discussed in detail. COE to consider once concrete design for DSB Type A has been accepted. This will require attention in a future

meeting." (emphasis added)

Third sentence – none.

**Defendant's Proposed Finding No. 4**

> Modification No. P00009 referenced an enclosure containing a statement of work to which the parties agreed under the Modification. Def. App. 3-4. That statement of work, in turn referenced an enclosure consisting of minutes, prepared by an AAB representative, of the December 13, 2001 design issues meeting. Def. App 4-11. These minutes reflect that the meeting was attended by four representatives of AAB and three Government representatives. Def. App 5.

**Objection:**

First and second sentences – objected to, in part. The document apparently referred to is titled "Scope of Work" not statement of work. For reasons discussed in Plaintiff's Opposition, Plaintiff submits that the Government imposed conditions which were not agreed to namely, a requirement to comply with the L/600 requirement before making a determination on the bolt hole size and issuing the modification, which were never the subject of any agreement between the parties. Keeney Declaration ¶¶ 11, 12.

Third sentence – none.

**Defendant's Proposed Finding No. 5**

> The statement of work contained in Modification No. P00009 provided, among other things, that the minimum acceptable bolt size would be M-16, that the maximum deflection of L/600 would "apply to all individual elements of the roof structure for each of the DSBs …, including the panels," and that foundation and concrete work on the DSBs could begin prior to the completion of the initial DSB. Def. App 4.

**Objection:**

Objected to, in part. The statements set forth by the Government are contained in the scope of work. However, Plaintiff again notes that the bolt size for the space frames was not resolved at the December 13, 2001 meeting (Keeney Declaration ¶ 7, 8), there was no agreement at this meeting that Plaintiff would provide maximum L/600 deflection for panels, nor was a

decision made at the December 13, 2001 meeting with respect to whether foundation and concrete work on the DSBs could begin prior to completion of the initial DSB. Defendant's Appendix at 10.

**Defendant's Proposed Finding No. 6**

> The Modification also stated:
>
> This contract change is the final resolution of the issues and discussions included in the minutes referenced by the scope of work described above.
>
> It is understood and agreed; pursuant to the above, that the contract amount remains unchanged; the contract time for performance remains unchanged; and the contract adjustment in this modification includes all costs for the change and all claims incidental thereto have been satisfied.

Def. App 3.

**Objection:**

Objected to, in part – Plaintiff agrees that the Modification contains the quoted language, but disagrees as to the legal effect of this language.

**Defendant's Proposed Finding No. 7**

> The provision in Modification No. P00009 allowing AAB to begin foundation and concrete work on the DSBs prior to the completion of the initial DSB was requested by AAB, to allow more time for space frame and insulated panel installation. Def. App 2.

**Objection:**

Uncontested except that Plaintiff notes that its October 10, 2001 letter contains significant additional information with respect to the request, not contained in the proposed finding. Defendant's Appendix at 2.

Date: October 12, 2007

Respectfully submitted,

s/ Brian Cohen

Brian Cohen
Of Counsel: Philip C. Jones
BELL BOYD & LLOYD, LLP
1615 L Street N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, Brian Cohen, hereby certify under penalty of perjury that the foregoing Plaintiff's Response To Defendant's Proposed Findings Of Uncontroverted Facts will be served automatically via "shalom.brilliant.usdoj.gov" upon ECF filing this 12th day of October, 2007 upon:

Shalom Brilliant, Esq.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

s/ Brian Cohen
Brian Cohen