IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1719C, No. 05-114C, No. 05-1172C, |
| | ) | and No. 06-49C |
| THE UNITED STATES, | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(2) of the Rules of this Court, defendant, the United States, respectfully responds to plaintiff's proposed findings of uncontroverted fact as follows:

1. A.A.B Joint Venture (the "JV") contracted with the United States Army Corps of Engineers ("USACE") to design and construct the Nachshonim Military Storage Base Project (the "Project"). The Project involved the design and construction of a storage and logistics complex for use by the Israeli Defense Force. The Project, which involved the construction of roughly 200 buildings and supporting infrastructure and site development, is located approximately 20 km. east of Tel Aviv, Israel. Keeney Declaration at ¶ 4.

Response:

Defendant does not dispute this proposed finding.

2. The contract for the design and construction of the Project was signed by the USACE on June 5, 2001, and by the JV on June 11, 2001. Keeney Declaration at ¶ 5.

Response:

Defendant does not dispute this proposed finding.

3. During the December 13, 2001 meeting with the JV and the USACE to discuss design issues, the issue of minimum bolt hole size was discussed. At the meeting, the JV

indicated that it wanted to utilize a minimum bolt size of M-16 for all space frames. At the time, it was the JV's belief that the use of M-16 bolts was allowed by the contract based upon Amendment 6 which deleted a reference to M-20 bolts. The bolt size issue was not resolved at the December 13, 2001 meeting. At the conclusion of the December 13, 2001 meeting, the USACE only stated that it would subsequently determine the acceptability of the M-16 bolts. Keeney Declaration at ¶ 7.

Response:

Defendant does not dispute this proposed finding.

4. The JV had additional discussions with the USACE at the December 13, 2001 meeting concerning the applicability of the L/600 maximum deflection requirement for the panels and noted that there were three options possible to providing a solution all of which would involve additional cost to the JV. The JV did not agree to provide maximum L/600 deflection in panels until the JV reviewed the cost impacts for each option. In response, Mr. Michael Roach, the contracting officer's representative, stated that if the JV complied with the L/600 requirement for the panels, the Government would show "leniency" if the pressure test came out at 1.5% or 2% infiltration, rather than the 1.1% which would have been required based upon the specified pressure test. Keeney Declaration at ¶ 8.

Response:

Defendant disputes this proposed finding. The outcome of the December 13, 2001 meeting was that the The JV agreed that the maximum deflection of L/600 would apply to all individual elements of the roof structure for each of the Dry Storage Buildings ("DSBs"), including the panels. At the same meeting it was also agreed that the foundation and concrete

work on the DSBs could begin prior to the completion of the initial DSB. At that meeting, Mr. Keeney, as The JV's representative, agreed with both of these decisions. Mr. Roach never stated that the "Government would show leniency" if The JV failed to meet the pressure test. Def. Supp. App. 2, ¶ 4.[1]

5. The resolution of this issue in Modification No. P00009 (not at the meeting) was that the JV would comply with the L/600 requirement for the panels. However, the JV was only willing to make this concession, of what it considered to be an otherwise valid claim, if the Government would give the stated leniency with respect to the pressure test. Keeney Declaration at ¶ 9.

Response:

Defendant does not dispute the first sentence of this proposed finding. Defendant disputes the second sentence of this proposed finding for the reasons stated in response to Proposed Finding No. 4.

6. Though the leniency of nearly 100% was significant, as it turned out this would have fallen far short of allowing compliance with the specified pressure test (*see e.g.* Specification-Division 2, Section 003, Dry Storage Buildings, Chapter J, Paragraph 3), a fact that was not known to the JV at the time of the meeting. Keeney Declaration at ¶ 10.

[1] "Def. Supp. App." refers to the supplemental appendix to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, Or, in the Alternative, for Summary Judgment as to the M-20 Bolts Claim in No. 05-1172C, and For Summary Judgment as to the L/600 Deflection Claim in No. 05-1172C.

Response:

Defendant disputes this proposed finding to the extent that it may be construed to attribute to the Government the representations concerning leniency alleged in Proposed Finding Nos. 4 and 5, for the reasons stated in response to those proposed findings. In all other respects, defendant objects to this proposed finding upon the ground that it is vague and self-contradictory.

7. There was never any discussion, or agreement between the JV and the USACE, either at the December 13, 2001 meeting or at any time thereafter that: 1) The issuance of Modification P00009 would be delayed for five and one half months until May 31, 2002; or 2) that the USACE would not make a determination with respect to the bolt hole size until after the JV demonstrated compliance with the L/600 requirement for the panels. Keeney Declaration at ¶ 11.

Response:

Defendant does not dispute this proposed finding, except to the extent that it may be construed to imply the existence of an agreement that the USACE would issue Modification No. P00009 at any earlier date or would make a determination with respect to the bolt hole size without demonstration of compliance with the L/600 requirement for the panels. The substance of the agreement reached by the parties at the December 13, 2001 meeting and in Modification No. P00009 are set forth in that modification and attachments thereto. These documents do not indicate that USACE agreed to issue Modification No. P00009 at a particular time or would make a determination with respect to the bolt hole size without demonstration of

compliance with the L/600 requirement for the panels. Def. App. 3-11.[2] For the same reason, defendant disputes the characterization of the issuance of Modification No. P00009 as having been "delayed."

8. During the period from December 13, 2001 through May 31, 2002 the USACE withheld its approval of the proposed M-16 minimum bolt size pending resolution of the L/600 panel issue. However, as noted above, the parties never agreed that the USACE would delay approval of the bolt size until the JV demonstrated compliance with the L/600 requirement for the panels. Keeney Declaration at ¶ 12.

<u>Response</u>:

Defendant does not dispute this proposed finding, except to the extent that it may be construed to carry the implication described in our response to Proposed Finding No. 7. Defendant disputes this implication, as well as the characterization of the approval of the bolt size as having been "delayed," for the reasons stated in response to Proposed Finding No. 7.

9. Consistent with the foregoing, Stephen Denison Keeney sent an email on May 14, 2002 to the USACE which stated the following: "I asked him to issue a change order for maximum [sic] M-16 bolts for all DSB's and to consider requesting value engineering, thereby separating the bolt and L/600 panel issues. I stated that the JV was exposed for design and time by not having an official change to the contract. . . . He still wants to lump the bolt issue with the L/600 panel issue." Keeney Declaration at ¶ 13.

---

[2] "Def. App." refers to the appendix to Defendant's Motion to Dismiss, Or, in the Alternative, for Summary Judgment as to the M-20 Bolts Claim in No. 05-1172C, and For Summary Judgment as to the L/600 Deflection Claim in No. 05-1172C.

Response:

Defendant does not dispute that on May 14, 2002, Mr. Keeney sent an e-mail containing the quoted statement. Defendant disputes, however, the assertion that this e-mail was sent to USACE. The e-mail was sent to individuals within The JV, but not to USACE. Pl. App. 20.[3]

10. The USACE's response indicated that the bolt size issue remained unresolved and would not be resolved until all issues tied to the bolt size had been resolved. Keeney Declaration at ¶ 14.

Response:

Defendant disputed this proposed finding to the extent that it alleges a response by USACE to the e-mail referenced in Proposed Finding No. 9, for the reason stated in response to that proposed finding. In all other respects, defendant objects to this proposed finding upon the ground that it is not a statement of fact but plaintiff's characterization of a statement that plaintiff attributes to USACE, without quoting the statement or indicating who made the statement, when it was made, in what form it was made, either in the proposed finding itself or in the evidence cited to support the proposed finding.

11. The untimely issuance of Modification P-00009 and the imposition by the USACE of a requirement that the bolt size issue would not be determined until the JV demonstrated compliance with the L/600 requirement for the panels delayed the release of space frames for fabrication until May 31, 2002. Keeney Declaration at ¶ 15.

---

[3] "Pl. App." refers to the appendix to Plaintiff's Opposition to Defendant's Motion to Dismiss, Or, in the Alternative, for Summary Judgment as to the M-20 Bolts Claim in No. 05-1172C, and For Summary Judgment as to the L/600 Deflection Claim in No. 05-1172C.

Response:

Defendant disputed this proposed finding for the reasons stated in response to Proposed Findings 4, 7, 8, 10. Additionally, although the JV may have deferred the release of space frames for fabrication pending confirmation that M-16 bolts could be utilized, the evidence cited in support of this proposed finding does not indicate any factual or legal reason preventing the release of space frames for fabrication based upon an M-20 minimum bolt size, as originally specified by the contract.

12. Rather than grant any leniency, the USACE continued to insist on strict compliance with the specified pressure test from December 13, 2001 through at least January 2003, contrary to Mr. Roach's statement in the December 13, 2001 meeting. Keeney Declaration at ¶ 16.

Response:

Defendant disputes this proposed finding for the reasons stated in response to Proposed Findings 4, 7, 8, 10. Additionally, The JV did not perform preliminary pilot DSB pressure tests or submit formal test results to the USACE for approval until January 2003. Def. App. 31. Until that time, the USACE had no pressure test results about which to be lenient.

13. The JV negotiated the terms of Modification P000091 during the last week of November 2005, leading up to execution of the modification on December 9, 2005. Keeney Declaration at ¶ 17.

Response:

Defendant does not dispute this proposed finding.

14. Those negotiations were conducted directly with Michael Roach, Administrative Contracting Officer, who executed the modification for the USACE. Keeney Declaration at ¶18.

Response:

Defendant does not dispute this proposed finding.

15. The purpose of the modification was to bilaterally resolve several issues including the establishment of a substantial completion date, a start date for the two year warranty period, and conversion of three unilateral modifications to bilateral settlements including a time extension. Keeney Declaration at ¶ 19.

Response:

Defendant does not dispute this proposed finding.

16. Both parties also understood that the JV had to reserve its rights for and/or exclude from this modification the JV's certified claims and complaints. In order to accommodate the JV's concerns regarding its certified claims, language was inserted stating that issues directly or indirectly related to the stated certified claims, including the DSB pressure test claim, were excepted from the language indicating that the change resolved all outstanding time of performance related issues. Keeney Declaration at ¶ 20.

Response:

Defendant does not dispute this proposed finding, except to the extent that it may be construed to imply an understanding that claims covered by Modification No. P00009 were still pending and subject to being reserved when Modification No. P00091 was negotiated. In fact,

after Modification No. P00009 was executed it was always Mr. Roach's understanding that the M-16 bolt and the L/600 deflection issues had been resolved. Def. Supp. App. 2, ¶ 5.

17. Mr. Roach and Mr. Keeney agreed that the JV would come up with draft language for the modification. Keeney Declaration at ¶ 21.

Response:

Defendant does not dispute this proposed finding.

18. A day or so before the modification was executed, Mr. Keeney provided Mr. Roach with the above referenced language and the additional language which states: "Contractor reserves its rights to any costs, impacts, markups, delays, extended overhead costs and the like for any of the certified claims and those directly or indirectly related to certified claims listed above." Keeney Declaration at ¶ 22.

Response:

Defendant does not dispute this proposed finding.

19. Mr. Roach indicated his agreement with this language and thereafter on December 9, 2005 the modification was executed. Keeney Declaration at ¶ 23.

Response:

Defendant does not dispute this proposed finding. However, this language had nothing to do with Modification No. P00009 or the L/600 deflection and bolt size issues.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

**Filed electronically**

OF COUNSEL:

PAUL CHEVERIE
Command Counsel
BRETT R. HOWARD
Assistant Command Counsel
Europe District
U.S. Army Corps of Engineers

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

October 29, 2007