IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1719C, No. 05-114C, No. 05-1172C, |
| | ) | and No. 06-49C |
| THE UNITED STATES, | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SURREPLY IN FURTHER
OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT MOTION

Defendant, the United States, respectfully responds to plaintiff's motion for leave to file a surreply.

Plaintiff, A.A.B. Joint Venture ("AAB"), asserts that it should be permitted to file a surreply in response to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, Or, in the Alternative, for Summary Judgment as to the M-20 Bolts Claim in No. 05-1172C, and for Summary Judgment as to the L/600 Deflection Claim in No. 05-1172C, in order to "respond to arguments and factual assertions that the Government raised for the first time in Defendant's Reply." Motion for Leave 1. AAB does not, however, identify any genuinely new arguments or factual assertions raised for the first time in our reply.

To the extent that AAB means to state only that our reply is not a mere repetition of our moving brief, we agree. This fact is not, however, a reason for permitting a surreply. A reply brief necessarily addresses the nonmoving party's response to the motion. In responsive briefing, one side must eventually have the last word if the briefing is ever to end. That side is, ordinarily, the movant. The Court's Rules provide, after all, for the routine filing of replies but not surreplies.

To the extent that AAB means to suggest that our reply raises new grounds for dismissal that were not raised in our motion to dismiss, AAB is wrong. All of the arguments and factual assertions contained in our reply brief — including those involving the three issues that AAB describes as “new” — support the grounds for dismissal originally asserted in our moving brief, and were raised in our reply brief to refute arguments and factual assertions made by AAB in opposition to our motion.

The first ostensibly new assertion AAB attributes to our reply is “the Government’s . . . contention that it fulfilled the promise to grant leniency with respect to the pressure test . . . .” Motion for Leave 1. It was AAB, however, that raised this issue in its response to our moving brief. In our moving brief, we argued that the claims in question were barred by an accord and satisfaction contained in Modification No. P00009. In response, AAB contended that the parties’ understanding included a promise by the Government to grant leniency with respect to the pressure test. In our reply, we stated that there was no such promise, and that, in any event, AAB had not demonstrated a failure to fulfill the alleged promise.

Second, AAB proposes to rebut our argument concerning the parol evidence rule. We asserted the parol evidence rule, however, in response to the contention in AAB’s brief that the parties’ understanding in agreeing to Modification No. P00009 included the alleged promise of leniency. AAB sought to support this contention with evidence concerning the parties’ prior dealings, and we responded that to read such a promise into the agreement based upon prior dealings would violate the parole evidence rule.

Third, AAB proposes to demonstrate “the Government’s failure to establish the subject matter and scope of negotiations for the contract modification P00009 . . . .” Motion for

Leave 1. This argument, on its face, has nothing to do with anything new in our reply. If there were any basis for this argument, the place to make the argument was in AAB's response to our moving brief, not in a surreply.

"Leave to file a surreply is generally only granted in 'rare circumstances' as where the movant 'improperly raises new arguments in a reply.'" Pehr v. Rubbermaid, Inc., 87 F. Supp. 2d 1222, 1237 (D. Kan. 2000) quoting Humphries v. Williams Natural Gas Co., No. 96-4196-SAC, 1998 WL 982903, at 1 (D. Kan. Sept. 23, 1998). Our reply did not raise new arguments; it properly replied to arguments and assertions made in AAB's response to our moving brief. The justification offered for the filing of a surreply is, essentially, that AAB has something to say in response to our reply. Such a justification would equally justify a potentially endless series of surreplies, and, therefore, cannot be considered sufficient.

For the foregoing reasons, AAB's motion for leave to file a surreply should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

**Filed electronically**

OF COUNSEL:

PAUL CHEVERIE
Command Counsel
BRETT R. HOWARD
Assistant Command Counsel
Europe District
U.S. Army Corps of Engineers

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

November 16, 2007

**CERTIFICATE OF FILING**

I hereby certify that on the 16th day of November, 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY IN FURTHER OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT MOTION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Shalom Brilliant