# In the United States Court of Federal Claims

No. 04-1719 C, No. 05-114 C, No. 05-1172 C, and No. 06-49 C
(CONSOLIDATED)

(Filed: December 3, 2007)

**********************************
**A.A.B JOINT VENTURE,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
**********************************

**ORDER**

On November 9, 2007, Plaintiff A.A.B. Joint Venture ("AAB") filed a motion for leave to file a surreply in further opposition to the Government's motion for summary judgment. AAB referred to three topics which it would like to address in the surreply:

> (1) the Government's factually erroneous contention that it fulfilled the promise to grant leniency with respect to the pressure test; (2) exceptions to the parol evidence rule which permit Plaintiff to present evidence of the Government's failure to grant leniency to defeat the affirmative defense of accord and satisfaction; and (3) the Government's failure to establish the subject matter and scope of negotiations for the contract modification P00009, contrary to the requirements of *Cyr Constr. v. United States*, 27 Fed.Cl. 153 (1992), which is fatal to the Government's motion for summary judgment.

Pl.'s Mot. at 1. AAB stated that a discussion of these three topics is necessary "in order for Plaintiff to have a fair opportunity to respond to arguments and factual assertions that the Government raised for the first time in [its] Reply." *Id.* However, AAB only generally referenced "contentions" made by the Government and did not quote, cite, or otherwise correlate any specific statements from the Government's briefs with the three proposed topics.

On November 16, 2007, the Government filed a brief in opposition to AAB's motion for leave to file a surreply. The Government argued that the first two of AAB's three proposed topics relate to an issue which was first brought up by AAB in its response

brief, and thus, while discussed in the Government's reply brief, this issue was not first raised there.[1] Def.'s Opp'n at 2. The third of AAB's proposed topics, according to the Government, "has nothing to do with anything new in [the Government's] reply" and instead should have been brought up in AAB's response if at all. *Id.* at 2-3.

Because the parol evidence rule was first mentioned in the Government's reply brief, the Court will permit AAB to present an argument on the second proposed topic. In addition, because the first two of AAB's proposed topics are interrelated, the Court will also permit AAB's argument to address the first proposed topic. However, the Court agrees with the Government that the third of AAB's three proposed topics does not seem to be a proper argument to be raised on a surreply. AAB made no attempt to identify for the Court why AAB should be permitted to discuss the *Cyr* case for the first time on a surreply.

Accordingly, the Court GRANTS AAB's motion for leave to file a surreply with respect to the first two of AAB's proposed topics only. AAB shall file its surreply on or before **December 7, 2007**. The surreply shall not exceed seven (7) pages, and shall otherwise conform to all applicable requirements of the Rules of the United States Court of Federal Claims.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

[1] In its motion for summary judgment, the Government initially anticipated that AAB would make an argument based on duress. Def.'s Mot. for Summ. J. at 11.