IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1719C, No. 05-114C, No. 05-1172C, |
| | ) | and No. 06-49C |
| THE UNITED STATES, | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO REPLY TO PLAINTIFF'S SURREPLY
IN FURTHER OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION

Defendant, the United States, respectfully requests leave to file the attached Reply to Plaintiff's Surreply In Opposition to Defendant's Summary Judgment Motion. The grounds for this motion are as follows.

On November 9, 2007, plaintiff requested leave to file a surreply in response to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, Or, in the Alternative, for Summary Judgment as to the M-20 Bolts Claim in No. 05-1172C, and for Summary Judgment as to the L/600 Deflection Claim in No. 05-1172C. On November 16, 2007, we filed an opposition to the motion for leave. By Order dated December 3, 2007, the Court granted plaintiff's motion in part, permitting plaintiff to file a surreply with respect to two of the topics identified in the motion for leave: "(1) the Government's . . . contention that it fulfilled the promise to grant leniency with respect to the pressure test; (2) exceptions to the parol evidence rule which permit Plaintiff to present evidence of the Government's failure to grant leniency to defeat the affirmative defense of accord and satisfaction . . . ." December 3, 2007 Order 1, quoting Plaintiff's Motion for Leave 1. On December 7, 2007, plaintiff filed its surreply.

In its surreply, plaintiff asserts that the parol evidence rule does not apply to Modification No. P00009 because the Modification is not an integrated agreement or because there is an issue

as to whether the modification is an integrated agreement. The question of integration was not previously raised, and we believe plaintiff's argument concerning this question ignores explicit language contained in the Modification. Plaintiff also argues that the evidence concerning which we raised the parol evidence rule was not extrinsic, because it pertains to an event described in meeting minutes that were expressly incorporated into the Modification. This argument confuses the meeting minutes, which were not extraneous and were not challenged under the parol evidence rule, with the evidence that we did challenged under that rule. Plaintiff also argues that parol evidence is permitted here to aid the Court in interpreting an ambiguous term. The actual use to which plaintiff puts the parol evidence in question, however, is not to aid the Court in interpreting an ambiguous term, but to inject an additional term. In these respects, plaintiff's surreply is misleading, and the Government should have an opportunity to respond to it.

For the foregoing reasons, our motion for leave to reply to plaintiff's surreply should be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

**Filed electronically**

OF COUNSEL:

PAUL CHEVERIE
Command Counsel
BRETT R. HOWARD
Assistant Command Counsel
Europe District
U.S. Army Corps of Engineers

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

December 13, 2007