IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1719C, No. 05-114C, No. 05-1172C, |
| | ) | and No. 06-49C |
| THE UNITED STATES, | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION

Defendant, the United States, respectfully submits this reply in support of our alternative motion for summary judgment and in response to Plaintiff's Surreply in Further Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment as to the M-20 Bolts Claim in No. 05-1172C and for Summary Judgment as to the L/600 Deflection Claim in No. 05-1172C.

ARGUMENT

Plaintiff, A.A.B. Joint Venture ("AAB"), asserts in its surreply that the parol evidence rule does not apply to Modification No. P00009 because the Modification is not an integrated agreement or because there is an issue as to whether the modification is an integrated agreement. This argument concerning this question ignores explicit language contained in the Modification. Not only did the Modification contain the standard clause stating that "[e]xcept as provided herein, all terms and conditions of [the contract], as heretofore changed, remain unchanged and in full force and effect,: but it also expressly stated: "This contract change is the final resolution of the issues and discussions included in the minutes referenced by the scope of work described

above." Def. App. 3.[1] Both the minutes and scope of work were attached to the Modification. There is no dispute that the both the bolt size issue and the minimum deflection issue were among the issues addressed in these attachments. Therefore, the Modification must be construed to state the parties' final resolution of these issues. None of the cases cited by AAB concerning this matter permit the utilization of parol evidence to contradict an express statement in a bilateral contract modification that the modification contains the parties' final resolution of these issues identified in the modification.

AAB also argues that the evidence concerning which we raised the parol evidence rule was not extrinsic, because it pertains to an event described in the meeting minutes that were expressly incorporated into Modification No. P00009. This argument confuses the meeting minutes, which were not extraneous and were not challenged under the parol evidence rule, with the evidence that we did challenged under that rule. We challenged AAB's reliance upon declaration testimony and various exhibits concerning the alleged course of dealings preceding the signing of the Modification, <u>other than</u> the meeting minutes attached to the Modification.

AAB also argues that parol evidence is permitted here to aid the Court in interpreting an ambiguous term of the Modification No. P00009. The purportedly ambiguous term is not quoted or specifically identified in AAB's surreply; AAB merely alludes to this term with the question-begging phrase "the material term granting leniency with respect to the pressure test . . . ." Surreply 4. From AAB's October 12, 2007 response to our motion, it is evident that the term in question consists of a comment by the contracting officer's representative ("COR") appearing in the meeting minutes attached to the Modification, that "[i]f you reduce the deflection

---

[1] "Def. App" refers to the appendix to our motion to dismiss or for summary judgment, filed September 11, 2007.

requirement and fail the pressure test, we will be much harder on the JV than if you follow the contract and the pressure test comes out at 1.5% or 2% infiltration." Plaintiff's October 12, 2007 Response 13, quoting Def. App. 9. This language, however, is neither ambiguous nor a contract term.

First, even if the COR's statement at the meeting could be construed as a promise incorporated into the contract, it would be a promise to act as stated. The statement's lack of specificity does not make it ambiguous; there is no reason to assume that the COR intended to convey anything more specific than what he said.

Second, it is apparent from the language of the Modification and its attachments which portions of the reference minutes contained agreed terms and which did not. As previously noted, the Modification stated that it contained "the final resolution of the issues and discussions included in the minutes referenced by the scope of work described above." Def. App. 3. The scope of work stated that "[t]he agreements reached in the referenced meeting are hereby incorporated into the contract, along with the clarification to the minutes as listed below. (Items a through c)." Def. App. 4. The minutes describe discussions under various topical headings, some of which are followed by a box labeled "RESOLUTION" and stating how the issue in question was resolved. Def. App. 5-11. Thus, the "agreements reached in the referenced meeting" that were "incorporated into the contract" included the resolutions stated in the minutes, not every comment recorded in the minutes. The COR comment upon which AAB relies appears in a discussion under the heading "ITEM IV d. L/600 deflection." That discussion is followed by a box stating:

RESOLUTION • JV to conduct tests and provide results to COE. Complained with L/600 is required for all roof structure elements, including panels.

Def. App. 9. Neither here nor elsewhere in the meeting minutes is there any reference to a resolution whereby the Government would extend any particular leniency with respect to the contract's pressure test requirement.[2]

Finally, the extrinsic evidence upon which AAB relies does not purport to clarify the meaning of the COR's statement. Rather, this evidence is offered to inject into that statement meaning that the statement simply does not convey. The most that can be derived from the sense of the statement, even construing it in a manner favorable to AAB, is that if AAB would comply with the contract's minimum deflection requirement as construed by the Government, the Government would be more tolerant of pressure test results indicating 1.5 or 2 percent infiltration than if AAB did not meet that deflection requirement. Nothing in the statement suggests that the Government would excuse AAB from attempting to pass the specified pressure, would replace that test with a more lenient test (although the Government eventually did do this; see Appendix to Plaintiff's Surreply 20), or would accept the results of informal tests performed on a mock-up rather than on a building constructed according to the contract specifications. AAB's evidence concerning the Government's failure to provide the allegedly promised leniency concerns the latter kinds of leniency. Neither the content of Modification No. P00009 nor any evidence offered by AAB indicates that the Government promised this kind of leniency,

---

[2] AAB cannot complain that the minutes failed to accurately state the resolutions reached at the meeting. The minutes were prepared by Richard Stump, a representative of AAB. Def. App. 5, 11.

even assuming that the COR statement upon which AAB relies could be construed as promising leniency at all.

CONCLUSION

For the foregoing reasons, and for the reasons stated in our previous briefs in this matter, the Court should grant summary judgment dismissing AAB's L/600 deflection requirement claim this claim upon the ground that it is barred by the doctrine of accord and satisfaction, and dismissing AAB's bolt size claim upon the same ground if that claim is not dismissed for lack of jurisdiction.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

PAUL CHEVERIE
Command Counsel
BRETT R. HOWARD
Assistant Command Counsel
Europe District
U.S. Army Corps of Engineers

December 13, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2007, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO REPLY TO PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION" and "DEFENDANT'S REPLY TO PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION" were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**