IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos. 04-1719C, 05-114C |
| | ) | 05-1172C, and 06-49C, |
| THE UNITED STATES OF AMERICA | ) | (CONSOLIDATED) |
| | ) | (Chief Judge Damich) |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO REPLY TO PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, A.A.B Joint Venture, respectfully opposes Defendant's Motion for Leave to file a Reply to Plaintiff's Surreply. The grounds for this Opposition follow.

On September 11, 2007 Defendant filed its Motion to Dismiss or, in the Alternative for Summary Judgment as to the M-20 Bolt Claim in 05-1172C and for Summary Judgment as to the L/600 deflection claim in No. 05-1172C. The sole argument asserted by Defendant in support of the Motion for Summary Judgment was accord and satisfaction. Motion pages 8-12. Both at pages 8-12 and pages 4-5 of the Motion, the Government set forth its position with respect to the "Statement of Work", the agreements allegedly reached and the purported accord and satisfaction language. Thus, the Government either made or could have made all arguments concerning these issues. The Government should not be given another bite at the apple under the guise of replying to Plaintiff's Surreply.

Further, Plaintiff's October 12, 2007 Opposition addressed Defendant's accord and satisfaction argument in detail. Opposition pages 2-18. The Opposition and accompanying Declaration of Mr. Keeney stated the Joint Venture's position with respect to several issues, including: (1) the statements made by the Contracting Officer's representative at the December 13, 2001 meeting (2) the Joint Venture's interpretation of those statements as creating a material

term of the modification (3) the discussions between Mr. Blackburn and Mr. Keeney a day or so before executing the Modification[1] and (4) the fact that there was never any discussion, or agreement, between the Joint Venture and the Corps of Engineers that the issuance of the Modification would be delayed for five and one half months, or that the Corps would not make a determination with respect to the bolt hole size until after the JV demonstrated compliance with the L/600 requirement for the panels.

In its Reply dated October 29, 2007, the Government attempted to address arguments (1) and (2) above. Reply pages 7-10. The arguments in Defendant's proposed Reply to Plaintiff's Surreply at pages 2-4 are nothing more than a rehash of the arguments it made at pages 7-10 of its Reply.[2]

In addition, Plaintiff's Motion for Leave to file a Surreply was properly granted because defendant raised a new argument in support of its Motion for Summary Judgment, *i.e.* the parol

---

1 Mr. Blackburn's declaration only establishes that there are disputed issues of material fact with respect to what occurred prior to the issuance of the Modification.

2 Those arguments are still without merit. First, though Plaintiff included only a few documents, there are literally scores of documents that establish that the Government insisted on strict compliance with the impossible specified pressure test requirement. It is clear that the Government did not fulfill the promise of the leniency which the Joint Venture relied upon in executing Modification P00009. Second, the Government's new attempt to parse the "agreements reached in the referenced meeting" language to include only the "Resolutions" stated in the meeting is meritless. Directly above the Resolution at issue, the following statement is ascribed to Mr. Roach "We need to collectively resolve this issue." Further, a number of the other "Resolutions" contain no agreement at all but rather call for further action such as with respect to the emergency generators where the Resolution states "This issue will be resolved in the safety guidelines and the electrical design." Also under Item V b the Resolution states "This item was not discussed in detail. COE to consider once concrete design for DSB Type A has been accepted. This will require attention in a future meeting." Finally, even if the Court were to accept this argument it would only serve to buttress Plaintiff's argument that there was never any discussion, or agreement between the Joint Venture and the U.S. Army Corps of Engineers at any time that the issuance of Modification P00009 would be delayed for five and one half months or that the Corps would not make a determination with respect to the bolt hole size until after the Joint Venture demonstrated compliance with the L/600 requirement for the panels.

evidence rule. Here, Plaintiff did not raise a new argument in its Surreply. Accordingly the Government should not be permitted to file a reply thereto. *Pehr v. Rubbermaid, Inc.*, 87 F.Supp.2d 1222, 1237 (D. Kan. 2000) (motion to file surreply denied where defendant did not raise a new argument or theory in support of its motion for summary judgment).

In short, the Government in its zeal to have the "last word" has done nothing more than restate or rehash specious arguments. As such, the Court should deny Defendant's Motion for Leave to Reply to Plaintiff's Surreply in further Opposition to Defendant's Summary Judgment Motion, and strike Defendant's Reply.

Dated: December 31, 2007

Respectfully submitted,

/s/ Brian Cohen
Brian Cohen
BELL BOYD & LLOYD LLP
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300
Attorney for Plaintiff A.A.B Joint Venture

Of Counsel:

Lawrence M. Prosen
Philip Clark Jones
BELL BOYD & LLOYD, LLP
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300

**CERTIFICATE OF SERVICE**

I, Brian Cohen, hereby certify under penalty of perjury that the foregoing Plaintiff's Opposition to Defendant's Motion for Leave to Reply to Plaintiff's Surreply in further Opposition to Defendant's Motion for Summary Judgment will be served automatically via "shalom.brilliant.usdoj.gov" upon ECF filing this 31st day of December, 2007 upon:

Shalom Brilliant, Esq.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

/s/ Brian Cohen
Brian Cohen