# In the United States Court of Federal Claims

No. 04-1719 C, No. 05-114 C, No. 05-1172 C, and No. 06-49 C
(CONSOLIDATED)

(Filed: January 11, 2008)

| | |
|---|---|
| ************************************ | |
| **A.A.B JOINT VENTURE,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ************************************ | |

**ORDER**

On September 11, 2007, Defendant filed a combined motion to dismiss and motion for summary judgment in Case No. 05-1172. Plaintiff filed its response to Defendant's motion on October 12, 2007, and Defendant filed its reply on October 29, 2007. On November 9, 2007, Plaintiff filed a motion for leave to file a surreply, on the basis that Defendant had raised a new issue regarding the parol evidence rule for the first time in Defendant's reply brief. An order granting the motion for leave was entered on December 3, 2007, and Plaintiff filed its surreply on December 7, 2007. Now before the Court is Defendant's Motion for Leave to File Defendant's Reply to Plaintiff's Surreply in Further Opposition to Defendant's Summary Judgment Motion, filed on December 13, 2007.

In the present motion for leave, Defendant asserts that a reply to Plaintiff's surreply is warranted because Plaintiff raised the issue of the applicability of the parol evidence rule to non-integrated agreements for the first time in its surreply. Def.'s Mot. for Leave at 1. According to Defendant, "[t]he question of integration was not previously raised." *Id.* at 2. However, while the word "integration" has not been used by the parties previously, both parties have quoted and thoroughly discussed the same portions of the same documents in regard to whether they should be found to require a promise of leniency to be read into the contract. *See, e.g.*, Pl.'s Resp. at 13; Def's Reply at 8-9; Pl.'s Surreply at 1-2. This, of course, is an on-going argument concerning whether the contract was integrated. *See, e.g., Turner v. Department of Homeland Security*, 121 Fed.Appx. 852, 853 (Fed. Cir. 2005) (citing Restatement (Second) Contracts § 209 (1981)). For example, in Plaintiff's surreply, Plaintiff quotes meeting minutes regarding Contract Modification P9 and the Declaration of Mr. Stephen Denison Keeney, a representative of Plaintiff, in an attempt to show that a promise of leniency should be "incorporated" into the

contract. Pl.'s Surreply at 2. These same quotations are discussed in Plaintiff's response brief (Pl.'s Resp. at 13-14), giving Defendant a fair opportunity to have responded to these arguments in its reply brief. Indeed, Defendant's reply brief does address Plaintiff's arguments concerning the meeting minutes and references Mr. Keeney's declaration. Def.'s Reply at 9. Thus, the fact that Plaintiff now phrases its argument as one of "integration" rather than using the more generic term "incorporation," does not mean that Plaintiff has raised a new issue.

Since the Rules of the Court of Federal Claims (RCFC) do not provide for the filing of replies to surreplies, such documents could only be filed by leave of the judge. Here, Defendant has not demonstrated any convincing reason to persuade the Court to grant such leave. At some point, briefing on motions must end. Accordingly, Defendant's Motion for Leave to File Defendants Reply to Plaintiffs Surreply in Further Opposition to Defendants Summary Judgment Motion is DENIED.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge